*Third Amended Complaint*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 04 2021

JEFFREY P. COLWELL
CLERK

Civil Action No.   21 - CV - 00010 - GPG

(To be supplied by the court)

Dzhokhar Tsarnaev , Plaintiff

v.

See attached ,

_____ ,

_____ ,

_____ , Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## PRISONER COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

Dzhokhar Tsarnaev, 95079038, U.S. Penitentiary Max, P.O. Box 8500

Florence, CO 81226-8500

(Name, prisoner identification number, and complete mailing address)

_____

(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____  Pretrial detainee

____  Civilly committed detainee

____  Immigration detainee

____  Convicted and sentenced state prisoner

✓  Convicted and sentenced federal prisoner

____  Other: (*Please explain*) _____

## B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:  Merrick Garland, Attorney General

(Name, job title, and complete mailing address)

U.S. DOJ, 950 Pennsylvania Ave. N.W. Washington, DC 20530-0001

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  ✓ Yes ____ No (*check one*).  Briefly explain:

See attached

_____

Defendant 1 is being sued in his/her ____ individual and/or ✓ official capacity.

Defendant 2: Michael Carvajal, Director of the Federal BOP
(Name, job title, and complete mailing address)

Federal BOP, Office of the Director, 320 First Street, N.W.
Washington DC, 20534

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

See attached

Defendant 2 is being sued in his/her ___ individual and/or ✓ official capacity.

Defendant 3: Barb von Blanckensee, Regional Director, North Central Region
(Name, job title, and complete mailing address)

Federal BOP, North Central Regional Office, 400 State Avenue, Tower II, Suite 800, Kansas City, KS 66101

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

See attached

Defendant 3 is being sued in his/her ___ individual and/or ✓ official capacity.

## C.   JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

____   42 U.S.C. § 1983 (state, county, and municipal defendants)

✓   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

____   Other: (*please identify*) _____

**D.     STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action.  For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim.  You do not need to cite specific legal cases to support your claim(s).  If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s).  Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: Defendants Garland, BOP, and John Does 1 through 20 are violating my First Amendment right by restricting my outgoing correspondence and Familial Association.

Supporting facts:

1) In August 2013, I was placed under SAMs based on my "proclivity for violence."

2) Pursuant to 28 C.F.R. § 501.3, SAMs may be imposed only at the direction of the Attorney General and, upon that direction, authorization to the Warden by the Director of the BOP, upon written notification "that there is substantial risk that a prisoner's communications or contacts with persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of death or serious bodily injury to persons."

3) Pursuant to 28 C.F.R. § 501.3, SAMs "may include housing the inmate in administrative detention and/or limiting certain privileges including but not limited to, correspondence, visiting, interviews with representatives of the news media, and use of the telephone, as is reasonably necessary to protect persons against the risk of acts of violence or terrorism."

(see attached)

4

**E.    PREVIOUS LAWSUITS**

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ____ Yes ✓ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):                    _____

Docket number and court:                   _____

Claims raised:                             _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)  _____

Reasons for dismissal, if dismissed:        _____

Result on appeal, if appealed:              _____


**F.    ADMINISTRATIVE REMEDIES**

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

          ✓ Yes ____ No (*check one*)

Did you exhaust administrative remedies?

          ✓ Yes ____ No (*check one*)

## G.      REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

I request that this Court enter judgement in my favor and against the Defendants, and grant me the following relief:

a) An order requiring Defendants to remove restrictions upon my ability to send photographs and hobby craft to my family and to my attorneys.

(see attached labeled G. Request for Relief)


## H.      PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dzhokhar Tsarnaev
(Plaintiff's signature)

5|25|21
(Date)


(Form Revised December 2017)

6

Case No. 21-CV-00010-GPG

Dzhokhar Tsarnaev, Plaintiff

V.

Merrick Garland, Attorney General of the United States,

Michael Garvajal, Director of the Federal Bureau of Prisons,

Barb von Blanckensee, Regional Director, North Central Region,

Federal Bureau of Prisons, ADX-Max,

B. True, Warden, United States Penitentiary-Administrative Maximum,

A. Tuttoilmondo, Unit Manager, ADX-Max,

John Does 1 through 20, Defendants.

Case No. 21-cv-00010-GPG

B. Defendants Information

Defendant 1: Merrick Garland is the Attorney General of the United States. At all relevant times, Garland and his predecessors as Attorney General have had decision making authority regarding the placement, transfer, and treatment of prisoners within the system operated by the Bureau, as well as the power to direct the imposition, renewal and maintenance of SAMs affecting prisoners within the custody of the Bureau pursuant to 28 C.F.R. § 501.3. Garland is being sued in his official capacity.

Defendant 2: Michael Carvajal is the Director of the Bureau. At all relevant times, Carvajal and his predecessors as Director have had senior supervisory and decision making authority over the operations of the Bureau and the placement, transfer, and treatment of prisoners in the custody of the Bureau, as well as the authority to implement SAMs. Carvajal is being sued in his official capacity.

Defendant 3: Barb von Blanckensee is the Director of the North Central Region of the Bureau. At all relevant times, Blanckensee and her predecessors as Regional Director have had senior supervisory and decision making authority over operations of the facilities located within the North Central Region, including the ADX, and the placement, transfer, and treatment of prisoners in the custody of institutions located within the North Central Region. Blanckensee is being sued in her official capacity.

Defendant 4: Federal Bureau of Prisons (BOP) is an agency of the United States that is responsible for the administration of federal prisons, including ADX. The BOP maintains physical custody of the Plaintiff. The BOP is being sued in its official capacity.

Case No. 21-cv-00010-GPG

B. Defendants Information

Defendant 5: B. True is the Warden of the ADX facility. At all relevant times, True and his predecessors as Warden have had senior supervisory and decision making authority over the operations of the ADX facility, including the institutional Step-down Unit Program operated therein, and the treatment of prisoners incarcerated at the ADX facility, including the authority to implement SAMs with regard thereto.

Complete Mailing Address: U.S. Penitentiary, P.O. Box 8500, Florence, CO 81226-8500.

B. True is being sued in his official capacity.

Defendant 6: A. Tuttoilmondo is the Unit Manager of H-unit and oversees all unit programs and activities. Tuttoilmondo reviews team decisions and is ordinarily present during initial prisoner classification and subsequent program reviews. H-unit houses all SAMs inmates including the Plaintiff.

Complete Mailing Address: U.S. Penitentiary, P.O. Box 8500, Florence, CO 81226-8500.

A. Tuttoilmondo is being sued in her official capacity.

Defendant 7: John Does 1 through 20 are one or more individuals, agencies, offices, or task forces associated, upon information and belief, with the United States Department of Justice, federal law enforcement agencies, or agencies of the United States intelligence community with authority to implement or direct the implementation of SAMs pursuant to 28 C.F.R. § 501.3.

John Does 1 through 20 are being sued in their official capacity.

Case No. 21-CV-00010-GPG

P. 4

## D. Statement of Claims

### Claim One Continued:

4) Pursuant to 28 C.F.R. § 501.3, SAMs may not be imposed for a period of longer than one year, though they may be extended in one-year increments thereafter by the Director of the BOP upon receipt of written notification from the Attorney General or, at the Attorney General's direction, from the head of a federal law-enforcement agency or the head of a member agency of the U.S. intelligence community, "that there continues to be a substantial risk that the inmate's communications or contacts with other persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of serious bodily injury to persons."

5) The SAMs imposed upon me have been continually renewed on an annual basis since their imposition in August 2013, each year with new modifications.

6) In August 2019, the SAM was modified to include, as a "Basis for Special Administrative Measures," the false claim that I "attempted to send prison yard photos to your sister in the month of April 2019." As a result, I was and am still, prohibited from sending photographs to my family via non-legal mail or to my attorneys via legal-mail.

7) I did not attempt to send photographs to my sister, rather, I successfully sent photographs, with the FBI approval, to my sister. In fact, I did so on two occasions, one of the times, in April 2019.

Case No. 21-CV-00010-GPG

P.5

## D. Statement of Claims

8) Since my confinement by the Bureau, all of my incoming and outgoing non-legal mail has been subject to review and approval as provided for in Bureau policies regarding inmate communications. Additionally, all such mail has been subject to monitoring, copying, and translating by SIS (The Bureau's internal intelligence department) and the FBI prior to its being sent or delivered to me.

9) The Defendants falsely characterized my action as an attempt to circumvent the SAM, in order to justify their infringement on my First Amendment right to correspondence and familial association.

10) Previous versions of the SAMs in effect from August 2013 until August 2018 did not prohibit me from sending photographs to my family.

11) Defendants are censoring and restricting my correspondence to a degree greater than is necessary to the protection of the government interests of security, order, and rehabilitation.

12) Defendants are censoring and restricting my correspondence to a degree greater than is necessary to protect persons against the risk of acts of violence or terrorism.

13) As a result of the Defendants' prohibition against me sending photographs to my family, I am suffering psychological injury, emotional distress, and destruction of my familial relationships.

Case No. 21-CV-00010-GPG

P.5

## D. Statement of Claims

14) Defendants are censoring and restricting my outgoing correspondence to a degree not consistent with the restrictions applicable to other high security inmates placed under SAMs.

15) Defendants Garland and John Does 1 through 20 produced the lie along with the prohibition that violates my First Amendment rights.

16) BOP violates my First Amendment rights to correspondence and familial association by implementing the SAM.

Case No. 21-cv-00010-GPG

P.7

## D. Statement of Claims

Claim Two: Defendants AG Garland, BOP, John Does 1 through 20 are violating my First Amendment right by restricting my correspondence.

17) Paragraphs 1 through 8 are incorporated herein by reference.

18) In August 2019, the SAM was modified with a prohibition against me sending any hobby crafts or photographs via non-legal mail.

19) On September 5, 2019, while I was still unaware of the recently modified SAM and the prohibition against me sending any hobby crafts, I successfully sent out a package of hobby crafts, with the FBI approval, to a legal contact via non-legal/social mail.

20) On September 30, 2019, the SAM was modified again with a prohibition against me sending any hobby crafts or photographs via legal mail.

21) Previous versions of the SAMs in effect from August 2013 until August 2018 did not prohibit me from sending hobby craft to my family or to my attorneys.

22) On November 4, 2019, a package of hobby crafts that I attempted to send to my attorney was denied by the FBI as it violated the provisions in the SAM prohibiting me from sending hobby crafts.

23) The inclusion of this provision and its application by the Defendants is arbitrary and capricious.

Case No. 21-CV-00010-GPG

P.8

## D. Statement of Claims

24) My conduct of attempting to gift craft items to people I care about, including members of my legal team, is well established mitigation under Skipper v. South Carolina.

25) Constructive behavior by me during my incarceration is an aspect of ongoing mitigation that is relevant and admissible at any new sentencing proceeding.

26) The Defendants are violating my First Amendment right by restricting, severing and interfering with my constitutionally protected conduct of mailing mitigating evidence to members of my legal team.

27) Defendants are interfering with the ongoing development of mitigating evidence.

28) Defendants are interfering with the ongoing development of the relationship between me and my capital counsel. Moreover, in a capital case, given all of the deep mitigation work involved, the attorney-client relationship is especially important.

29) Defendants are censoring and restricting my correspondence to a degree greater than is necessary to the protection of the government interests of security, order, and rehabilitation.

30) Defendants are censoring and restricting my correspondence to a degree greater than is reasonably necessary to protect against the risk of acts of violence or terrorism.

## D. Statement of Claims

Claim Three: Defendants AG Garland, BOP, John Does 1 through 20 are violating my First Amendment right by restricting my correspondence, severing my familial association, and violating my Eighth Amendment right to protection from cruel and unusual punishment.

31) Paragraphs 1 through 16 are incorporated herein by reference.

32) In August 2017, the SAM was renewed. The renewed SAM allows me to have non-legal visits with my nieces and nephews, but does not allow me to have calls or to correspond with them by mail.

33) This prohibition remains in place in the 2020 version of the SAM.

34) I have requested for the restriction to be lifted and for the SAM to be modified, but my request to have calls and mail correspondence with my nieces and nephews, all of whom are young children, was denied.

35) BOP policy states that inmates at ADX "have the right to visit and correspond with family members and friends... in keeping with Bureau rules and institution guidelines," ADX Admission and Orientation Handbook.

36) Defendant BOP is violating its policy by implementing this provision of the SAM that violates my First Amendment right to correspondence and familial association.

37) I am allowed to speak to my parents and sisters by phone twice a month. My phone calls can be terminated if my nieces and nephews address me in any kind of way.

## D. Statement of Claims

38) This restriction is a violation of the Eighth Amendment protection against cruel and unusual punishment, that has resulted in great harm and injury, as well as psychological and emotional distress to me and my family.

39) As described in paragraph 8, all of my non-legal mail and correspondence is subject to monitoring by SIS and the FBI. Likewise, my calls and mail with my nieces and nephews could be monitored, just as it is for my parents and sisters.

40) Defendants are censoring and restricting my correspondence to a degree greater than is necessary to the protection of the governmental interests of security, order and rehabilitation.

41) Defendants are censoring and restricting my correspondence to a degree greater than is reasonably necessary to protect persons against the risk of acts of violence or terrorism.

42) The First Amendment right of association includes the specific right to associate with family members and engage in family relationships.

43) I have a right under the First Amendment to associate with and engage in family relationships with all members of my family, not just those "immediate family members" described in the SAM.

44) In particular, I have a First Amendment right to associate by phone and mail with my nieces and nephews.

45) The SAMs infringe on my right to associate with my family, and this infringement is not reasonably related to any legitimate penological interest.

Case No  21-CV-00010-GPG

P.11

## D. Statement of Claims

Claim Four: Defendants AG Garland and John Does 1 through 20 are depriving me of rights without due process of law in violation of the Fifth Amendment.

46) Paragraphs 1 through 45 are incorporated herein by reference.

47) In August 2020, the SAM was renewed and modified. Included under the heading "Basis for Special Administrative Measures," is the following statement: "In April 2020, you were provided with a protective mask as a result of the CoVID-19 pandemic. When officers went to retrieve the mask, it was missing its metal nose piece and had yet to be located despite a search of your cell."

48) In April 2020, I was issued an incident report for tampering with government property because the face mask that I was provided was missing its metal nose piece. After a brief investigation, prison authorities determined that the face mask was manufactured without a metal nose piece, and so, the charge was dismissed.

49) The Defendants' inclusion of this incident in the SAM is most deceptive, especially since it is part of the foundational make up of the "basis" for the SAMs, and is used as a justification to deprive me, as described in paragraphs 1 through 45, of rights afforded to me by the constitution.

50) The due process offered to me by the BOP through the inmate discipline process, is then disregarded by the Defendants, and my Fifth Amendment right to due process is violated with the inclusion of this incident in the SAM.

Case No.  21-CV-00010-GPG

P. 12

## D. Statement of Claims

51) Pursuant to 28 C.F.R. § 501.3. SAMs may not be imposed for a period of longer than one year, though they may be extended in one-year increments thereafter by the Bureau Director upon receit of written notification from the Attorney General or, at the Attorney General's direction, from the head of a federal law enforcement agency or the head of a member agency of the United States intelligence community, "that there continues to be a substantial risk that the inmate's communications or contacts with other persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of serious bodily injury to persons."

52) The inclusion of this incident in the SAM satisfies the Defendants' need to prove that my communications fit the criteria described in paragraph 51 and thereby, justify or substantiate the implementation or renewal of the SAMs designations.

53) My requests for modification of the SAM have been rejected.

54) As a result of the imposition of the SAMs restrictions, I have experienced continued, extreme, and unjustifiable difficulties communicating and corresponding with family members and attorneys. All such deprivations being without the due process of law in violation of the Fifth Amendment.

Case No. 21-CV-00010-GPG

P. 13

## D. Statement of Claims

Claim Five: Defendants Carvajal, Blanckensee, True and BOP are violating the Due Process Clause of the Fifth Amendment by seizing my monetary funds.

55) The Due Process Clause of the Fifth Amendment provides that "no person shall... be deprived of life, liberty, or property, without due process of law." U.S. Constitution.

56) As of March 1, 2021, the Defendants have placed an administrative hold on over 2,300 dollars of the monetary funds in my trust fund account.

57) The freezing of my funds effectively subjects me to an atypical and significant hardship in relation to the ordinary incidents of prison life.

58) This money is made unavailable to me because it was sent to me by people who are not listed in the SAMs.

59) While the SAM restricts my communications, funds are not communications within the meaning of my SAM, and in the past nobody has treated them as prohibited communications.

60) The seizure of my funds violates the order in the SAM that reads, "The Director, Office of Enforcement Operations, Criminal Division, may modify your SAM as long as any SAM modification authorized by OEO; i) Does not create a more restrictive SAM."

61) The Defendants' seizure of my funds effectively makes the SAM more restrictive.

62) Nobody can reasonably conclude that my receiving funds could result in harm to any persons or property.

Case No. 21-cv-00010-GPG

P. 14

## D. Statement of Claims

63) The seizure of my funds is arbitrary and capricious and without legitimate penological purpose or justification.

64) I have exhausted the administrative remedy procedure concerning this due process violation but was denied relief at every level.

Case No. 21-CV-00010-GPG

P.15

## D. Statement of Claims

Claim Six: Defendant Tuttoilmondo is violating Bureau Policy, Abusing her discretion and seizing my property all in violation of the Due Process Clause of the Fifth Amendment.

65) On July 10, 2019, I was issued a Confiscation and Disposition of Contraband form that listed two items as Contraband: A white baseball cap and a bandana.

66) In 2015, upon my arrival to the ADX, I purchased, from commissary, the white baseball cap and the aztec red bandana. I wore these items for four years, without objection, to ward off the summer heat.

67) Correctional Officer, D. Averitt, was ordered to confiscate my baseball cap and bandana while I was being escorted from the recreation yard to my cell.

68) I was later informed by the Unit Manager, A. Tuttoilmondo, that she confiscated my hat because by wearing it, I was, "disrespecting the FBI and the victims in your case. And you know this," she asserted. The Defendant brought along Oliver, the Language Specialist, to serve as her witness.

69) The Defendant is using her position of authority to violate my right to fair and impartial treatment afforded to me in the ADX Florence Inmate Admission and Orientation Handbook that states, "You have the right to expect that you will be treated in a respectful, impartial, and fair manner by all staff."

Case No. 21-cv-00010-GPG

P. 16

# D. Statement of Claims

70) The Defendant's classification of my baseball cap and red bandana as contraband is a violation of Bureau Policy that states in the Orientation Handbook, "Items possessed by an inmate ordinarily are not considered to be contraband if... the item was purchased by the inmate from the commissary, purchased or received through approved channels... Contraband includes material prohibited by law, or by regulation, or material which can be reasonably expected to cause physical injury or adversely affect the security, safety, or good order of the institution."

71) The Defendant's assertion that I wore the baseball cap intending to disrespect the FBI and the victims in my case is false, baseless and in violation of Bureau Policy.

72) I don't expect to be treated impartially and fairly by the Defendant, rather, the seizure of my property has caused me anxiety and stress, effectively subjecting me to an atypical and significant hardship in relation to the ordinary incidents of prison life.

73) Furthermore, the seizure of my property could be used against me as a character reference and adversely affect me in my capital case.

74) My baseball cap and bandana cannot be reasonably expected to cause physical injury or adversely affect the security, safety, or good order of the institution and in the four years that I maintained possession of the baseball cap and bandana, there was no physical injury or adverse affect to the institution.

75) I have exhausted the administrative remedy procedure concerning this due process violation but was denied relief at every level.

Case No. 21-CV-00010-GPG

P. 17

# D. Statement of Claims

Claim Seven: Defendants BOP, Warden True, John Does 1 through 20 are violating my Fifth Amendment right by depriving me of a liberty interest without the due process of law. Abuse of Discretion and failure to abide by procedure and Bureau Policy.

76) In July 2015, I was transferred to H-unit.

77) H-unit is one of the most restrictive units at ADX and contains only inmates who are subject to SAMs.

78) In 2008, ADX promulgated a step-down program for H-unit, which provides for three one-year "phases" through which an inmate, through good behavior, may earn greater priveleges and less restrictive conditions of confinement with H-unit.

79) Phase One is a baseline phase that is most restrictive. Phase One inmates are permitted two non-legal phone calls per month and escorted shower time on the inmate's range three times a week.

80) Phase Two inmates are allowed three non-legal phone calls per month and unescorted showers every day of the week.

81) Consideration for advancement within the H-unit Special Security Program includes such factors as "Safety concerns, length of sentence, disciplinary record, history of assaultive and disruptive behavior, and escape potential." In addition, "sanitation, willingness to participate in or cooperate with institutional programs or procedures, interaction with other inmates as well as positive rapport with staff are elements that will be used to evaluate placement in each phase."

Case No. 21-CV-00010-GPG

P.18

## D. Statement of Claims

82) Based upon these factors, the H-unit Review Committee makes an evaluation every six months as to whether each inmate within the H-unit Special Security Program is qualified to advance to the next phase.

83) I have satisfied all requirements for my progression into Phase Two but have been continuously denied.

84) On May 14, 2020, I was denied advancement to Phase Two by the Review Committee and was informed by the Unit Manager that I was denied because I did not participate in institutional programs.

85) After providing the Review Committee documents showing that I satisfied all of the requirements, I was evaluated by the Committee but was denied, again.

86) On June 26, 2020, I was denied advancement to Phase Two. This time, I was informed by Warden True that he rejected my Phase Two advancement because of my "demeanor," but he refused to elaborate when I asked him what that meant and what I could do to mitigate the reasons for my indefinite Phase One status, but only said to me "show me,"

87) I was told by a Review Committee member that the Warden wanted me to smile at him and be courteous when he makes his weekly rounds.

88) Defendant True is abusing his discretion and violating Bureau Procedural Policy, specifically the H-unit Special Security Program, by subjecting me to indefinite confinement under the most restrictive conditions.

Case No. 21-CV-00010-GPG

P.19

## D. Statement of Claims

89) Defendant True is subjecting me to an atypical and significant hardship in relation to the ordinary incidents of prison life.

90) Defendant BOP promulgated a step-down program for H-unit that subjects me to abuse. The conditions of confinement to which I have been and continue to be subjected to constitute an atypical and significant hardship.

91) I have a liberty interest in avoiding indefinite confinement under the conditions to which I am being subjected at the ADX, which interest is protected by the Fifth Amendment but is being violated by Defendants BOP and True.

92) In the hope of being advanced to Phase Two, I have fully cooperated with the Review Committee to participate in educational, recreational and psychology programs as required by the unit team for a normal ADX inmate to advance to the next step-down level. I even managed to get a job as the orderly, cleaning and maintaining the recreation yard.

93) On December 17, 2020, I was denied placement into Phase Two by the Review Committee because of "security concerns,"

94) Upon information and belief, I was denied advancement to Phase Two by one or more individuals, groups of individuals, agencies, offices, or task forces associated with the United States Department of Justice, federal law enforcement agencies, or agencies of the United States intelligence community, whose identities are unknown. These individuals are joined in this complaint as Defendants John Does 1 through 20.

Case No. 21-CV-00010-GPG

P. 20

D. Statement of Claims

95) The conditions of confinement to which I am being subjected by Defendants John Does 1 through 20 at the ADX constitute an atypical and significant hardship.

96) I am being deprived by Defendant John Does of any opportunity to avoid indefinite confinement under the conditions to which I am being subjected at the ADX, such deprivation being without due process of law in violation of the Fifth Amendment.

97) I am entitled to implementation of and assignment to a step-down or other program through which I have a reasonable prospect of earning and advancing to less restrictive conditions of confinement within the custody of the Bureau, according to reasonable specified criteria consistent with legitimate penological interests, such advancement not to be denied or delayed without adequate and reasonable notice of and opportunity to be heard regarding the reasons for such denial or delay.

Case No. 21-CV-00010-GPG

P. 21

# G. Request for Relief

b) An order requiring the Defendants not to violate my right to Familial Association and to allow me to speak to my nieces and nephews by phone and to correspond by mail.

c) For a declaration that the acts and omissions described herein are in violation of my right to procedural protections under the Due Process Clause of the Fifth Amendment.

d) A declaration that I have been and am being deprived by Defendants of my liberty interest in avoiding indefinite confinement under the conditions constituting an atypical and significant hardship, such deprivation being without due process of law in violation and contravention of the Fifth Amendment.

e) An order requiring Defendants to advance me to Phase Two.

f) An order requiring Defendants to remove the administrative hold on my funds

g) An order requiring Defendants to return to me my baseball cap and bandana.

h) A declaration that the acts and omissions described herein are in violation of my right under the Eighth Amendment to be free from cruel and unusual punishments.

i) A permanent injunction ordering Defendant Garland to remove the SAMs from me and prohibiting Defendant Garland or future Attorneys General from re-imposing SAMs on me.

LM 21-95019.018-0321-no-034

Office of the Clerk
United States District Court
901-19th Street, Room A105
Denver, CO 80294-3589

