**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 21-cv-00010-LTB-GPG

DZHOKHAR TSARNAEV,

    Plaintiff,

v.

MERRICK GARLAND, Attorney General of the United States,
MICHAEL CARVAJUL, Director of the Federal Bureau of Prisons,
BARB VON BLANCKENSEE, Regional Director, North Central Region,
B. TRUE, Warden, ADMAX,
A. TUTTOILMONDO, Unit Manager, ADMAX, and
JOHN DOES 1-20,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter comes before the Court on the Third Amended Prisoner Complaint (ECF No. 11) filed *pro se* by Plaintiff Dzhokhar Tsarnaev. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 13).[1] The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. This

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

1

Magistrate Judge respectfully recommends that the Prisoner Complaint be dismissed in part.

## I. Background

Plaintiff, Dzhokhar Tsarnaev, is in the custody of the Federal Bureau of Prisons and is currently incarcerated at Florence ADMAX in Florence, Colorado. He initiated this action on January 4, 2021 by filing pro se a Prisoner Complaint. (ECF No. 1). Following numerous orders from the Court, Plaintiff paid the filing fee (ECF No. 6) and submitted a Third Amended Prisoner Complaint (ECF No. 11), which is the operative pleading.

In the Third Amended Prisoner Complaint, Plaintiff states that in August 2013, he was placed under Special Administrative Measures ("SAMs") because of his proclivity for violence. (ECF No. 11 at 4). Plaintiff asserts seven claims based on the SAMs and the conditions of his confinement.

In claim one, Plaintiff asserts a First Amendment claim based on Defendants Garland, BOP, and John Does 1-20 restricting his outgoing correspondence and familial association. According to Plaintiff, in August 2019, the SAMs imposed against him were modified to prohibit him from sending photographs. Plaintiff states that the new restriction was imposed because it was falsely alleged that he attempted to send photographs of the prison yard to his sister in April 2019. Plaintiff alleges that he did not "attempt" to send photographs to his sister but rather successfully did send photographs to his sister with FBI approval. (ECF No. 11 at 10).

Claim two is also a First Amendment claim against Defendants Garland, the BOP, and John Does 1-20 for restricting his correspondence. Plaintiff alleges that in

August 2019, the SAMs imposed against him were modified to prohibit him from sending any hobby crafts or photographs via non-legal mal.  On September 5, 2019, while he was unaware of the modification, he successfully sent out correspondence, with FBI approval, which included a hobby craft to a legal contact via non-legal/ social mail.  On September 30, 2019, the SAMs were modified again to prohibit sending any hobby crafts or photographs via legal mail as well.  According to Plaintiff, his attempt to gift craft items to his legal team and other people affects the mitigation at any future sentencing proceeding.

      In claim three, Plaintiff asserts a First Amendment claim and Eighth Amendment cruel and unusual punishment claim against Defendants Garland, BOP, and John Does 1-20 for restricting his correspondence and severing his familial associations.  According to Plaintiff, in August 2017, his SAMs were renewed.  The renewed SAMs allow him to have non-legal visits with his nieces and nephews, all of whom are young children, but prohibits any telephone or mail correspondence with them.  This prohibition remains in place in the 2020 renewed SAMs.

      For claim four, Plaintiff asserts a Fifth Amendment Due Process claim against Defendants Garland and John Does 1-20.  According to Plaintiff, in August 2020 the SAMs were modified because of an incident report he received in April 2020 that alleged that a face mask that he had been provided was missing the metal nose piece.  After a brief investigation, the charge in the Incident Report was dismissed when prison officials determined the face mask he was given never contained a metal nose piece.  Thus, Plaintiff alleges that the inclusion of this incident as a reason to justify modification of the SAMs violates his due process rights.

Claim five is a Fifth Amendment claim against Defendants Carvajal, Blanckensee, True and the BOP for placing an administrative hold on over $2,300 of the monetary funds in his trust fund account.  Plaintiff alleges that as of March 1, 2021, Defendants have placed a hold on the money in his account because the money was sent to him by people not listed in his SAMs.  According to Plaintiff, the SAMs restrict his communications but do not specifically restrict him from receiving funds.  In the past, Plaintiff alleges that no one treated funds deposited to his trust fund account as "communications."  An order in the SAMs says the SAMs can be modified as long as the modification does not make the SAMs more restrictive.  He alleges the encumbrance of his funds makes the SAMs more restrictive.

In claim six, Plaintiff asserts a Fifth Amendment seizure of property claim against Defendant Tuttoilmondo.  Plaintiff alleges that on July 10, 2019, he was issued a confiscation and disposition of contraband form that listed two items of contraband: a white baseball hat and a red bandana.  Plaintiff alleges that he bought those items in 2015 from commissary and wore them for four years, with no problems, to ward off the summer heat.  After the items were confiscated, Defendant Tuttoilmondo came to Plaintiff's cell and told him that she confiscated the items because by wearing the hat, he was disrespecting the FBI and the victims in his case. Plaintiff alleges that the confiscation of these items violated prison policy, which states that items bought at the commissary are not considered contraband.

Finally, in claim seven, Plaintiff asserts a Fifth Amendment due process violation against Defendants BOP, True and John Does 1-20.  According to Plaintiff, Defendants are violating his due process rights by indefinitely confining him in in the most restrictive

phase of H-Unit at ADMAX, which subjects him to atypical conditions of confinement. Plaintiff asserts that he has complied with all requirements to be moved to the next phase at H-unit, which allows a few more privileges.

## II. Standard of Review

The Court construes the Third Amended Prisoner Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Pursuant to D.C.COLO.LCivR 8.1(b)(3) and 28 U.S.C. § 1915A, this Court can review a prisoner's pleadings seeking redress from a governmental entity, officer, or employee to determine if the pleadings should be dismissed summarily. Under § 1915A, the Court must dismiss the Prisoner Complaint, or any portion thereof, that is (1) frivolous, or (2) that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b); *see also Hager v. ICCS Halfway House*, No. CIV.A06CV00446-BNB, 2006 WL 2583093, at *1 (D. Colo. Sept. 5, 2006) (considering claim against community corrections facility under § 1915A). A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

## III. Discussion

Plaintiff's fifth and sixth claims, asserted pursuant to the Fifth Amendment for deprivation of property, are deficient. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due

process of law." U.S. Const. amend. V.  "The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999) (internal quotation marks and citation omitted); *Elliott v. Martinez*, 675 F.3d 1241, 1244 (10th Cir. 2012).  In the prison context, not all deprivations of property are of constitutional magnitude.  The Tenth Circuit has held that a deprivation of property in prison does not implicate "due process protection unless it imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006); *see also Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999); *Clark v. Wilson,* 625 F.3d 686, 691 (10th Cir. 2010) (noting that the "atypical and significant hardship" test in *Sandin* applies to the freezing of a prison trust account).

Next, if the prisoner has been intentionally deprived of a protected property interest, the inquiry turns to whether there is an adequate postdeprivation remedy available for the loss. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that an unauthorized intentional deprivation of property by a state employee does not violate due process if an adequate postdeprivation remedy for the loss is available).  The BOP Administrative Remedy Program allows inmates to seek formal review of an issue relating to any aspect of his or her confinement. *See* 28 C.F.R. §§ 542.10 through 542.19.  Further, the BOP also has an administrative tort claims procedure whereby a federal inmate may file a claim with regard to his damaged or lost property. *See* 28 C.F.R. §§ 543.30 through 543.32.  Plaintiff's Third Amended Prisoner Complaint does not allege that these postdeprivation remedies were inadequate or unavailable to him.

Plaintiff's fifth and sixth claims fail to adequately allege that the deprivation of his property posed an "atypical and significant hardship" that subjected him to conditions much different from those ordinarily experienced by inmates serving their sentences in the customary fashion and that there were no adequate post-deprivation remedies available to him.  Therefore, I recommend that claims five and six be dismissed.

## IV.  Recommendations

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that Claims Five and Six be DISMISSED.  Defendants Carvajal, Blanckensee, and Tuttoilmondo should be dismissed as parties to this action.  It is

FURTHER RECOMMENDED that the remaining claims (Claims One, Two, Three, Four, and Seven) be drawn to a presiding judge and, if applicable, a magistrate judge.

DATED June 23, 2021.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge