**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-00010-MEH

DZHOKHAR TSARNAEV,

      Plaintiff,

v.

MERRICK GARLAND, Attorney General of the United States,
FEDERAL BUREAU OF PRISONS,
B. TRUE, Warden, ADMAX, and
JOHN DOES 1-20,

      Defendants.

---

**MOTION FOR PARTIAL SUMMARY JUDGMENT FOR FAILURE TO EXHAUST**

---

Pursuant to Federal Rule of Civil Procedure 56, Defendants move for partial summary

judgment based on Plaintiff's failure to exhaust his administrative remedies.

**INTRODUCTION**

The Prison Litigation Reform Act requires that an inmate exhaust all administrative

remedies that are available before filing suit. Plaintiff Tsarnaev brings this action alleging claims

challenging certain aspects of his Special Administrative Measures, or "SAMs," pursuant to 28

C.F.R. § 501.3, which have been imposed following a finding that there is a substantial risk

that Tsarnaev's contacts with people outside the prison "could result in death or serious bodily

injury to persons, or substantial damage to property that would entail the risk of serious bodily

injury to persons." Setting aside the substantive flaws in these claims, which are addressed in

Defendants' motion to dismiss, ECF No. 32, Tsarnaev has failed to exhaust his administrative

remedies with respect to Claims 1 and 2, which raise First Amendment claims, and Claim 7, which

raises a procedural-due-process claim concerning Tsarnaev's participation in a certain "phase" of

the SAMs program. Further, to the extent Tsarnaev may be attempting to mount an overall

challenge to the SAMs, he has not exhausted such a claim.

### STATEMENT OF UNDISPUTED MATERIAL FACTS

**I.      Background.**

**A.      Tsarnaev's criminal conduct and SAMs.**

1.      Tsarnaev is incarcerated at the ADX following his convictions for numerous

offenses stemming from his role in bombing the Boston Marathon, in which three persons were

killed and hundreds of others suffered catastrophic injuries. Ex. A, Trujillo Decl. ¶¶ 8-9 & Att. 1 at

2-4; *see also generally United States v. Tsarnaev*, 968 F.3d 24 (1st Cir. 2020).

2.      Tsarnaev is subject to Special Administrative Measures ("SAMs") pursuant to 28

C.F.R. § 501.3, based on a finding that "there continues to be a substantial risk that [his]

communications or contacts with persons could result in death or serious bodily injury to persons,

or substantial damage to property that would entail the risk of serious bodily injury to persons." Ex.

A ¶ 9 & Att. 2 at 1.

**B.      Procedures available to Tsarnaev.**

3.      The Bureau of Prisons ("BOP") has a four-tiered administrative remedy program

for inmate grievances. Ex. A ¶ 3; *see also* 28 C.F.R. §§ 542.10-542.19.

4.      In Step 1, the inmate must attempt informal resolution of his complaint with the

appropriate BOP staff member by filing an Informal Resolution Form ("BP-8"). Ex. A ¶ 3; 28

C.F.R. § 542.13(a).

5.      If no resolution is achieved, the inmate must file an Administrative Remedy Request ("BP-9") within 20 calendar days of the event giving rise to the grievance. Ex. A ¶ 3; 28 C.F.R. § 542.14(a).

6.      If the inmate is not satisfied with the outcome at Step 2, he must file an appeal ("BP-10") to the Regional Director within 20 days. Ex. A ¶ 3; 28 C.F.R. § 542.15(a).

7.      If the Step 3 appeal is unsuccessful from the inmate's perspective, he must file an appeal ("BP-11") to the General Counsel of the BOP within 30 days. Ex. A ¶ 3; 28 C.F.R. § 542.15(a).

8.      The General Counsel has 40 days to respond to the BP-11 appeal, and may extend the response time by 20 days. 28 C.F.R. § 542.18.

9.      Any appeal at Step 2 or Step 3 is strictly limited to the issues raised in the BP-9 Administrative Remedy Request and may not be expanded to other issues. Ex. A ¶ 3; 28 C.F.R. § 542.15(b)(2) ("An inmate may not raise in an Appeal issues not raised in the lower level filings.").

10.     A remedy request or appeal may be rejected at any level. Ex. A ¶ 4; 28 C.F.R. § 542.15(b)(2).

11.     A remedy is not exhausted until an inmate has properly and timely sought review at the institutional, Regional, and Central Office levels of the administrative remedy process. Ex. A ¶ 5.

12.     Since Tsarnaev has been in BOP custody, he has filed no fewer than 39 individual administrative remedies and appeals of those remedies. Ex. A ¶ 10 & Att. 4.

13.     Tsarnaev also has available to him another process by which he can provide

information concerning the possible renewal and/or modification of his SAMs and to discuss

with FBI officials any other issues concerning the SAMs. Ex. A ¶ 15 & Att. 5, Institution

Supplement, FLM 5321.08(3)A, *Special Security Unit (H-Unit)* (Oct. 21, 2021), ¶ 3.B.

14.     Tsarnaev is allowed to provide written comments and to meet in person with FBI

officials in connection with the assessment of whether or not his SAMs will be renewed. *See id.*

**II.     Any claim seeking removal and prohibiting reimposition of SAMs: Not exhausted.**

15.     Although not pled as a separate claim, Tsarnaev contends that the SAMs, as a

whole, violate the First Amendment and should be removed and never reimposed. Third Amended

Complaint, ECF No. 11 ("TAC") at p. 27, subparagraph i (seeking permanent injunction requiring

removal and preventing reimposition of SAMs).

16.     Tsarnaev has not filed any administrative remedy or appeal claiming that the SAMs

should not have been imposed, or seeking the removal of the SAMs in their entirety. Ex. A ¶¶ 13-

14.

17.     In 2019, 2020, and 2021, Tsarnaev did not participate in the process that allows him

to provide information in connection with the Department of Justice's assessment of whether his

SAMs should be renewed. *Id.* ¶ 15.

18.     In 2019, Plaintiff declined to meet with FBI officials to discuss the possible

renewal or modification of his SAMs. *Id.* ¶ 16.

19.     In 2019, Plaintiff provided this written comment to FBI officials in connection

with the assessment of whether his SAMs should be renewed:

> A marine biologist is telling his friends about a new discovery he's made about
> whales.  "Whales," he says, "can speak to each other from 300 miles away."  A
> friend asks, "What do you think they're saying to each other?"  "I'm not entirely
> sure," says the biologist, "but it sure sounds like they're saying, "Caaaannn

yooouuu stiiiiilllll heeeeaaar meeeee?" My recommendation is that you should take me off SAMs.

*Id.* & Attachment 6, 5/1/2019 Memorandum.

20.    In 2020 and 2021, Tsarnaev declined to meet with FBI officials to discuss the possible renewal or modification of his SAMs. *Id.* ¶ 17.

21.    In 2020 and 2021, Tsarnaev provided no written comments concerning the possible renewal or modification of his SAMs. *Id.*

**III.    Any claim challenging the SAMs prohibition on mailing photographs: Not exhausted.**

22.    In Claim 1, Tsarnaev alleges that the SAMs violate his First Amendment rights by prohibiting him from mailing photographs of himself to people outside the prison. TAC at pp. 4, 10-12.

23.    Tsarnaev has submitted only one administrative remedy related to this issue.  Ex. A ¶ 18.

24.    Tsarnaev's BP-11 appeal of this remedy at the Central Office level was rejected, and he was notified that he could resubmit the appeal in 15 days. *Id.* ¶ 21.

25.    Tsarnaev did not resubmit the appeal.  *Id.* ¶¶ 21-22.

**IV.    Any claim challenging the SAMs prohibition on mailing hobby crafts: Not exhausted.**

26.    In Claim 2,  Tsarnaev alleges that the SAMs violate his First Amendment rights by prohibiting him from sending items he has crafted to people outside the prison. TAC at pp. 13-14.

27.    Tsarnaev has submitted only one administrative remedy related to this issue.  Ex. A ¶ 23.

28.    Tsarnaev's BP-11 appeal of this remedy at the Central Office level was rejected,

and he was notified that he could resubmit the appeal in 15 days. *Id.* ¶ 26.

29.     Tsarnaev did not resubmit the appeal.  *Id.* ¶¶ 26-27.

**V.     Any claim challenging decisions concerning Tsarnaev's participation in Phase Two of the SAMs program: Not exhausted.**

30.     In Claim 7, Tsarnaev alleges that decisions concerning his participation in Phase Two of the SAMs program violate his right to procedural due process. TAC at pp. 23-26; *see also* Ex. A at Att. 5 ¶ 4 (describing phases of the Special Security Unit Program for SAMs inmates).

31.     Tsarnaev has filed seven administrative remedies related to his complaint concerning participation in Phase Two, but has not completed the exhaustion process for any of them. Ex. A ¶ 28.

**A.     Remedy number 955065: Not exhausted.**

32.     On September 19, 2018, Tsarnaev submitted a BP-9 remedy request in case number 955065 at the institution level after he was removed from Phase Two for attempting to send a letter to his sister that "encouraged and promoted violence against non-Muslims and/or those deemed to be 'kufar,'" and after he attempted to obtain books that promoted violence.  *Id.* ¶ 29.

33.     After the remedy request was denied at the institution level, Tsarnaev did not submit a BP-10 appeal at the Regional level or a BP-11 appeal at the national level. *Id.*

**B.     Remedy number 970290: Not exhausted.**

34.     On March 5, 2019, Tsarnaev submitted a BP-9 remedy request in case number 970290 challenging his removal from Phase Two, which was denied because Tsarnaev was "removed from Phase II due to your activity of communicating with your sisters, which violated the [SAMS] for encouraging acts of violence and terrorism." *Id.* ¶ 30.

35.     After the remedy request was denied at the institution level, Tsarnaev did not

submit a BP-10 appeal at the Regional level or a BP-11 appeal at the national level. *Id.*

**C.      Remedy number 1008399: Not exhausted.**

36.      On February 27, 2020, Tsarnaev submitted a BP-9 remedy request in case number

1008399 challenging the decision not to advance him to Phase Two. *Id.* ¶ 31.

37.      Tsarnaev submitted a BP-10 appeal at the Regional level, which was denied. *Id.*

38.      Tsarnaev did not appeal the denial at the Regional level to the national level. *Id.*

**D.      Remedy number 1015585: Not exhausted.**

39.      On April 23, 2020, Tsarnaev submitted a BP-9 remedy request in case number

1015585 demanding advancement to Phase Two. *Id.* ¶ 32.

40.      Tsarnaev did not appeal the denial to the Regional or national levels. *Id.*

**E.      Remedy number 1032017: Not exhausted.**

41.      On July 8, 2020, Tsarnaev submitted a BP-9 remedy request in case number

1032017 challenging the decision to deny his advancement to Phase Two. *Id.* ¶ 33.

42.      Tsarnaev withdrew this remedy request on July 10, 2020. *Id.*

**F.      Remedy number 1040162: Not exhausted.**

43.      On August 12, 2020, Tsarnaev filed a BP-9 remedy request in case number

1040162 in which he again complained about not being advanced to Phase Two. *Id.* ¶ 34.

44.      The remedy was rejected as procedurally deficient. *Id.*

45.      Tsarnaev appealed the decision to the Regional level, where it was also rejected.

*Id.* ¶ 35.

46.      Tsarnaev did not appeal to the national level. *Id.*

**G.      Remedy number 1063686: Not exhausted.**

47.      On January 4, 2021, the same day this lawsuit was filed, *see* ECF No. 1, Plaintiff

filed a BP-9 remedy request in case number 1063686, which was rejected as procedurally

deficient. *Id.* ¶ 36.

48.      On January 15, 2021, Tsarnaev resubmitted the remedy request, which the

Warden denied. *Id.* ¶ 37.

49.      On March 1, 2021, Tsarnaev submitted a BP-10 appeal at the Regional level,

which was denied. *Id.*

50.      On May 10, 2021, Tsarnaev submitted a BP-11 appeal at the national level, which

was rejected on June 1, 2021. *Id.*

51.      Tsarnaev was notified that he could resubmit an appeal in proper form within 15

days of the date of the rejection notice, but he did not do so. *Id.*

## STANDARD OF REVIEW

A motion for summary judgment should be granted if "the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).

## ARGUMENT

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought

with respect to prison conditions … until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e)(a). As the Supreme Court has held, the PLRA directs that

"unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The

PLRA's exhaustion requirement "suggests no limits on an inmate's obligation to exhaust—

irrespective of any 'special circumstances.' And that mandatory language means a court may not

excuse a failure to exhaust, even to take such circumstances into account." *Ross v. Blake*, 578 U.S.

632, 639 (2016). The defendant bears the burden to prove the affirmative defense of failure to

exhaust administrative remedies. *See Jones*, 549 U.S. at 212. The exhaustion requirement applies

to all suits regarding prison life, whether they challenge general circumstances or particular

episodes. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In order to "properly exhaust," the inmate must comply with all prison grievance

procedures—that is, the BOP's four-step administrative remedy program. Statement of Undisputed

Material Facts ("Facts") 3-11; *see also* 28 C.F.R. §§ 542.10-542.19. The Supreme Court has held

that inmates must strictly adhere to these exhaustion rules. *Woodford v. Ngo*, 548 U.S. 81, 93-94

(2006) (holding the PLRA "demands compliance with an agency's deadlines and other critical

procedural rules"). The grievance must further give sufficient notice to provide officials with "a

fair opportunity to consider the grievance" and enable them to "tak[e] appropriate measures to

resolve the complaint internally." *Kikumura v. Osagie*, 461 F.3d 1269, 1283 (10th Cir. 2006)

(internal quotation marks and citations omitted). An inmate must exhaust all of his available

administrative remedies before filing his civil action. *Woodford*, 548 U.S. at 90 ("exhaustion of

administrative remedies … means using all steps that the agency holds out, and doing so

*properly*") (emphasis in original); *see also* Ex. A ¶ 5.

A rejected grievance does not satisfy that level of the Administrative Remedy program.

*Hinton v. Bowers*, 458 F. App'x 755,756 (10th Cir. 2012) ("[Plaintiff] never appropriately refiled

any of these grievances, and this is enough to bar his claims under the PLRA."); *Smith v. Fed.*

*Bureau of Prisons*, 406 F. App'x 578, 581 (3d Cir. 2011) (same); *see also Jones*, 549 U.S. at 218

(to properly exhaust, inmate "must 'complete the administrative review process in accordance with the applicable procedural rules'") (quoting *Woodford*, 548 U.S. at 88)). Moreover, an inmate must complete the mandatory exhaustion process *before* filing his claim in court. *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012) ("Since the PLRA makes exhaustion a precondition to *filing* a suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency.") (emphasis in original). The Tenth Circuit has made clear that "[a]n inmate is not permitted to complete the administrative exhaustion process *after* he files suit." *Snyder v. Harris*, 406 F. App'x 313, 317 (10th Cir. 2011) (emphasis in original). An "inmate who begins the grievance process but does not complete it is barred from pursuing a … claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002).

These mandatory exhaustion procedures apply to challenges to an inmate's SAMs. The Attorney General has promulgated regulations providing that an inmate may seek review of any restrictions imposed by a SAMs through the Administrative Remedy Program. 28 C.F.R. § 501.3(e); *see also Yousef v. Reno*, 254 F.3d 1214, 1222-23 (10th Cir. 2001) (holding that such remedies are available and must be exhausted before an inmate may bring suit).

The undisputed facts show that Tsarnaev has not exhausted the following claims:

First, Tsarnaev has not exhausted an overall challenge to the imposition or renewal of the SAMs. Facts ¶¶ 15-16.

Second, Tsarnaev has not exhausted any remedies concerning the SAMs provision that prohibits him from mailing photographs of himself to people outside the prison. Facts ¶¶ 23-25.

Third, Tsarnaev has not exhausted any remedies concerning the SAMs provision that

prohibits him from sending items he has crafted to people outside the prison. Facts ¶¶ 27-29.

Fourth, Tsarnaev has not exhausted any remedies concerning his removal from, or denial of admission to, Phase Two of the SAMs program. He has failed to complete the exhaustion process for any of his seven remedy cases related to this issue. Facts ¶¶ 32-51.

To sum up, Tsarnaev failed to exhaust before bringing this lawsuit Claim 1, the claim about the photograph rule; Claim 2, the claim about the hobby craft rule; and Claim 7, the procedural-due-process claim concerning decisions about his participation in Phase Two of the SAMs program. Neither has he exhausted an overall challenge to the SAMs themselves. The Court should grant summary judgment in favor of Defendants on these claims.

## CONCLUSION

The Court should grant summary judgment in favor of Defendants on Claims 1, 2, and 7, as well as any potential claim seeking the removal or reinstatement of SAMs, because Tsarnaev failed to exhaust his administrative remedies prior to filing suit as required by the PLRA.

Respectfully submitted on October 29, 2021.

MATTHEW T. KIRSCH
Acting United States Attorney

s/ *Susan Prose*
Susan Prose
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Tel: (303) 454-0100; Fax: (303) 454-0411
Email: susan.prose@usdoj.gov

Counsel for Defendants

12

**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on October 29, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

A. Powell
Senior Attorney Advisor
Federal Bureau of Prisons

I further certify that on October 29, 2021, I emailed the foregoing to BOP personnel for hand-delivery to Mr. Tsarnaev at ADX.

s/ *Susan Prose*
Susan Prose
United States Attorney's Office

12