# Exhibit A
# Declaration of P. Trujillo

*Tsarnaev v. Garland, et al.*,
No. 21-cv-00010-MEH (D. Colo.)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-00010-MEH

DZHOKHAR TSARNAEV,

      Plaintiff,

v.

MERRICK GARLAND, Attorney General of the United States,
FEDERAL BUREAU OF PRISONS,
B. TRUE, Warden, ADMAX, and
JOHN DOES 1-20,

      Defendants.

---

**DECLARATION OF P. TRUJILLO**

---

      I, P. Trujillo, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment, hereby declare as follows relating to the above-titled matter:

      1.      I am a Paralegal Specialist at the United States Department of Justice, Federal Bureau of Prisons (Bureau) facilities known as the Federal Correctional Complex (FCC), Florence, Colorado, which includes the U.S. Penitentiary – Administrative Maximum (ADX).  I have held this position since March 2020.  I have been employed by the Bureau since September 2002 in positions of increasing responsibility.  One of those positions included serving as the Administrative Remedy Clerk at ADX Florence for approximately five years.

      2.      I am familiar with the inmate administrative grievance procedures created by the Bureau's Administrative Remedy Program.  *See* 28 C.F.R. §§ 542.10 - 542.19.  I have access to records maintained in the ordinary course of business by the Bureau, including administrative

remedy requests of federal inmates, information maintained in the SENTRY[1] database, and inmate central files. I am also authorized to access files for inmates housed in H Unit. All attachments provided herein are true and accurate copies of Bureau records maintained in the ordinary course of business.[2]

## I. BUREAU'S ADMINISTRATIVE REMEDY PROGRAM.

3. The Bureau has a four-tiered Administrative Remedy Program for inmate grievances, which is codified at 28 C.F.R. § 542.10 *et seq*. The first step is informal resolution with prison staff. 28 C.F.R. § 542.13(a). A Request for Informal Resolution Form (also known as a BP-8) is not assigned a Remedy ID number and is not tracked in SENTRY. The second step is the filing of a formal Request for Administrative Remedy (also known as a BP-9) at the institution in which the inmate is incarcerated. *Id*. An administrative remedy at this level, and subsequent levels, is assigned a Remedy ID number and tracked in SENTRY. The third step occurs if the inmate feels the response to his BP-9 is not satisfactory. Within 20 calendar days of the date the Warden signs the response, the inmate may then appeal the complaint to the Regional Director by filing a Regional Office Administrative Remedy Appeal (also known as a BP-10). *See* 28 C.F.R. § 542.15(a). The fourth step occurs if an inmate is dissatisfied with the Regional Director's response. If that is the case, an inmate may appeal to the General Counsel in Washington, D.C., by filing a Central Office Administrative Remedy Appeal (also known as a

---

[1] SENTRY is the Bureau's national database which tracks various data regarding an inmate's confinement, including, but not limited to, an inmate's institutional history, sentencing information, participation in programs, administrative remedies, and discipline history.

[2] Materials contained in administrative remedy packets include the Warden's copy of the four-part carbon administrative remedy form along with a photocopy of the signed response. The remedy documents are filed in accordance with Bureau Records Maintenance and Disposal requirements. The administrative remedy packets attached to this declaration contain the best available copies of those materials.

BP-11) within 30 calendar days of the date the Regional Director signed the response. *Id.* An inmate may not raise in an appeal an issue he did not raise in a lower level filing. *See* 28 C.F.R. § 542.15(b)(2).

4.    A remedy request or appeal may be rejected at any level. 28 C.F.R. § 542.17(a). "When a submission is rejected, the inmate shall be provided a written notice . . . explaining the reason for rejection. If the defect on which the rejection is based is correctable, the notice shall inform the inmate of a reasonable time extension within which to correct the defect and resubmit the Request or Appeal." 28 C.F.R. § 542.17(b).

5.    An inmate has not exhausted his administrative remedies until he has properly and timely sought review at all three formal levels, as described in Paragraph 3 above. *See* 28 C.F.R. § 542.15(b)(2).

6.    Since July 1990, the Bureau has maintained information related to administrative complaints filed by inmates under the Bureau Administrative Remedy Program in SENTRY. One of the many functions of the SENTRY database is to track administrative remedy complaints and appeals. It allows computerized searching of complaints and appeals filed by a specific inmate.

7.    Each formal complaint (*i.e.*, BP-9, BP-10, and BP-11) is logged into SENTRY at the receiving location. If the complaint is an initial filing, it receives a unique Remedy ID Number upon initial entry, which follows the complaint throughout the appeal process. Each Remedy ID Number also contains an extender that identifies the level of review. The extension F-1 indicates the complaint was filed at the institution level (BP-9). The extension R-1 indicates the complaint or appeal was filed at the regional level (BP-10). The extension A-1 indicates the appeal was filed at the national level (BP-11). The number at the end of the

extension may change if the remedy or appeal is initially rejected and is then re-filed due to a technical problem, such as improper form, failing to include documentation, or improper filing at that level.

8. I have reviewed the SENTRY information identifying the number and types of administrative remedies and appeals filed by Plaintiff, Dzhokhar Tsarnaev, Register Number 95079-038, who is currently incarcerated at the United States Penitentiary – Administrative Maximum (ADX) in Florence, Colorado. *See* Attachment 1, SENTRY Public Information Inmate Data.

9. Plaintiff is subject to Special Administrative Measures ("SAMs") based on a finding that "there continues to be a substantial risk that [his] communications or contacts with persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of serious bodily injury to persons." *See* Attachment 2, September 1, 2021 Notification of Extension of Special Administrative Measures (SAM) at 1.

10. The SENTRY records show that Plaintiff has filed 39 individual administrative remedy request and appeals of those remedies from the date of his incarceration (April 26, 2013) through the date of this declaration. *See* Attachment 3, SENTRY Inmate History-ARS for Tsarnaev, at 2; *see also* Attachment 4, SENTRY – Administrative Remedy Index.

11. I am familiar with the claims Plaintiff has raised in his Third Amended Complaint (TAC), ECF No. 11, in this case.

## II.   CLAIMS THAT ARE NOT EXHAUSTED.

12. Upon review of the 39 administrative remedies and appeals, Plaintiff has not exhausted the remaining claims in the TAC. I discuss below Plaintiff's failure to exhaust these claims.

**A.      Challenge to the imposition and renewals of SAMs:  Not exhausted.**

13.      To the extent Plaintiff may seek the removal of his SAMs in their entirety, *see* TAC at p. 27, he has not exhausted any such relief.

14.      None of Plaintiff's 39 administrative remedies and appeals claim that the SAMs, as a whole, should not have been imposed, nor do any of those remedies and appeals seek the removal of the SAMs in their entirety.

15.      Plaintiff also has available to him another process by which he can provide information concerning the possible renewal and/or modification of his SAMs and discuss with FBI officials any other issues concerning the SAMs. *See* Attachment 5, Institution Supplement, FLM 5321.08(3)A, *Special Security Unit (H-Unit)* (Oct. 21, 2021), at ¶ 3.B.  Plaintiff is allowed to provide written comments and to meet, in person, with FBI officials in connection with the assessment of whether or not his SAMs will be renewed.  Bureau records show that Plaintiff did not participate in this process in 2019, 2020, and 2021.

16.      In 2019, Plaintiff declined to participate in an in-person meeting with FBI officials.  *See* Attachment 6, 5/1/2019 Memorandum.  Plaintiff's entire written comment states as follows:

> A marine biologist is telling his friends about a new discovery he's made about whales.  "Whales," he says, "can speak to each other from 300 miles away."  A friend asks, "What do you think they're saying to each other?"  "I'm not entirely sure," says the biologist, "but it sure sounds like they're saying, "Caaaannn yooouuu stiiiiillll heeeeaaar meeeee?"  My recommendation is that you should take me off SAMs.

*See id.*

17.      In 2020, Plaintiff declined to participate in an in-person meeting with FBI officials, and simply wrote "No comment" on the comment sheet provided to him by BOP staff.

*See* Attachment 7, 5/28/2020 Memorandum. In 2021, Bureau records shows that Plaintiff refused to return his comment sheet to BOP staff and, thus, declined to participate in the pre-renewal assessment process.

**B. SAMs provision barring mailing of photographs: Not exhausted.**

18. Plaintiff challenges the SAMs provision that does not allow him to send photographs to persons outside the institution. Claim 1, TAC at pp. 4, 10-12. Upon review of the Administrative Remedy Index, *see* Attachment 4, there is only one remedy, Remedy Case 1002621, that is related to this issue.

19. On January 8, 2020, Plaintiff filed BP-9 1002621-F1 (BP-9) in which he requests the prohibition against sending photos be removed. *See* Attachment 8, Remedy Case 1002621, at 4.[3] The BP-9 was rejected as untimely with a comment indicating the "Event in Complaint Occurred in April of 2019." *Id.* at 3. Because this BP-9 was rejected, no response was provided by the Warden.

20. Plaintiff was not satisfied with the manner the BP-9 was addressed. On January 31, 2020, he filed BP-10 Appeal 1002621-R1. *Id.* at 1. The Regional Director provided a response on March 4, 2020, that stated: "While the Bureau of Prisons neither imposes nor rescinds SAMs, it implements the restrictions and can accommodate specific requests relating to the restrictions. As the [United States Attorney General] has determined your particular SAMS are necessary, they will not be removed or modified at this time and will remain in effect until such time the USAG determines they are no longer warranted." *Id.* at 2.

[3] Page numbers have been added to each remedy case packet for ease of reference.

21. Plaintiff was not satisfied with the BP-10 response and filed BP-11 Appeal 1002621-A1. On May 22, 2020, the Appeal was rejected because it was procedurally deficient. Attachment 4 at 13. “STATUS CODE: REJ” means the Appeal was rejected. “STATUS REASON: CPG RSA” means that Plaintiff did not submit the proper number of continuation pages with the appeal and that he was allowed to resubmit the appeal in proper form within 15 days of the date of the rejection notice. *See id.* Plaintiff’s BP-11 Appeal was returned to him, along with a notification of the grounds for rejection of the appeal and a notification that he could resubmit the appeal in 15 days. *See* 28 C.F.R. § 542.17(b). Central Office does not retain copies of rejected appeals or notifications of rejections sent to inmates. Plaintiff did not resubmit this Appeal and therefore did not correct the deficiency. *See generally* Attachment 4.

22. Because Plaintiff did not resubmit the appeal at the national level, Remedy Case 1002621 was not exhausted.

**C. SAMs provision barring mailing of hobby crafts: Not exhausted.**

23. Plaintiff complains that his SAM was modified so that he is unable to send hobby craft items to persons outside the prison. Claim 2, TAC at 13-14. The Remedy Index shows only one remedy, Remedy Case 999331, that raises any complaint concerning hobby crafts.

24. On December 19, 2019, Plaintiff filed BP-9 999331-F1 in which he claims a hobby craft package was denied. *See* Attachment 4 at 10; *see also* Attachment 9, Remedy Case 999331 at pp. 3-4. The Warden provided a written response dated January 7, 2020, which informed Plaintiff that his complaint was forwarded to the United States Attorney’s Office for the District of Massachusetts, the FBI, and the Office of Enforcement Operations in the Department of Justice. *See* Attachment 10 at 5.

25.     Plaintiff was not satisfied with the Warden's response.  On January 27, 2020, he filed BP-10 Appeal 999331-R1 in which he reiterated his complaint about the hobby craft package.  *Id.* at 6. The Regional Director responded, *see id.* at 7, but Plaintiff was not satisfied.

26.     Plaintiff filed BP-11 Appeal 999331-A1 on April 14, 2020.  *See* Attachment 4 at 13.  On May 22, 2020, the Appeal was rejected because it was procedurally deficient.  *See id.* "STATUS CODE: REJ" means the Appeal was rejected.  "STATUS REASON: CPG RSA" means that Plaintiff did not submit the proper number of continuation pages with the appeal and that he was allowed to resubmit the appeal in proper form within 15 days of the date of the rejection notice.  *See id.*  Plaintiff's BP-11 Appeal was returned to him, along with a notification of the grounds for rejection of the appeal and a notification that he could resubmit the appeal in 15 days.  *See* 28 C.F.R. § 542.17(b).  Central Office does not retain copies of rejected appeals or notifications of rejections sent to inmates.  Plaintiff did not resubmit this Appeal and therefore did not correct the deficiency.  *See generally* Attachment 4.

27.     Because Plaintiff did not resubmit the appeal at the national level, Remedy Case 999331 was not exhausted.

**D.     Denial of advancement to Phase Two of the Special Security Unit Program: Not exhausted.**

28.     Plaintiff alleges that he has been improperly denied advancement from Phase One to Phase Two of the Special Security Unit Program.  A review of the Administrative Remedy Index indicates Plaintiff has filed seven separate Administrative Remedies regarding this issue, but has not successfully exhausted any of these Remedies.  The identified Administrative Remedy Cases are 955065, 970290, 1008399, 1015585, 1032017, 1040162, and 1063686.

29.     On September 19, 2018, Plaintiff filed a BP-9 in Remedy Case 955065, after he was removed from Phase Two for attempting to send a letter to his sister that "encouraged and prompted violence against non-Muslims and/or those deemed to be 'kufar,'" and after he attempted to obtain books that promoted violence.  *See* Attachment 4 at 6; *see also* Attachment 10, Remedy Case 955065 at p. 4.  The Warden denied the remedy on October 15, 2018.  *See* Attachment 10 at 4.  Plaintiff did not file a BP-10 Appeal or a BP-11 Appeal.  *See generally* Attachment 4.  Accordingly, Remedy Case 95065 was not properly exhausted.

30.     In Remedy Case 970290, Plaintiff filed a BP-9 on March 5, 2019, appealing his removal from Phase Two.  *See* Attachment 4 at 7.  The Warden denied Plaintiff's request on March 14, 2019, noting that Plaintiff was "removed from Phase II due to your activity of communicating with your sisters, which violated the [SAMS] for encouraging acts of violence and terrorism."  *See* Attachment 11, Remedy Case 970290, at 5.  Plaintiff did not file a BP-10 Appeal or a BP-11 Appeal.  *See generally* Attachment 4.  Accordingly, Remedy Case 970290 is not exhausted.

31.     On February 27, 2020, Plaintiff filed a BP-9 in Remedy Case 1008399, challenging the decision to deny his advancement to Phase Two.  *See* Attachment 4 at 12; *see also* Attachment 12, Remedy Case 1008399, at p. 3.  The Warden denied Plaintiff's request on March 12, 2012, stating that "additional time is needed to determine whether [Plaintiff] can function with additional privileges without posting a risk to institutional security and good order; posing a risk to the safety and security of staff, inmates, or others, including yourself; and/or posing a risk to public safety."  *See* Attachment 12, Remedy Case 1008399, at p. 4.  Plaintiff filed a BP-10 Appeal challenging the Warden's response.  *Id.* at 1.  The Regional Director denied

Plaintiff's appeal on May 6, 2020. *Id.* at 2. Plaintiff did not file a BP-11 Appeal. *See generally* Attachment 4. Accordingly, Remedy Case 1008399 is not exhausted.

32. On April 23, 2020, Plaintiff filed a BP-9 in Remedy Case 1015585, demanding advancement to Phase Two. *See* Attachment 4 at 14; *see also* Attachment 13, Remedy Case 1015585, at pp. 3-4. The Warden denied the request on May 14, 2020. *See* Attachment 13 at p. 5. Plaintiff did not file a BP-10 Appeal or a BP-11 Appeal. *See generally* Attachment 4. Accordingly, Remedy Case 1015585 is not exhausted.

33. On July 8, 2020, Plaintiff filed a BP-9 in Remedy Case 1032017, challenging Phase Two denial. *See* Attachment 4 at 14; *see also* Attachment 14, Remedy Case 1032017. On July 10, 2020, he withdrew this Administrative Remedy. Attachment 14 at 1. He did not file a BP-10 Appeal or a BP-11 Appeal. *See generally* Attachment 4. Accordingly, Remedy Case 1032017 is not exhausted. Because Plaintiff voluntarily withdrew his request for Administrative Remedy, no response from the Warden was provided.

34. On August 12, 2020, Plaintiff filed a BP-9 in Remedy Case 1040162, again complaining about the fact that he was not advanced to Phase Two. *See* Attachment 4 at 16.[4] The Remedy was rejected on August 13, 2020, because it was procedurally deficient. *See id.* "STATUS CODE: REJ" means the Request was rejected. "STATUS REASON: INF RSF OTH" means that Plaintiff did not attempt informal resolution prior to submission of the administrative remedy, or did not provide the necessary evidence of his attempt at informal resolution. Plaintiff was notified that he must have a BP-8 attached to his BP-9 and that he could resubmit his appeal in proper form within 5 days of the date of the rejection notice. *See id.* He resubmitted the BP-9

[4] Copies of rejected remedies for remedy case 1040162 were not retained.

on August 20, 2020, and it was again rejected because it was procedurally deficient.  *See id.*

"STATUS CODE: REJ" means the Request was rejected.  Plaintiff was notified that his request

was untimely and that his BP-8 was "first issued on the first of July and the BP-9 wasn't issued

until a month later."  *See id.*

35.     Plaintiff appealed the decision regarding his untimely remedy to the Regional

level, where it was also rejected.  Attachment 4 at 16.  He did not submit a BP-11 Appeal to the

national level.  *See generally* Attachment 4.  Accordingly, Remedy Case 1040162 is not

exhausted.

36.     On January 4, 2021, Plaintiff filed a BP-9 Remedy in Remedy Case 1063686-F1,

in which he challenged his denial of advancement to Phase Two.  *See* Attachment 4 at 19.  The

Remedy was rejected as it was procedurally deficient.  *Id*.  "STATUS CODE: REJ" means the

Remedy was rejected.   Plaintiff was told to "provide more specific information about your

request/appeal so that it may be considered," to "provide the date that you were denied," and to

"provide the documentation of your denial."  Attachment 15, Remedy Case 1063686, at 1.  He

was told to resubmit his "request in proper form within 5 days of the date of this rejection

notice."  *See id.*

37.     On January 15, 2021, Plaintiff resubmitted the request and BP-9 1063686-F2 was

investigated.  *Id.* at 8.  The Warden denied the request on February 5, 2021.  *Id.* at 11.  On March

1, 2021, Plaintiff submitted BP-10 Appeal 1063686-R1. *Id.* at 12.  The Regional Director denied

the appeal on March 19, 2021.  *Id.* at 13.  Plaintiff subsequently submitted Appeal 1063686-A1

on May 10, 2021.  *See* Attachment 4 at 20.  On June 1, 2021, this Appeal was rejected because it

was procedurally deficient.  *Id*.  "STATUS CODE: REJ" means the Appeal was rejected.

"STATUS REASON: IRQ RSA" means that Plaintiff was notified that he did not provide a copy

of his BP-9 response from the Warden and that he was advised that he could resubmit an appeal in proper form within 15 days of the date of the rejection notice." *See id.* Plaintiff did not resubmit a BP-11 Appeal. *See generally* Attachment 4. Accordingly, Remedy Case 1063686 is not exhausted.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on October 28, 2021, in Florence, Colorado.

s/ *P. Trujillo*
P. Trujillo
Paralegal Specialist
FCC Florence, Colorado

**Attachments:**

Att. 1: Public Information Inmate Data
Att. 2: SAM Extension effective August 27, 2021
Att. 3: SENTRY Inmate History ARS
Att. 4: SENTRY Administrative Remedy Index
Att. 5: Institution Supplement, FLM 5321.08(3)A, *Special Security Unit (H-Unit)* (Oct. 21, 2021)
Att. 6: 5/1/2019 Memorandum
Att. 7: 5/28/2020 Memorandum
Att. 8: Remedy Case 1002621
Att. 9: Remedy Case 999331
Att. 10: Remedy Case 955065
Att. 11: Remedy Case 970290
Att. 12: Remedy Case 1008399
Att. 13: Remedy Case 1015585
Att. 14: Remedy Case 1032017
Att. 15: Remedy Case 1063686

# Attachment 1
# Public Information Inmate Data for Tsarnaev

*Tsarnaev v. Garland, et al.*,
No. 21-cv-00010-MEH (D. Colo.)

FLMCG * PUBLIC INFORMATION * 10-04-2021
PAGE 001 * INMATE DATA * 13:15:48
AS OF 10-04-2021

REGNO..: 95079-038 NAME: TSARNAEV, DZHOKHAR A

RESP OF: FLM
PHONE..: 719-784-9464 FAX: 719-784-5290
RACE/SEX...: WHITE / MALE
AGE: 28
PROJ REL MT: DEATH SENTENCE PAR ELIG DT: N/A
PROJ REL DT: DEATH SENT PAR HEAR DT:

G0002 MORE PAGES TO FOLLOW . . .

REGNO..: 95079-038 NAME: TSARNAEV, DZHOKHAR A

RESP OF: FLM
PHONE..: 719-784-9464 FAX: 719-784-5290
THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: DEATH SENT

----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: MASSACHUSETTS
DOCKET NUMBER...................: 1: 13 CR 10200 - 001
JUDGE...........................: O'TOOLE
DATE SENTENCED/PROBATION IMPOSED: 06-24-2015
DATE COMMITTED..................: 06-25-2015
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

| | FELONY ASSESS | MISDMNR ASSESS | FINES | COSTS |
|---|---|---|---|---|
| NON-COMMITTED.: | $3,000.00 | $00.00 | $00.00 | $00.00 |

RESTITUTION...: PROPERTY: NO SERVICES: NO AMOUNT: $00.00

-------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 889 18:842P WOMD,2332A TERRORSM
OFF/CHG: 18:2332A(A)(2) USE A WEAPON OF MASS DESTRUCTION RESULTING IN DEATH;(CTS 4,);18:924(C)&(J) POSS & USE OF F/A DURING & IN RELATION TO CRIME OF VIOL RSLTNG IN DTH.(CTS 5,10,15)18:2332F (A)(1)&(C)BOMBIN A PLACE OF PUBLIC USE RSLTNG IN DTH(CT 9)18:8 44(I)MALC DSTRCTN OF PROP RSLTNG IN PERSNL INJRY & DTH(CT 14)

SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.: DEATH
DATE OF OFFENSE................: 04-15-2013

REGNO..: 95079-038 NAME: TSARNAEV, DZHOKHAR A

RESP OF: FLM
PHONE..: 719-784-9464 FAX: 719-784-5290

-------------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 09-17-2019 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 07-01-2015 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 06-24-2015
TOTAL TERM IN EFFECT............: DEATH
TOTAL TERM IN EFFECT CONVERTED..: DEATH
EARLIEST DATE OF OFFENSE........: 04-15-2013

JAIL CREDIT.....................: FROM DATE THRU DATE
04-19-2013 06-23-2015

TOTAL PRIOR CREDIT TIME.........: 796
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: N/A
ELDERLY OFFENDER TWO THIRDS DATE: N/A
EXPIRATION FULL TERM DATE.......: DEATH

PROJECTED SATISFACTION DATE.....: N/A
PROJECTED SATISFACTION METHOD...: DEATH SENT

REGNO..: 95079-038 NAME: TSARNAEV, DZHOKHAR A

RESP OF: FLM

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: DEATH SENT

----------------------CURRENT JUDGMENT/WARRANT NO: 020 -----------------------

COURT OF JURISDICTION...........: MASSACHUSETTS
DOCKET NUMBER...................: 1: 13 CR 10200 - 001
JUDGE...........................: O'TOOLE
DATE SENTENCED/PROBATION IMPOSED: 06-24-2015
DATE COMMITTED..................: 06-25-2015
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

| | FELONY ASSESS | MISDMNR ASSESS | FINES | COSTS |
|---|---|---|---|---|
| NON-COMMITTED.: | $3,000.00 | $00.00 | $00.00 | $00.00 |

RESTITUTION...: PROPERTY: NO SERVICES: NO AMOUNT: $00.00

-------------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....: 899 OTHER/UNCLASSIFIABLE
OFF/CHG: 18:2332F(A)(1)&(C)BOMB PLCE PUB USE RSLTNG IN DTH(6,7);18:1951
INTRF W/COMM THRTS(21)18:844(I)CNSP MAL DSTRY PRP RSLTNG PRSNL
INJ&DTH;(11,12);18:2119(2)CRJCKNG RSLTG SER BOD INJ(19)18:924
(C)&(J)USE F/A DRG TRFK CRM(3,8,13,16,17,18,20,22,24,26,28,30
USE WPN MAS DEST CT 23,25,27,29;CNSP/USE WPN MASS DEST/DTH 1,2

SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.: LIFE
DATE OF OFFENSE................: 04-15-2013

REGNO..: 95079-038 NAME: TSARNAEV, DZHOKHAR A

RESP OF: FLM
PHONE..: 719-784-9464 FAX: 719-784-5290

-------------------------CURRENT COMPUTATION NO: 020 --------------------------

COMPUTATION 020 WAS LAST UPDATED ON 09-17-2019 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 07-01-2015 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

DATE COMPUTATION BEGAN..........: 06-24-2015
TOTAL TERM IN EFFECT............: LIFE
TOTAL TERM IN EFFECT CONVERTED..: LIFE
EARLIEST DATE OF OFFENSE........: 04-15-2013

JAIL CREDIT.....................: FROM DATE THRU DATE
04-19-2013 06-23-2015

TOTAL PRIOR CREDIT TIME.........: 796
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: N/A
ELDERLY OFFENDER TWO THIRDS DATE: N/A
EXPIRATION FULL TERM DATE.......: LIFE

PROJECTED SATISFACTION DATE.....: N/A
PROJECTED SATISFACTION METHOD...: LIFE

S0055 NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

# Attachment 2
# 2021 SAMs for Tsarnaev

*Tsarnaev v. Garland, et al.*,
No. 21-cv-00010-MEH (D. Colo.)



**U.S. Department of Justice**
Federal Bureau of Prisons

Federal Correctional Complex
Florence, Colorado

September 1, 2021

NOTICE TO: DZHOKHAR TSARNAEV, REG. NO. 95079-038

FROM:     B. True, Complex Warden

SUBJECT:   **Notification of Extension of Special Administrative Measures (SAM)**

## SUMMARY

The United States Attorney for the District of Massachusetts (USA/DMA) and the Federal Bureau of Investigation (FBI) request that the SAM be renewed. You conducted a terrorist bombing attack at the Boston Marathon in April 2013 that resulted in the deaths of three individuals and severe injury to dozens of others. Based upon the information provided by the USA/DMA and the FBI, pursuant to 28 C.F.R. § 501.3, there continues to be a substantial risk that your communications or contacts with persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of serious bodily injury to persons. Therefore, we will continue to implement the SAM to restrict your access to the mail, the telephone, visitors, other inmates, and the media. The SAM will commence immediately upon expiration of the prior SAM authorization period and will be in effect for a period of one year, subject to further direction.

## PROCEDURAL HISTORY

You were charged in an indictment, individually and as an aider and abettor, with multiple counts of: (1) Use of a weapon of mass destruction and conspiracy; (2) Bombing of a place of public use and conspiracy; (3) Malicious destruction of property and conspiracy; (4) Use of a firearm during and in relation to a crime of violence; (5) Use of a firearm during and in relation to a crime of violence causing death; (6) Carjacking resulting in serious bodily injury; and (7) Interference with commerce by threats and violence.

On April 8, 2015, you were convicted in the United States District Court for the District of Massachusetts on each of the thirty counts charged in the indictment, including six death-penalty eligible counts. On May 15, 2015, after the conclusion of the death penalty phase, the jury recommended a sentence of death on the six death-penalty eligible counts. On June 24, 2015, you were sentenced to death on the six counts, and

to life imprisonment on the remaining counts. On July 31, 2020, the United States Court of Appeals for the First Circuit vacated the death penalty sentence and instructed the trial court to conduct a new penalty phase on those six counts, but your life sentences were not affected by that ruling. On March 22, 2021, the United States Supreme Court granted a writ of certiorari to consider the government's argument that the death penalty should be reinstated against you. The oral argument before the court is currently scheduled to occur on October 13, 2021. You are presently housed with the Federal Bureau of Prisons (BOP) at the ADX in Florence, Colorado.

Because of your proclivity for violence, on August 27, 2013, pursuant to 28 C.F.R. § 501.3, the Attorney General signed a memorandum directing the BOP to implement SAM to restrict your access to the mail, the media, the telephone, and visitors.

## FACTUAL BACKGROUND

### A. Tsarnaev's Criminal Conduct

On April 15, 2013, you and your brother, Tamerlan Tsarnaev, carried out a premeditated and coordinated detonation of improvised explosive devices in Boston, Massachusetts, that killed, dismembered, or injured dozens of people during the Boston Marathon. You and your brother were inspired to commit the attack by Anwar al-Aulaqui, a deceased leader of al-Qaeda, and used bomb-making instructions from *Inspire*, an al-Qaeda publication. You employed operational tradecraft in communicating during the time leading up to the bombing (including purchasing a dedicated cell phone to communicate about the bombings), and in disposing of evidence after the attack, including discarding a remaining bomb detonator and smashing your cell phones.

During the days following the attack, as law enforcement engaged in a massive manhunt for the perpetrators, you and your brother made additional bombs, and you convinced your associates to attempt to destroy evidence related to the Boston Marathon bombing. In addition, on April 19, 2013, you and your brother killed a Massachusetts Institute of Technology police officer, carjacked a civilian, and attempted to kill law enforcement officers during a violent confrontation. Your brother was killed during the drawn-out altercation, while you evaded capture and eventually hid inside a dry-docked boat in a residential neighborhood. While hiding, you scrawled messages on the boat including: "The U.S. Government is killing our innocent civilians;" "I can't stand to see such evil go unpunished;" "We Muslims are one body, you hurt one you hurt us all;" "Now I don't like killing innocent people it is forbidden in Islam but due to said [unintelligible] it is allowed;" and "Stop killing our innocent people and we will stop."

**B. Basis for Special Administrative Measures**

In addition to the above-described criminal conduct, on or about April 22, 2013, following your capture, you were interviewed by the FBI. During the interview, you reaffirmed your commitment to jihad and expressed hope that your actions would inspire others to engage in violent jihad.

As further evidence of your ability to influence and inspire others in support of your terrorist goals, on May 3, 2013, the FBI arrested three of your associates for their involvement, at your behest, in attempting to destroy evidence and obstruct the government's investigation. All three men either pleaded guilty or were convicted after trial.

On May 24, 2013, while incarcerated, you were permitted to call your mother in Russia, who recorded the call and subsequently released portions of the call to the media, in an apparent effort to engender sympathy for you. During a supervised visit on January 8, 2014, your sister, Ailina, asked about the SAM and why they were necessary. The mitigation specialist from the defense team, who was authorized to be present during the meeting, explained that the purpose of the SAM was to prevent individuals from sending communications that encouraged others to commit acts of violence. You then began to pretend that you were communicating with someone and encouraging them to commit an act of violence, stating that the first thing to do was "buy a pressure cooker."

On July 8, 2015, BOP officials observed that you had written on the wall of your cell in Arabic and English, including the phrase, "the jihad continues." You were subsequently interviewed about the markings and admitted you had written your name in Arabic and English phrases. Additionally, notwithstanding provision of the SAM prohibiting communication between inmates, you, while housed at USP Florence prior to your designation to the ADX, were able to interact with an inmate in the adjacent cell, communicating verbally through the vent in the toilet and attempting to further violate SAM conditions by passing notes.

On July 17, 2018, an ADX correctional officer recovered a homemade weapon fashioned from a razor, plastic, and tin foil wrappers in your one-man cell, concealed within numerous layers of bags and other items.

Between October 2018 and August 2019, made several attempts to circumvent the SAM by sending hobby craft (specifically, crocheted scarves and blankets) to unapproved contacts and your attorney.

You also continue to be sent unsolicited "fan" mail by non-approved contacts, many of whom wish to engage you in a continuing correspondence. Pursuant to the terms of the SAM, the FBI had denied these items.

Your criminal conduct, and statements before, during, and subsequent to your trial and sentencing demonstrate that you remain an unrepentant and committed terrorist. In addition, your continued attempts to circumvent the SAM, as well as high profile status among certain individuals reveal your unrestricted communications would continue to pose a substantial risk of violence and harm to the public.

## CONCLUSION

Based upon information provided of your proclivity for violence, your ability to influence others through your communications, and your continued commitment to violent jihad, it was found that there is a substantial risk that your communications or contacts with persons could result in death or serious bodily injury to persons. Accordingly, we will continue to implement the SAM set forth below to restrict your access to the mail, the media, the telephone, and visitors.

1) General Provisions

a) **Adherence to Usual United States Marshals Service (USMS), BOP, and Detention Facility (DF) Policy Requirements** – In addition to the below-listed SAM, you must comply with all usual USMS, BOP, and non-BOP DF policies regarding restrictions, activities, privileges, communications, etc. If there is a conflict between USMS/BOP/DF policies and the SAM, as set forth herein, where the SAM are more restrictive than usual USMS/BOP/DF policies, then the SAM shall control. If usual USMS/BOP/DF policies are more restrictive than the SAM, then USMS/BOP/DF policies shall control.

b) **Interim SAM Modification Authority** – During the term of this directive, the Director, Office of Enforcement Operations (OEO), Criminal Division, may modify your SAM as long as any SAM modification authorized by OEO:

i) Does not create a more restrictive SAM;

ii) Is not in conflict with the request of the USA/DMA, FBI, USMS/BOP/DF, or applicable regulations; and

iii) Is not objected to by the USA/DMA, FBI, or USMS/BOP/DF.

c) **Inmate Communication Prohibitions** –

i) You are limited, within the USMS/BOP/DF's reasonable efforts and existing confinement conditions, from having contact (including passing or receiving any oral, written, or recorded communications) with any other inmate, visitor, attorney, or anyone else, except as outlined and allowed

by this document, that could reasonably foreseeably result in you communicating (sending or receiving) information that could circumvent the SAM's intent of significantly limiting your ability to communicate (send or receive) threatening or other terrorism-related information.

ii) The USMS/BOP/DF may permit you to communicate with other SAM inmates orally only during certain predesignated times, the place and duration to be set by the USMS/BOP/DF. You shall not have any physical contact with other inmates during this predesignated time and all such predesignated sessions may be monitored and/or recorded. Upon request of the FBI, a copy of the recordings will be provided by the USMS/BOP/DF to the FBI to be analyzed for indications that you are attempting to pass messages soliciting or encouraging acts of violence or other crimes.

d) **Use of Interpreters/Translators by the USMS/BOP/DF –**

i) The USMS/BOP/DF may use Department of Justice (DOJ) approved interpreters/translators as necessary for the purpose of facilitating communication with you.

ii) No person shall act as an interpreter/translator without prior written clearance/approval from the USMS/BOP/DF, which shall only be granted after consultation with the FBI and USA/DMA

iii) Interpreters/translators utilized by the USMS/BOP/DF shall not be allowed to engage in, or overhear, unmonitored conversations with you. Interpreters/translators shall not be alone with you, either in a room or on a telephone or other communications medium.

2) <u>Attorney-Client Provisions</u>

a) **Attorney[1] Affirmation of Receipt of the SAM Restrictions Document –** Your attorney (or counsel) – individually by each if more than one – must sign an affirmation acknowledging receipt of the SAM restrictions document. By signing the affirmation, the attorney acknowledges his or her awareness and understanding of the SAM provisions and his or her agreement to abide by

[1] The term "attorney" refers to the inmate's attorney of record, who has been verified and documented by the USA/DMA, and who has received and acknowledged receipt of the SAM restrictions document. As used in this document, "attorney" also refers to more than one attorney where the inmate is represented by two or more attorneys, and the provisions of this document shall be fully applicable to each such attorney in his or her individual capacity.

these provisions, particularly those that relate to contact between you and your attorney and the attorney's staff. The signing of the affirmation does not serve as an endorsement of the SAM or the conditions of confinement, and does not serve to attest to any of the factors set forth in the conclusions supporting the SAM. However, in signing the affirmation, your attorney, and precleared staff[2] acknowledge the restriction that they will not forward third-party messages to or from you.

i) The USA/DMA shall present, or forward, the attorney affirmation of receipt of the SAM restrictions document to your attorney.

ii) After initiation of the SAM and prior to your attorney being permitted to have attorney-client privileged contact with you, your attorney shall execute a document affirming receipt of the SAM restrictions document and return the original to the USA/DMA.

iii) The USA/DMA shall maintain the original of the SAM acknowledgment document and forward a copy of the signed document to OEO in Washington, D.C., and the USMS/BOP/DF.

b) **Attorney Use of Interpreters/Translators –**

i) **Necessity Requirement** – No interpreter/translator shall be utilized unless absolutely necessary where you do not speak a common language with the attorney. Any interpreter/translator shall be precleared.[3]

ii) **Attorney Immediate Presence Requirement** – Any use of an interpreter/translator by the attorney shall be in the physical and immediate presence

---

[2] "Precleared" when used with regard to an attorney's staff, or "precleared staff member," refers to a co-counsel, paralegal, or investigator who is actively assisting the inmate's attorney with the inmate's post-sentencing proceedings, who has submitted to a background check by the FBI, has successfully been cleared by the FBI, and has received a copy of the inmate's SAM and has agreed – as evidenced by his or her signature – to adhere to the SAM restrictions and requirements. As used in this document, "staff member" also refers to more than one staff member, and the provisions of this document shall be fully applicable to each such staff member in his or her individual capacity. A "paralegal" will also be governed by any additional DF rules and regulations concerning paralegals.

[3] "Precleared" when used with regard to an interpreter/translator, refers to an interpreter/translator why is actively assisting the inmate's attorney with the inmate's post-sentencing proceedings, has submitted to a background check by the FBI, has successfully been cleared by the FBI, and has received a copy of the inmate's SAM and has agreed, as evidenced by his or her signature, to adhere to the SAM restrictions and requirements.

of the attorney – *i.e.* in the same room. The attorney shall not patch through telephone calls, or any other communications, to or from you.

iii) **Translation of Inmate's Correspondence** – An attorney of record may only allow a precleared interpreter/translator to translate your correspondence as necessary for attorney-client privileged communication.

c) **Attorney-Client Privileged Visits** – Attorney-client privileged visits may be contact or non-contact, at the discretion of the USMS/BOP/DF.

d) **Attorney May Disseminate Inmate Conversations** – Your attorney may disseminate the contents of your communications to third parties for the sole purpose of preparing your post-sentencing proceedings – and not for any other reason – on the understanding that any such dissemination shall be made solely by your attorney, and not by the attorney's staff.

e) **Unaccompanied Attorney's Precleared Paralegal(s) May Meet With Client** – Your attorney's precleared paralegal(s) may meet with you without the need for your attorney to be present. These meetings may be contact or non-contact, at the discretion of the USMS/BOP/DF.

f) **Simultaneous Multiple Legal Visitors** –You may have multiple legal visitors provided that at least one of the multiple legal visitors is your attorney or precleared paralegal. These meetings may be contact or non-contact, at the discretion of the USMS/BOP/DF. An investigator or interpreter/translator may not meet alone with you.

g) **Legally Privileged Telephone Calls** – The following rules refer to all legally privileged telephone calls or communications:

i) **Inmate's Attorney's Precleared Staff May Participate in Inmate Telephone Calls** – Your attorney's precleared staff are permitted to communicate directly with you by telephone, provided that your attorney is physically present and participating in the legal call as well.

ii) **Inmate's Initiation of Legally Privileged Telephone Calls** – Your initiated telephone communications with your attorney or precleared staff are to be placed by a USMS/BOP/DF staff member and the telephone handed over to you only after the USMS/BOP/DF staff member confirms that the person on the other end of the line is your attorney. This privilege is contingent upon the following additional restrictions:

(1) Your attorney will not allow any non-precleared person to communicate with you, or to take part in and/or listen to or overhear any communications with you.

(2) Your attorney must instruct his or her staff that:

(a) Your attorney and precleared staff are the only persons allowed to engage in communications with you.

(b) The attorney's staff (including the attorney) are not to patch through, forward, transmit, or send your calls, or any other communications, to third parties.

(3) No telephone call/communication, or portion thereof, except as specifically authorized by this document:

(a) Is to be overheard by a third party.[4]

(b) Will be patched through, or in any manner forwarded or transmitted, to a third party.

(c) Shall be divulged in any manner to a third party, except as otherwise provided in Section 2.d. above.

(d) Shall be in any manner recorded or preserved.[5] Your attorney may make written notes of attorney-client privileged communications.

(4) If the USMS/BOP/DF, FBI, or USA/DMA determines that you have used or are using the opportunity to make a legal call to speak with another inmate or for any other non-legal reason that would circumvent the intent of the SAM, your ability to contact your attorney by telephone may be suspended or eliminated.

h) **Documents Provided by Attorney to Inmate** – During a visit, your attorney may provide you with, or review with you, documents related to your post-sentencing proceedings, and/or material prepared by your attorney related to

---

[4] For purposes of the SAM, "third party" does not include officials of the USMS/BOP/DF, FBI, DOJ, or other duly authorized federal authorities when acting in connection with their official duties. This section does not allow monitoring of attorney-client privileged communications.
[5] Except by the USMS/BOP/DF, FBI, DOJ, or other duly authorized federal authorities. This section does not allow monitoring of attorney-client privileged communications.

such proceedings, so long as any of the foregoing documents are translated, if translation is necessary, by a precleared interpreter/translator. Any documents not related to your post-sentencing proceedings must be sent to you via general correspondence and will be subject to the mail provisions of subparagraphs 2.i. and 3.g. Documents previously reviewed and cleared for receipt by you, and already in your possession at the outset of the visit, may be discussed or reviewed by you and your attorney during the visit.

i) None of the materials provided may include inflammatory materials, materials inciting violence, military training materials, or materials that may be used to pass messages from inmate to inmate, unless such materials have been precleared by the USA/DMA and FBI.

ii) The USA/DMA may authorize additional documents to be presented to you. If any document not listed or described above needs to be transmitted to you, consent for the transmission of the document may be obtained from the USA/DMA without the need to formally seek approval for an amendment to the SAM.

i) **Legal Mail**[6] – Your attorney may not send, communicate, distribute, or divulge your mail, or any of its contents (legal or otherwise), to third parties, except when disclosure of the contents is necessary for the sole purpose of providing necessary legal services related to your post-sentencing proceedings – and not for any other reason. The inmate is prohibited from sending any hobby craft or photographs via legal mail.

**II)** In signing the SAM acknowledgment document, your attorney and precleared staff will acknowledge the restriction that only your case-related documents will be presented to you, and that the attorney and his or her staff are strictly prohibited from forwarding third-party mail to or from you.

3) <u>**Inmate's Non-legal Contacts**</u>

a) **Non-legally Privileged Telephone Contacts –**

i) You are only authorized to have non-legally privileged telephone calls with your immediate family members.[7]

---

[6] "Legal mail" is defined as properly marked correspondence (marked "Legal Mail") addressed to or from the inmate's attorney. All other mail, including that otherwise defined by the USMS/ BOP/DF as Special Mail, shall be processed as "non-legal mail."

[7] The inmate's "immediate family members" are defined as the inmate's (USMS/BOP/DF- or FBI-verifiable) spouse, children, parents, and siblings. Requests for additional non-legal contacts may be submitted and will be considered on a case-by-case basis.

ii) The quantity and duration of your non-legally privileged telephone calls with your immediate family members shall be set by the USMS/BOP/DF, with a minimum of one call per month.

b) **Rules for Telephone Calls** – For all non-legally privileged telephone calls or communications, no telephone call/communication, or portion thereof:

i) Is to be overheard by a third party.

ii) Is to be patched through, or in any manner forwarded or transmitted, to a third party.

iii) Shall be divulged in any manner to a third party.

iv) Shall be in any manner recorded or preserved.[8]

All telephone calls shall be in English unless a fluent USMS/BOP/DF- or FBI-approved interpreter/translator is available to contemporaneously monitor the telephone call. Arranging for an interpreter/translator may require at least fourteen (14) days' advance notice.

c) **Telephone SAM Restriction Notifications** – For all non-legally privileged telephone calls to your immediate family member(s):

i) The USMS/BOP/DF shall inform you of the telephone SAM restrictions prior to each telephone call.

ii) The USMS/BOP/DF shall verbally inform your immediate family member(s) on the opposite end of your telephone communication of the SAM restrictions. The USMS/BOP/DF is only required to notify your communication recipient in English.

iii) The USMS/BOP/DF shall document each such telephone notification.

d) **Family Call Monitoring** – All calls with your immediate family member(s) shall be:

i) Contemporaneously monitored by the FBI.

---

[8] Except by the USMS/BOP/DF, FBI, DOJ, or other duly authorized federal authorities.

ii) Contemporaneously recorded (as directed by the FBI) in a manner that allows such telephone calls to be analyzed for indications the call is being used to pass messages soliciting or encouraging acts of violence or other crimes, or to otherwise attempt to circumvent the SAM.

iii) A copy of each telephone call recording involving an inmate/immediate family member shall be provided to the FBI by the USMS/BOP/DF. These recordings shall be forwarded on a call-by-call basis as soon as practicable.

e) **Improper Communications** – If telephone call monitoring or analysis reveals that any call or portion of a call involving you contains any indication of a discussion of illegal activity, the soliciting or encouraging of acts of violence or terrorism, or actual or attempted circumvention of the SAM, you shall not be permitted any further calls to your immediate family members for a period of time to be determined by the USMS/BOP/DF. If contemporaneous monitoring reveals such inappropriate activity, the telephone call may be immediately terminated.

f) **Non-legal Visits** –

i) **Limited Visitors** – You shall be permitted to visit only with your immediate family members, as well as the following individuals: Ziyaudy Khozhugov (nephew), Isaiah Aamir Briones (nephew), Imani Briones (niece), and Jannah Sumaya Briones (niece), if accompanied by their mother, Ailina Tsarvaeva; Ramzan Mamakaev (nephew), Saliha Ahmad Khalil (niece), Dahesh Khalil (nephew), and Yasin Khalil (nephew), if accompanied by their mother, Bella Tsarnaeva; Zahira Tsarnaeva (niece), if accompanied by an approved immediate family contact such as Bella Tsarnaeva or Ailina Tsarnaeva. The visitor's identity and family member relationship to you will be confirmed by the USMS/BOP/DF and FBI in advance.

ii) **English Requirement** – All communications during non-legal inmate visits will be in English unless a fluent USMS/BOP/DF- or FBI-approved interpreter/translator is readily available to contemporaneously monitor the communication/visit. Arranging for an interpreter/translator may require at least fourteen (14) days' advance notice.

iii) **Visit Criteria** – All non-legal visits shall be:

(1) Contemporaneously monitored by the USMS/BOP/DF and/or FBI, in a manner that allows such visits to be analyzed for indications the

visit is being used to pass messages soliciting or encouraging acts of violence or other crimes, or to otherwise attempt to circumvent the SAM.

(2) Permitted only with a minimum of fourteen (14) calendar days' advance written notice to the USMS/BOP/DF facility where you are housed.

(3) Without any physical contact. All such meetings shall be non-contact to protect against harm to visitors or staff.

(4) Limited to one adult visitor at a time. However, your FBI-verified children may visit with a pre-approved adult visitor.

g) **Non-legal Mail** – Non-legal mail is any mail not clearly and properly addressed to/from your attorney and marked "Legal Mail" (incoming or outgoing). In addition to non-legal mail from your attorney, as discussed in subparagraph 2.h., non-legal mail is only authorized with your immediate family, U.S. courts, federal judges, U.S. Attorneys' Offices, members of U.S. Congress, the BOP, or other federal law enforcement entities. You are also permitted to conduct non-legal written correspondence with the following family members: Isaiah Aamir Briones (nephew), Imani Briones (niece), Saliha Ahmad Khalil (niece), Dahesh Khalil (nephew), Jannah Sumaya Briones (niece), and Yasin Khalil (nephew). You are prohibited from sending any hobby crafts or photographs via non-legal mail.

i) **General correspondence with limitations** – Correspondence is authorized only with immediate family members as well as family members: Isaiah Aamir Briones (nephew), Imani Briones (niece), Saliha Ahmad Khalil (niece), Dahesh Khalil (nephew), Jannah Sumaya Briones (niece), and Yasin Khalil (nephew). The volume and frequency of outgoing general correspondence with immediate family members may be limited to three pieces of paper (not larger than 8 ½" x 11"), double-sided, once per calendar week to a single recipient, at the discretion of the USMS/BOP/DF. The identity and family member relationship to you will be confirmed by the USMS/BOP/DF and FBI.

ii) **General correspondence without limitations** – There is no volume or frequency limitation on correspondence to/from U.S. courts, federal judges, U.S. Attorneys' Offices, members of U.S. Congress, the BOP, and other federal law enforcement entities, unless there is evidence of abuse of these privileges, threatening correspondence is detected,

circumvention of the SAM is detected, or the quantity to be processed becomes unreasonable to the extent that efficient processing to protect the security, good order, or discipline of the institution, the public, or national security may be jeopardized.

iii) All non-legal mail shall be –

(1) **Copied** – Shall be copied (including the surface of the envelope) by the warden, or his or her designee, of the facility in which you are housed.

(2) **Forwarded** – Shall be forwarded, in copy form, to the location designated by the FBI.

(3) **Analyzed** – After government analysis and approval, if appropriate, your incoming/outgoing non-legal mail shall be forwarded to the USMS/BOP/DF for delivery to you (incoming), or directly to the addressee (outgoing).

iv) The federal government shall forward your non-legal mail to the USMS/ BOP/DF for delivery to you or directly to the addressee after a review and analysis period of:

(1) A reasonable time not to exceed fourteen (14) business days for mail that is written entirely in the English language.

(2) A reasonable time not to exceed sixty (60) business days for any mail that includes writing in any language other than English, to allow for translation.

(3) A reasonable time not to exceed sixty (60) business days for any mail where the federal government has reasonable suspicion to believe that a code was used, to allow for decoding.

v) **Mail Seizure** – If outgoing/incoming mail is determined by the USMS/ BOP/DF or FBI to contain overt or covert discussions of or requests for illegal activities, the soliciting or encouraging of acts of violence or terrorism, or actual or attempted circumvention of the SAM, the mail shall not be delivered/forwarded to the intended recipient but referred to the FBI for appropriate action. You shall be notified in writing of the seizure of any mail.

4) **Communication with News Media** – You shall not be permitted to speak, meet, correspond, or otherwise communicate with any member or representative of the news media in person; by telephone; by furnishing a recorded message; through the mail, your attorney, or a third party; or otherwise.

5) **Religious Visitation**

a) If a USMS/BOP/DF- and/or FBI-approved religious representative is to be present for prayer with you, the prayer shall be conducted as part of a contact or non-contact visit, at the discretion of the USMS/BOP/DF.

6) **No Communal Cells and No Communication Between Cells**

a) You shall not be allowed to share a cell with another inmate.

b) You shall be limited within the USMS/BOP/DF's reasonable efforts and existing confinement conditions, from communicating with any other inmate by making statements audible to other inmates or by sending notes to other inmates.

7) **Cellblock Procedures**

a) You shall be kept separated from other inmates as much as possible while in the cellblock area.

b) You shall be limited, within the USMS/BOP/DF's reasonable efforts and existing confinement conditions, from communicating with any other inmate while in the cellblock area.

8) **Access to Mass Communications** – To prevent you from receiving and acting upon critically timed information or information coded in a potentially undetectable manner, your access to materials of mass communication is restricted as follows:

a) **Publications/Newspapers** –

i) You may have access to publications determined not to facilitate criminal activity or be detrimental to national security; the security, good order, or discipline of the institution; or the protection of the public. This determination is to be made by the USMS/BOP/DF, in consultation with the USA/DMA. You may correspond with the publishing company regarding technical aspects of the publication, i.e., availability of particular volumes, billing questions, etc. The review of this correspondence will be in accordance with section 8(a)(iii), below.

ii) Sections of any publication/newspaper that offer a forum for information to be passed by unknown and/or unverified individuals, including but not limited to classified advertisements and letters to the editor, should be removed from the publications/newspapers prior to distribution to you.

iii) If restricted by the USMS/BOP/DF rules, access to a publication will be denied. If acceptable, upon delivery, the USMS/BOP/DF will review the publication and make the initial determination. If the FBI's expertise is required, the publication will be forwarded to the FBI for review. The USMS/BOP/DF will also forward the publication to the FBI if translations are needed to make that determination. (In these cases, the FBI shall respond to the USMS/BOP/DF within fourteen (14) business days.) You shall then have access to the remaining portions of the publications/newspapers deemed acceptable, in accordance with USMS/BOP/DF policy.

iv) In order to avoid passing messages/information from inmate to inmate, you shall be allowed to share institutionally purchased publications/ newspapers with other SAM inmates only after each publication/ newspaper is physically screened by staff to ensure that messages cannot be passed between the SAM inmates. Publications/newspapers individually purchased by you may not be shared with any other inmate.

b) **Television and Radio** – You are authorized to have television and radio viewing and listening privileges, in accordance with standard and applicable USMS/BOP/DF policies and procedures.

c) **Termination or Limitation** – If the USMS/BOP/DF determines that mass communications are being used as a vehicle to send messages to you relating to the furtherance of terrorist or criminal activities, your access may be limited or terminated for a period of time to be determined by the USMS/BOP/DF.

9) **Access to Books**

a) You may have access to all books that do not facilitate criminal activity or present a substantial threat to national security or the security, discipline, or good order of the institution. This initial determination is to be made by the USMS/BOP/DF and, if the USMS/BOP/DF determines that the FBI's expertise is required, the book(s) will be forwarded to the FBI for review. In conducting its analysis, the FBI will determine whether the book advocates or promotes acts of terrorism or violence and/or whether access to the book by you would pose a substantial threat to national security.

b) In order to avoid passing messages/information from inmate to inmate, you shall be allowed to share institutionally purchased books with other SAM inmates only after each book is physically screened by staff to ensure that messages cannot be passed between the SAM inmates. Books individually purchased by you may not be shared with any other inmate.

10) **Transfer of Custody** – In the event that you are transferred to or from the custody of the USMS, BOP, or any other DF, the SAM provisions authorized for you shall continue in effect, without need for any additional DOJ authorization.

## CONCLUSION

The SAM set forth herein, especially as they relate to attorney-client privileged communications and family contact, are reasonably necessary to prevent you from committing, soliciting, or conspiring to commit additional criminal activity. Moreover, these measures are the least restrictive that can be tolerated in light of your ability to aid, knowingly or inadvertently, in plans that create a substantial risk that your communications or contacts with persons could result in death or serious bodily injury to persons.

With respect to telephone privileges, the SAM are reasonably necessary because of the high probability of calls to co-conspirators to arrange terrorist or criminal activities.

With respect to mail privileges, the SAM are necessary to prevent you from receiving or passing along critically timed messages. Accordingly, your interest in the timely receipt and/or submission of mail, with the possible danger the contents of the mail may pose to others has been weighed. It has been determined that delaying mail delivery to allow authorized personnel to examine a copy of the mail is the least restrictive means available to ensure that the mail is not being used to deliver requests for, or to assist in, violent threats, and/or criminal acts against government witnesses or others.

To the extent that the use of an interpreter/translator is necessary, the government has the right to ensure that the interpreter/translator given access to you is worthy of trust.

The SAM's prohibition of contact with the media is reasonably necessary. Communication with the media could pose a substantial risk to public safety if you advocate terrorist, criminal, and/or violent offenses, or if you make statements designed to incite such acts. Based upon your past behavior, it would be unwise to wait until after you solicit or attempt to arrange a violent or terrorist act to justify such media restrictions.

Notification of Extension of Special Administrative Measures
Dzhokhar Tsarnaev, Reg. No. 95079-038
September 1, 2021
Page 17

The SAM's limitations on access to mass communications are reasonably necessary to prevent you from receiving and acting upon critically timed messages. Such messages may be placed in advertisements or communicated through other means, such as the television and/or radio. It is believed that limiting and/or delaying media access may interrupt communication patterns you may develop with the outside world, and ensure that the media is not used to communicate information that furthers terrorist, violent, and/or criminal activities.

These conditions are imposed by the USMS/BOP/DF at the request of the Attorney General, through his designated agent, the Deputy Assistant Attorney General.

Received: September 7, ~~2019~~ 2021
(17 pages)

Refused to Sign
Dzhokhar Tsarnaev
Reg. No. 95079-038

"Sensitive But Unclassified"

# Attachment 3
# Inmate History for Tsarnaev

*Tsarnaev v. Garland*, *et al.*,
No. 21-cv-00010-MEH (D. Colo.)

REG NO..: 95079-038 NAME....: TSARNAEV, DZHOKHAR A
CATEGORY: ARS FUNCTION: PRT FORMAT:

| FCL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|---|---|---|---|---|
| FLM | A-DES | DESIGNATED, AT ASSIGNED FACIL | 07-16-2015 1225 | CURRENT |
| 5-X | RELEASE | RELEASED FROM IN-TRANSIT FACL | 07-16-2015 1425 | 07-16-2015 1425 |
| 5-X | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 07-16-2015 1415 | 07-16-2015 1425 |
| FLP | TRANSFER | TRANSFER | 07-16-2015 1215 | 07-16-2015 1215 |
| FLP | A-DES | DESIGNATED, AT ASSIGNED FACIL | 06-25-2015 1400 | 07-16-2015 1215 |
| 7-F | RELEASE | RELEASED FROM IN-TRANSIT FACL | 06-25-2015 1600 | 06-25-2015 1600 |
| 7-F | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 06-25-2015 0801 | 06-25-2015 1600 |
| DEV | HLD REMOVE | HOLDOVER REMOVED | 06-25-2015 0801 | 06-25-2015 0801 |
| DEV | A-HLD | HOLDOVER, TEMPORARILY HOUSED | 06-24-2015 1710 | 06-25-2015 0801 |
| 9-L | RELEASE | RELEASED FROM IN-TRANSIT FACL | 06-24-2015 1710 | 06-24-2015 1710 |
| 9-L | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 06-24-2015 1652 | 06-24-2015 1710 |
| DSC | ADMIN REL | ADMINISTRATIVE RELEASE | 06-24-2015 1552 | 06-24-2015 1552 |
| DSC | A-ADMIN | ADMINISTRATIVE ADMISSION | 06-24-2015 1543 | 06-24-2015 1552 |
| 7-F | RELEASE | RELEASED FROM IN-TRANSIT FACL | 06-24-2015 1643 | 06-24-2015 1643 |
| 7-F | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 06-24-2015 0430 | 06-24-2015 1643 |
| DEV | HLD REMOVE | HOLDOVER REMOVED | 06-24-2015 0430 | 06-24-2015 0430 |
| DEV | A-HLD | HOLDOVER, TEMPORARILY HOUSED | 05-15-2015 1952 | 06-24-2015 0430 |
| DEV | PRE REMOVE | PRE SENT DETAINEE REMOVED | 05-10-2015 1731 | 05-15-2015 1952 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 05-07-2015 1610 | 05-10-2015 1731 |
| DEV | PRE REMOVE | PRE SENT DETAINEE REMOVED | 05-03-2015 1735 | 05-07-2015 1610 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 04-30-2015 1926 | 05-03-2015 1735 |
| DEV | PRE REMOVE | PRE SENT DETAINEE REMOVED | 04-26-2015 1750 | 04-30-2015 1926 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 04-23-2015 1950 | 04-26-2015 1750 |
| DEV | PRE REMOVE | PRE SENT DETAINEE REMOVED | 04-20-2015 1950 | 04-23-2015 1950 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 04-15-2015 1236 | 04-20-2015 1950 |
| DEV | PRE REMOVE | PRE SENT DETAINEE REMOVED | 04-13-2015 2024 | 04-15-2015 1236 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 04-09-2015 1315 | 04-13-2015 2024 |
| DEV | PRE REMOVE | PRE SENT DETAINEE REMOVED | 04-05-2015 1818 | 04-09-2015 1315 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 04-02-2015 1309 | 04-05-2015 1818 |
| DEV | PRE REMOVE | PRE SENT DETAINEE REMOVED | 03-29-2015 1728 | 04-02-2015 1309 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 03-26-2015 2040 | 03-29-2015 1728 |
| DEV | PRE REMOVE | PRE SENT DETAINEE REMOVED | 03-22-2015 1740 | 03-26-2015 2040 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 03-19-2015 2023 | 03-22-2015 1740 |
| DEV | PRE REMOVE | PRE SENT DETAINEE REMOVED | 03-15-2015 1808 | 03-19-2015 2023 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 03-12-2015 2011 | 03-15-2015 1808 |
| DEV | PRE REMOVE | PRE SENT DETAINEE REMOVED | 03-08-2015 1748 | 03-12-2015 2011 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 03-05-2015 2025 | 03-08-2015 1748 |
| DEV | PRE REMOVE | PRE SENT DETAINEE REMOVED | 03-01-2015 1732 | 03-05-2015 2025 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 02-26-2015 1346 | 03-01-2015 1732 |
| DEV | PRE REMOVE | PRE SENT DETAINEE REMOVED | 02-22-2015 1740 | 02-26-2015 1346 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 02-20-2015 2011 | 02-22-2015 1740 |

REG NO..: 95079-038 NAME....: TSARNAEV, DZHOKHAR A
CATEGORY: ARS FUNCTION: PRT FORMAT:

| FCL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|---|---|---|---|---|
| DEV | PRE REMOVE | PRE SENT DETAINEE REMOVED | 02-16-2015 1840 | 02-20-2015 2011 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 02-13-2015 2023 | 02-16-2015 1840 |
| DEV | PRE REMOVE | PRE SENT DETAINEE REMOVED | 02-08-2015 1642 | 02-13-2015 2023 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 02-06-2015 2052 | 02-08-2015 1642 |
| DEV | PRE REMOVE | PRE SENT DETAINEE REMOVED | 02-01-2015 1516 | 02-06-2015 2052 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 01-30-2015 2039 | 02-01-2015 1516 |
| DEV | PRE REMOVE | PRE SENT DETAINEE REMOVED | 01-25-2015 1729 | 01-30-2015 2039 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 01-23-2015 2040 | 01-25-2015 1729 |
| DEV | PRE REMOVE | PRE SENT DETAINEE REMOVED | 01-20-2015 0354 | 01-23-2015 2040 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 01-16-2014 2101 | 01-20-2015 0354 |
| DEV | PRE REMOVE | PRE SENT DETAINEE REMOVED | 01-12-2015 2048 | 01-16-2015 2102 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 01-08-2015 1507 | 01-12-2015 2048 |
| DEV | PRE REMOVE | PRE SENT DETAINEE REMOVED | 01-03-2015 1936 | 01-08-2015 1507 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 12-18-2014 1249 | 01-03-2015 1936 |
| DEV | PRE REMOVE | PRE SENT DETAINEE REMOVED | 12-18-2014 0515 | 12-18-2014 1249 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 07-17-2013 0707 | 12-18-2014 0515 |
| DEV | L HOSP USM | ESC TRP TO LOC HOSP W/RETN-USM | 07-17-2013 0202 | 07-17-2013 0707 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 07-10-2013 1745 | 07-17-2013 0202 |
| DEV | PRE REMOVE | PRE SENT DETAINEE REMOVED | 07-10-2013 1015 | 07-10-2013 1745 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 05-08-2013 0848 | 07-10-2013 1015 |
| DEV | L HOSP USM | ESC TRP TO LOC HOSP W/RETN-USM | 05-08-2013 0528 | 05-08-2013 0848 |
| DEV | A-PRE | PRE-SENT ADMIT, ADULT | 04-26-2013 0400 | 05-08-2013 0528 |

G0000 TRANSACTION SUCCESSFULLY COMPLETED

# Attachment 4
# Administrative Remedy
# Generalized Retrieval Index

*Tsarnaev v. Garland, et al.*,
No. 21-cv-00010-MEH (D. Colo.)

```
  FLMBT         *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *     10-28-2021
PAGE 001 OF                                                        11:34:19
     FUNCTION: L-P SCOPE: REG   EQ 95079-038     OUTPUT FORMAT: FULL
-------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM __________ THRU __________ DT STS: FROM __________ THRU __________
DT STS: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT RDU
DT TDU: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT TRT
STS/REAS: ______ ______ ______ ______ ______ ______ ______ ______ ______ ______
SUBJECTS: ____ ____ ____ ____ ____ ____ ____ ____ ____ ____ ____ ____ ____ ____
EXTENDED: _ REMEDY LEVEL: _ _             RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
RCV  OFC : EQ ____       ____       ____       ____       ____       ____
TRACK:  DEPT: __________ __________ __________ __________ __________ __________
      PERSON: ___        ___        ___        ___        ___        ___
        TYPE: ___        ___        ___        ___        ___        ___
EVNT FACL: EQ ____       ____       ____       ____       ____       ____
RCV FACL.: EQ ____       ____       ____       ____       ____       ____
RCV UN/LC: EQ __________ __________ __________ __________ __________ __________
RCV QTR..: EQ __________ __________ __________ __________ __________ __________
ORIG FACL: EQ ____       ____       ____       ____       ____       ____
ORG UN/LC: EQ __________ __________ __________ __________ __________ __________
ORIG QTR.: EQ __________ __________ __________ __________ __________ __________
```

```
G0002       MORE PAGES TO FOLLOW . . .
```

REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H QTR.: H01-106L RCV OFC: FLM
REMEDY ID: 915552-F1 SUB1: 13ZM SUB2: DATE RCV: 09-14-2017
UNT RCV..:H QTR RCV.: H01-101L FACL RCV: FLM
UNT ORG..:H QTR ORG.: H01-101L FACL ORG: FLM
EVT FACL.: FLM ACC LEV: FLM 1 NCR 2 BOP 1 RESP DUE: WED 10-04-2017
ABSTRACT.: CHALLENGES SAM RESTRICTIONS
STATUS DT: 09-22-2017 STATUS CODE: CLO STATUS REASON: XPL
INCRPTNO.: RCT: P EXT: DATE ENTD: 09-15-2017
REMARKS..:

CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA

| DATE DUE | DEPARTMENT | TO | DATE ASSN | TRK TYPE | DATE RETURNED |
|---|---|---|---|---|---|
| TUE 09-26-2017 | LGL SVC | KK | 09-15-2017 | INV | 09-21-2017 |

REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H QTR.: H01-106L RCV OFC: FLM
REMEDY ID: 916472-F1 SUB1: 13ZM SUB2: DATE RCV: 09-21-2017
UNT RCV..:H QTR RCV.: H01-101L FACL RCV: FLM
UNT ORG..:H QTR ORG.: H01-101L FACL ORG: FLM
EVT FACL.: FLM ACC LEV: FLM 1 RESP DUE: TUE 10-31-2017
ABSTRACT.: CHALLENGES REJ OF BOOKS FOR NON-SAM CONTACTS
STATUS DT: 12-18-2017 STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.: RCT: P EXT: P DATE ENTD: 09-25-2017
REMARKS..:

CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA

| DATE DUE | DEPARTMENT | TO | DATE ASSN | TRK TYPE | DATE RETURNED |
|---|---|---|---|---|---|
| MON 10-02-2017 | LGL SVC | KK | 09-25-2017 | INV | 12-15-2017 |

```
REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                      QTR.: H01-106L   RCV OFC: NCR
REMEDY ID: 915552-R1      SUB1: 13ZM SUB2:      DATE RCV:   10-16-2017
UNT  RCV..:H            QTR RCV.: H01-101L      FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-101L      FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:  FLM  1 NCR  2 BOP  1   RESP DUE:
ABSTRACT.: CHALLENGES SAM RESTRICTIONS
STATUS DT: 10-16-2017  STATUS CODE: REJ STATUS REASON: QUA UTR OTH RSR
INCRPTNO.:           RCT:   EXT:   DATE ENTD: 10-16-2017
REMARKS..: WARDEN RESPONSE DATED 09-21-17. YOU MUST PROVIDE
           STAFF VERIFICATION ON BOP LETTER HEAD UNTIMELINESS
           NOT YOUR FAULT.

REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                      QTR.: H01-106L   RCV OFC: FLM
REMEDY ID: 920210-F1      SUB1: 13ZM SUB2:      DATE RCV:   10-26-2017
UNT  RCV..:H            QTR RCV.: H01-101L      FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-101L      FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:  FLM  1 NCR  1 BOP  1   RESP DUE:  TUE  12-05-2017
ABSTRACT.: CHALLENGES DENIAL OF RECEIVING FUNDS WHILE ON SAM
STATUS DT: 12-04-2017  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.:           RCT: P EXT: P DATE ENTD: 11-01-2017
REMARKS..:
```

CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA

| DATE DUE | DEPARTMENT | TO | DATE ASSN | TRK TYPE | DATE RETURNED |
|---|---|---|---|---|---|
| THU 11-09-2017 | LGL SVC | | 11-01-2017 | INV | 11-30-2017 |

```
REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                    QTR.: H01-106L   RCV OFC: NCR
REMEDY ID: 915552-R2      SUB1: 13ZM SUB2:       DATE RCV:   11-20-2017
UNT  RCV..:H            QTR RCV.: H01-101L      FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-101L      FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:  FLM  1 NCR  2 BOP  1   RESP DUE:  WED  12-20-2017
ABSTRACT.: CHALLENGES SAM RESTRICTIONS
STATUS DT: 11-30-2017  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.:           RCT: P EXT:   DATE ENTD: 11-21-2017
REMARKS..:
```

```
REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                    QTR.: H01-106L   RCV OFC: NCR
REMEDY ID: 920210-R1      SUB1: 13ZM SUB2:       DATE RCV:   01-08-2018
UNT  RCV..:H            QTR RCV.: H01-101L      FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-101L      FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:  FLM  1 NCR  1 BOP  1   RESP DUE:  WED  02-07-2018
ABSTRACT.: CHALLENGES DENIAL OF RECEIVING FUNDS WHILE ON SAM
STATUS DT: 01-29-2018  STATUS CODE: CLO STATUS REASON: XPL
INCRPTNO.:           RCT: P EXT:   DATE ENTD: 01-09-2018
REMARKS..:
```

```
REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                    QTR.: H01-106L   RCV OFC: BOP
REMEDY ID: 915552-A1      SUB1: 13ZM SUB2:       DATE RCV:   01-10-2018
UNT  RCV..:H            QTR RCV.: H01-101L       FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-101L       FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:  FLM  1 NCR  2 BOP  1   RESP DUE:  SUN  03-11-2018
ABSTRACT.: SAM RESTRICTIONS/CORRESPOND W/NIECE & NEPHEWS
STATUS DT: 01-30-2018  STATUS CODE: CLO STATUS REASON: XPL
INCRPTNO.:           RCT: P EXT: P DATE ENTD: 01-21-2018
REMARKS..:
```

```
REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                    QTR.: H01-106L   RCV OFC: BOP
REMEDY ID: 920210-A1      SUB1: 13ZM SUB2: 25FM DATE RCV:   03-07-2018
UNT  RCV..:H            QTR RCV.: H01-101L       FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-101L       FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:  FLM  1 NCR  1 BOP  1   RESP DUE:  SUN  05-06-2018
ABSTRACT.: CHALLENGES DENIAL OF RECEIVING FUNDS WHILE ON SAM
STATUS DT: 04-06-2018  STATUS CODE: CLO STATUS REASON: XPL
INCRPTNO.:           RCT: P EXT: P DATE ENTD: 03-23-2018
REMARKS..:
```

REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H QTR.: H01-106L RCV OFC: FLM
REMEDY ID: 950238-F1 SUB1: 16EM SUB2: 13ZM DATE RCV: 08-06-2018
UNT RCV..:H QTR RCV.: H01-101L FACL RCV: FLM
UNT ORG..:H QTR ORG.: H01-101L FACL ORG: FLM
EVT FACL.: FLM ACC LEV: RESP DUE:
ABSTRACT.: LETTER WRITTEN TO SISTER REJECTED, ALLOWED PER SAM
STATUS DT: 08-14-2018 STATUS CODE: REJ STATUS REASON: UTF MEM RSF
INCRPTNO.: RCT: EXT: DATE ENTD: 08-14-2018
REMARKS..: THE TIME FRAME FROM WHEN THE BP-8 WAS ISSUED TO WHEN
THE BP-9 WAS RECEIVED IS NOT TIMELY. THE BP-8 WAS
RETURNED 6-13-18 AND REMEDY CLERK RECEIVED 8-6-18.

REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H QTR.: H01-106L RCV OFC: FLM
REMEDY ID: 955065-F1 SUB1: 13ZM SUB2: 14HM DATE RCV: 09-19-2018
UNT RCV..:H QTR RCV.: H01-102L FACL RCV: FLM
UNT ORG..:H QTR ORG.: H01-102L FACL ORG: FLM
EVT FACL.: FLM ACC LEV: FLM 1 RESP DUE: TUE 10-09-2018
ABSTRACT.: REQUESTS TO BE MOVED BACK TO PHASE 2
STATUS DT: 10-15-2018 STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.: RCT: P EXT: DATE ENTD: 09-28-2018
REMARKS..:

CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA

| DATE DUE | DEPARTMENT | TO | DATE ASSN | TRK TYPE | DATE RETURNED |
|---|---|---|---|---|---|
| TUE 10-09-2018 | UNT MGT | AT | 09-28-2018 | INV | 10-16-2018 |

G0002 MORE PAGES TO FOLLOW . . .

REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H QTR.: H01-106L RCV OFC: FLM
REMEDY ID: 970290-F1 SUB1: 25ZM SUB2: 15ZM DATE RCV: 03-05-2019
UNT RCV..:H QTR RCV.: H01-103L FACL RCV: FLM
UNT ORG..:H QTR ORG.: H01-103L FACL ORG: FLM
EVT FACL.: FLM ACC LEV: FLM 1 RESP DUE: MON 03-25-2019
ABSTRACT.: APPEALS REMOVAL PHASE II, CAN'T SHOWER FOR FOUR DAYS
STATUS DT: 03-14-2019 STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.: RCT: P EXT: DATE ENTD: 03-07-2019
REMARKS..:

CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA

| DATE DUE | DEPARTMENT | TO | DATE ASSN | TRK TYPE | DATE RETURNED |
|---|---|---|---|---|---|
| MON 03-18-2019 | UNT MGT | AT | 03-07-2019 | INV | 03-15-2019 |

REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H QTR.: H01-106L RCV OFC: FLM
REMEDY ID: 978521-F1 SUB1: 18ZM SUB2: 20CM DATE RCV: 05-01-2019
UNT RCV..:H QTR RCV.: H01-103L FACL RCV: FLM
UNT ORG..:H QTR ORG.: H01-103L FACL ORG: FLM
EVT FACL.: FLM ACC LEV: RESP DUE:
ABSTRACT.: CLAIMS FAMILY VISIT DENIED, EXPUNGE INCIDENT REPORT
STATUS DT: 05-24-2019 STATUS CODE: REJ STATUS REASON: WRL MLT
INCRPTNO.: RCT: EXT: DATE ENTD: 05-24-2019
REMARKS..: ALL DHO APPEALS MUST BE FILED AT THE REGIONAL LEVEL.
YOU HAVE MULTIPLE ISSUES AND MUST FILE YOUR
VISITING ISSUE SEPARATE FROM DHO APPEAL.

```
REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                        QTR.: H01-106L   RCV OFC: FLM
REMEDY ID: 982935-F1      SUB1: 24CM SUB2:        DATE RCV:   06-14-2019
UNT  RCV..:H            QTR RCV.: H01-101L      FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-101L      FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:                         RESP DUE:
ABSTRACT.: CLAIMS HALAL BREAKFAST IS SMALL
STATUS DT: 07-01-2019  STATUS CODE: REJ STATUS REASON: MSI RSF OTH
INCRPTNO.:           RCT:   EXT:   DATE ENTD: 07-01-2019
REMARKS..: PLEASE BE MORE SPECIFIC WITH WHAT FOODS YOU
           WOULD LIKE TO SEE ON THE BREAKFAST TRAY.  WHAT DO
           YOU MEAN BY A "DECENT BREAKFAST?"

REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                        QTR.: H01-106L   RCV OFC: FLM
REMEDY ID: 985904-F1      SUB1: 25DM SUB2:        DATE RCV:   07-26-2019
UNT  RCV..:H            QTR RCV.: H01-101L      FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-101L      FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:                         RESP DUE:
ABSTRACT.: CHALLENGES CONFISCATION OF WHITE BALL CAP, BANDANA
STATUS DT: 07-30-2019  STATUS CODE: REJ STATUS REASON: INF
INCRPTNO.:           RCT:   EXT:   DATE ENTD: 07-30-2019
REMARKS..:
```

REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H QTR.: H01-106L RCV OFC: NCR
REMEDY ID: 985904-R1 SUB1: 25DM SUB2: DATE RCV: 08-13-2019
UNT RCV..:H QTR RCV.: H01-102L FACL RCV: FLM
UNT ORG..:H QTR ORG.: H01-101L FACL ORG: FLM
EVT FACL.: FLM ACC LEV: RESP DUE:
ABSTRACT.: CHALLENGES CONFISCATION OF WHITE BALL CAP, BANDANA
STATUS DT: 08-16-2019 STATUS CODE: REJ STATUS REASON: INS
INCRPTNO.: RCT: EXT: DATE ENTD: 08-16-2019
REMARKS..:

REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H QTR.: H01-106L RCV OFC: BOP
REMEDY ID: 985904-A1 SUB1: 25DM SUB2: DATE RCV: 09-28-2019
UNT RCV..:H QTR RCV.: H01-102L FACL RCV: FLM
UNT ORG..:H QTR ORG.: H01-101L FACL ORG: FLM
EVT FACL.: FLM ACC LEV: RESP DUE:
ABSTRACT.: CHALLENGES CONFISCATION OF WHITE BALL CAP, BANDANA
STATUS DT: 11-01-2019 STATUS CODE: REJ STATUS REASON: WRL DIR
INCRPTNO.: RCT: EXT: DATE ENTD: 11-01-2019
REMARKS..:

```
REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                   QTR.: H01-106L   RCV OFC: FLM
REMEDY ID: 999331-F1      SUB1: 13ZM SUB2: 16CM DATE RCV:   12-05-2019
UNT  RCV..:H            QTR RCV.: H01-103L      FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-103L      FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:  FLM  1 NCR  1          RESP DUE:  WED  12-25-2019
ABSTRACT.: HOBBY CRAFT PCKG WAS DENIED, RQSTS PCKG BE ALLOWED
STATUS DT: 01-07-2020  STATUS CODE: CLO STATUS REASON: XPL
INCRPTNO.:           RCT: P EXT:   DATE ENTD: 12-05-2019
REMARKS..:
```

CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA

| DATE DUE | DEPARTMENT | TO | DATE ASSN | TRK TYPE | DATE RETURNED |
|---|---|---|---|---|---|
| MON 12-16-2019 | LGL SVC | | 12-05-2019 | INV | 01-07-2020 |

```
REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                   QTR.: H01-106L   RCV OFC: FLM
REMEDY ID: 1002621-F1     SUB1: 16BM SUB2: 13ZM DATE RCV:   01-08-2020
UNT  RCV..:H            QTR RCV.: H01-103L      FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-103L      FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:  NCR  1                 RESP DUE:
ABSTRACT.: REQSTS SAMS TO BE REM'VD AND ALLOWED TO SEND PHOTOS
STATUS DT: 01-10-2020  STATUS CODE: REJ STATUS REASON: UTF OTH
INCRPTNO.:           RCT:   EXT:   DATE ENTD: 01-10-2020
REMARKS..: EVENT IN COMPLAINT OCCURED APRIL OF 2019
```

```
REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                     QTR.: H01-106L   RCV OFC: NCR
REMEDY ID: 999331-R1      SUB1: 13ZM SUB2: 16CM DATE RCV:   01-27-2020
UNT  RCV..:H            QTR RCV.: H01-105L      FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-103L      FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:  FLM  1 NCR  1          RESP DUE:  WED  02-26-2020
ABSTRACT.: HOBBY CRAFT PCKG WAS DENIED, RQSTS PCKG BE ALLOWED
STATUS DT: 02-14-2020  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.:           RCT: P EXT:   DATE ENTD: 01-29-2020
REMARKS..:
```

```
REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                     QTR.: H01-106L   RCV OFC: NCR
REMEDY ID: 1002621-R1     SUB1: 16BM SUB2: 13ZM DATE RCV:   01-31-2020
UNT  RCV..:H            QTR RCV.: H01-105L      FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-103L      FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:  NCR  1                 RESP DUE:  TUE  03-31-2020
ABSTRACT.: REQSTS SAMS TO BE REM'VD AND ALLOWED TO SEND PHOTOS
STATUS DT: 03-04-2020  STATUS CODE: CLO STATUS REASON: XPL
INCRPTNO.:           RCT: P EXT: P DATE ENTD: 02-03-2020
REMARKS..:
```

```
REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                     QTR.: H01-106L   RCV OFC: FLM
REMEDY ID: 1008399-F1     SUB1: 13AM SUB2:        DATE RCV:   02-27-2020
UNT  RCV..:H            QTR RCV.: H01-105L      FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-105L      FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:  FLM  1 NCR  1          RESP DUE:  WED  03-18-2020
ABSTRACT.: CHALLANGES DENAIL OF NEXT PHASE
STATUS DT: 03-12-2020  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.:           RCT: P EXT:   DATE ENTD: 02-27-2020
REMARKS..:

                   CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA
DATE DUE           DEPARTMENT   TO     DATE ASSN    TRK TYPE    DATE RETURNED
TUE 03-03-2020     UNT MGT             02-27-2020     INV         03-12-2020

REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                     QTR.: H01-106L   RCV OFC: NCR
REMEDY ID: 1008399-R1     SUB1: 13AM SUB2:        DATE RCV:   04-06-2020
UNT  RCV..:H            QTR RCV.: H01-105L      FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-105L      FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:  FLM  1 NCR  1          RESP DUE:  FRI  06-05-2020
ABSTRACT.: CHALLANGES DENIAL OF NEXT PHASE
STATUS DT: 05-06-2020  STATUS CODE: CLO STATUS REASON: XPL
INCRPTNO.:           RCT: P EXT: P DATE ENTD: 04-07-2020
REMARKS..:
```

G0002 MORE PAGES TO FOLLOW . . .

```
REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                    QTR.: H01-106L   RCV OFC: BOP
REMEDY ID: 999331-A1      SUB1: 13ZM SUB2: 16CM DATE RCV:   04-14-2020
UNT  RCV..:H            QTR RCV.: H01-106L      FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-103L      FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:  FLM  1 NCR  1          RESP DUE:
ABSTRACT.: HOBBY CRAFT PCKG WAS DENIED, RQSTS PCKG BE ALLOWED
STATUS DT: 05-22-2020  STATUS CODE: REJ STATUS REASON: CPG RSA
INCRPTNO.:           RCT:   EXT:   DATE ENTD: 05-22-2020
REMARKS..:
```

```
REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                    QTR.: H01-106L   RCV OFC: BOP
REMEDY ID: 1002621-A1     SUB1: 16BM SUB2: 13ZM DATE RCV:   04-20-2020
UNT  RCV..:H            QTR RCV.: H01-106L      FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-103L      FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:  NCR  1                 RESP DUE:
ABSTRACT.: REQSTS SAMS TO BE REM'VD AND ALLOWED TO SEND PHOTOS
STATUS DT: 05-22-2020  STATUS CODE: REJ STATUS REASON: CPG RSA
INCRPTNO.:           RCT:   EXT:   DATE ENTD: 05-22-2020
REMARKS..:
```

REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H QTR.: H01-106L RCV OFC: FLM
REMEDY ID: 1015585-F1 SUB1: 13ZM SUB2: 25CM DATE RCV: 04-23-2020
UNT RCV..:H QTR RCV.: H01-106L FACL RCV: FLM
UNT ORG..:H QTR ORG.: H01-106L FACL ORG: FLM
EVT FACL.: FLM ACC LEV: FLM 1 RESP DUE: WED 05-13-2020
ABSTRACT.: RQSTS ADV'MENT IN PHASE IN ORDER TO SHOWER EVERYDAY
STATUS DT: 05-14-2020 STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.: RCT: P EXT: DATE ENTD: 04-23-2020
REMARKS..:

CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA

| DATE DUE | DEPARTMENT | TO | DATE ASSN | TRK TYPE | DATE RETURNED |
|---|---|---|---|---|---|
| TUE 04-28-2020 | UNT MGT | | 04-23-2020 | INV | 05-15-2020 |

REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H QTR.: H01-106L RCV OFC: FLM
REMEDY ID: 1032017-F1 SUB1: 13ZM SUB2: DATE RCV: 07-08-2020
UNT RCV..:H QTR RCV.: H01-106L FACL RCV: FLM
UNT ORG..:H QTR ORG.: H01-106L FACL ORG: FLM
EVT FACL.: FLM ACC LEV: FLM 1 RESP DUE: TUE 07-28-2020
ABSTRACT.: PHASE DENIAL
STATUS DT: 07-10-2020 STATUS CODE: CLO STATUS REASON: WDN
INCRPTNO.: RCT: P EXT: DATE ENTD: 07-09-2020
REMARKS..:

CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA

| DATE DUE | DEPARTMENT | TO | DATE ASSN | TRK TYPE | DATE RETURNED |
|---|---|---|---|---|---|
| TUE 07-14-2020 | UNT MGT | | 07-09-2020 | INV | 07-20-2020 |

```
REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                    QTR.: H01-106L   RCV OFC: FLM
REMEDY ID: 1035902-F1     SUB1: 16AM SUB2:      DATE RCV:   07-23-2020
UNT  RCV..:H            QTR RCV.: H01-105L      FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-105L      FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:                         RESP DUE:
ABSTRACT.: APPEALS REJECTION OF 3 BOOKS
STATUS DT: 07-27-2020  STATUS CODE: REJ STATUS REASON: UTF MEM RSF
INCRPTNO.:           RCT:   EXT:   DATE ENTD: 07-27-2020
REMARKS..: REJECTION NOTICES DATED 6/9, RECEIVED BP8 6/17,
           RETURNED BP8 6/26, RECEIVED BP9 7/2, RETURNED BP9
           7/23, MORE THAN 20 DAYS PAST INCIDENT.

REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                    QTR.: H01-106L   RCV OFC: FLM
REMEDY ID: 1040162-F1     SUB1: 15ZM SUB2:      DATE RCV:   08-12-2020
UNT  RCV..:H            QTR RCV.: H01-105L      FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-105L      FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:                         RESP DUE:
ABSTRACT.: CLAIMS HE'S BEING DENIED PHASE 2
STATUS DT: 08-13-2020  STATUS CODE: REJ STATUS REASON: INF RSF OTH
INCRPTNO.:           RCT:   EXT:   DATE ENTD: 08-13-2020
REMARKS..: YOU MUST HAVE A BP-8 ATTACHED TO YOUR BP-9.
```

```
REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                    QTR.: H01-106L   RCV OFC: FLM
REMEDY ID: 1040162-F2     SUB1: 15ZM SUB2:       DATE RCV:   08-20-2020
UNT  RCV..:H            QTR RCV.: H01-105L       FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-105L       FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:                          RESP DUE:
ABSTRACT.: CLAIMS HE'S BEING DENIED PHASE 2
STATUS DT: 08-25-2020  STATUS CODE: REJ STATUS REASON: UTF OTH
INCRPTNO.:           RCT:   EXT:   DATE ENTD: 08-25-2020
REMARKS..: YOUR BP-8 WAS FIRST ISSUED ON THE FIRST OF JULY.
           YOUR BP-9 WASN'T ISSUED UNTIL OVER A MONTH LATER.

REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                    QTR.: H01-106L   RCV OFC: NCR
REMEDY ID: 1040162-R1     SUB1: 15ZM SUB2:       DATE RCV:   09-14-2020
UNT  RCV..:H            QTR RCV.: H01-105L       FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-105L       FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:                          RESP DUE:
ABSTRACT.: CLAIMS HE'S BEING DENIED PHASE 2
STATUS DT: 09-15-2020  STATUS CODE: REJ STATUS REASON: INS
INCRPTNO.:           RCT:   EXT:   DATE ENTD: 09-15-2020
REMARKS..:
```

```
REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                     QTR.: H01-106L   RCV OFC: FLM
REMEDY ID: 1049773-F1     SUB1: 13ZM SUB2:        DATE RCV:   09-29-2020
UNT  RCV..:H            QTR RCV.: H01-105L      FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-105L      FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:                         RESP DUE:
ABSTRACT.: INCIDENT REMOVED FROM SAMS
STATUS DT: 09-29-2020  STATUS CODE: REJ STATUS REASON: UTF
INCRPTNO.:           RCT:   EXT:   DATE ENTD: 09-29-2020
REMARKS..:

REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                     QTR.: H01-106L   RCV OFC: NCR
REMEDY ID: 1049773-R1     SUB1: 13ZM SUB2:        DATE RCV:   10-20-2020
UNT  RCV..:H            QTR RCV.: H01-106L      FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-105L      FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:                         RESP DUE:
ABSTRACT.: INCIDENT REMOVED FROM SAMS
STATUS DT: 10-22-2020  STATUS CODE: REJ STATUS REASON: OTH IRQ RSR
INCRPTNO.:           RCT:   EXT:   DATE ENTD: 10-22-2020
REMARKS..: CORRECT YOUR ISSUES WITH YOUR BP9 & REFILE AT THE
           INSTITUTIONAL LEVEL. WARDEN'S RESPONSE REQUIRED.
```

REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H QTR.: H01-106L RCV OFC: BOP
REMEDY ID: 1040162-A1 SUB1: 15ZM SUB2: DATE RCV: 10-26-2020
UNT RCV..:H QTR RCV.: H01-106L FACL RCV: FLM
UNT ORG..:H QTR ORG.: H01-105L FACL ORG: FLM
EVT FACL.: FLM ACC LEV: RESP DUE:
ABSTRACT.: CLAIMS HE'S BEING DENIED PHASE 2
STATUS DT: 12-03-2020 STATUS CODE: REJ STATUS REASON: DIR
INCRPTNO.: RCT: EXT: DATE ENTD: 12-03-2020
REMARKS..:

REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H QTR.: H01-106L RCV OFC: BOP
REMEDY ID: 1049773-A1 SUB1: 13ZM SUB2: DATE RCV: 12-10-2020
UNT RCV..:H QTR RCV.: H01-106L FACL RCV: FLM
UNT ORG..:H QTR ORG.: H01-105L FACL ORG: FLM
EVT FACL.: FLM ACC LEV: RESP DUE:
ABSTRACT.: INCIDENT REMOVED FROM SAMS
STATUS DT: 12-30-2020 STATUS CODE: REJ STATUS REASON: DIR
INCRPTNO.: RCT: EXT: DATE ENTD: 12-30-2020
REMARKS..:

REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H QTR.: H01-106L RCV OFC: FLM
REMEDY ID: 1063686-F1 SUB1: 15ZM SUB2: 34CM DATE RCV: 01-07-2021
UNT RCV..:H QTR RCV.: H01-106L FACL RCV: FLM
UNT ORG..:H QTR ORG.: H01-106L FACL ORG: FLM
EVT FACL.: FLM ACC LEV: FLM 2 NCR 1 RESP DUE:
ABSTRACT.: CHALLENGES DENIAL TO PHASE TWO
STATUS DT: 01-07-2021 STATUS CODE: REJ STATUS REASON: MSI OTH RSF
INCRPTNO.: RCT: EXT: DATE ENTD: 01-07-2021
REMARKS..: PLEASE PROVIDE THE DATE THAT YOU WERE DENIED. ALSO,
PLEASE PROVIDE THE DOCUMENTATION OF YOUR DENIAL.

REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H QTR.: H01-106L RCV OFC: FLM
REMEDY ID: 1063686-F2 SUB1: 15ZM SUB2: 34CM DATE RCV: 01-19-2021
UNT RCV..:H QTR RCV.: H01-105L FACL RCV: FLM
UNT ORG..:H QTR ORG.: H01-106L FACL ORG: FLM
EVT FACL.: FLM ACC LEV: FLM 2 NCR 1 RESP DUE: MON 02-08-2021
ABSTRACT.: CHALLENGES DENIAL TO PHASE TWO
STATUS DT: 02-05-2021 STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.: RCT: P EXT: DATE ENTD: 01-19-2021
REMARKS..:

CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA

| DATE DUE | DEPARTMENT | TO | DATE ASSN | TRK TYPE | DATE RETURNED |
|---|---|---|---|---|---|
| THU 01-28-2021 | UNT MGT | | 01-19-2021 | INV | 02-08-2021 |

G0002 MORE PAGES TO FOLLOW . . .

```
REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                     QTR.: H01-106L   RCV OFC: NCR
REMEDY ID: 1063686-R1     SUB1: 15ZM SUB2: 34CM DATE RCV:   03-01-2021
UNT  RCV..:H            QTR RCV.: H01-105L      FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-106L      FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:  FLM  2 NCR  1          RESP DUE:  FRI  04-30-2021
ABSTRACT.: CHALLENGES DENIAL TO PHASE TWO
STATUS DT: 03-19-2021  STATUS CODE: CLO STATUS REASON: XPL
INCRPTNO.:           RCT: P EXT: P DATE ENTD: 03-02-2021
REMARKS..:
```

```
REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                     QTR.: H01-106L   RCV OFC: BOP
REMEDY ID: 1063686-A1     SUB1: 14HM SUB2: 14BM DATE RCV:   05-10-2021
UNT  RCV..:H            QTR RCV.: H01-104L      FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-106L      FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:  FLM  2 NCR  1          RESP DUE:
ABSTRACT.: CHALLENGES DENIAL TO PHASE TWO
STATUS DT: 06-01-2021  STATUS CODE: REJ STATUS REASON: IRQ RSA
INCRPTNO.:           RCT:   EXT:   DATE ENTD: 06-01-2021
REMARKS..:
```

```
  FLMBT          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *     10-28-2021
PAGE 021 OF 021 *             FULL SCREEN FORMAT             *     11:34:19

REGNO: 95079-038 NAME: TSARNAEV, DZHOKHAR
RSP OF...: FLM UNT/LOC/DST: H                   QTR.: H01-106L   RCV OFC: FLM
REMEDY ID: 1097398-F1     SUB1: 25FM SUB2:      DATE RCV:   10-12-2021
UNT  RCV..:H            QTR RCV.: H01-106L      FACL RCV: FLM
UNT  ORG..:H            QTR ORG.: H01-106L      FACL ORG: FLM
EVT FACL.: FLM    ACC LEV:                         RESP DUE:
ABSTRACT.: CLAIMS HIS FUNDS WERE ENCUMBERED BY OUTSIDE AGENCY
STATUS DT: 10-12-2021  STATUS CODE: REJ STATUS REASON: UTF
INCRPTNO.:           RCT:   EXT:   DATE ENTD: 10-12-2021
REMARKS..: YOUR SUBMITTED APPEAL IS UNTIMELY.
```

```
                39 REMEDY SUBMISSION(S) SELECTED
G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

# Attachment 5
# FLM 532.08(3)A, *Special Security Unit (H-Unit)* (Oct. 21, 2021)

*Tsarnaev v. Garland, et al.*,
No. 21-cv-00010-MEH (D. Colo.)



**U. S. Department of Justice**
Federal Bureau of Prisons
United States Penitentiary,
Administrative Maximum Institution
Florence, Colorado

## INSTITUTION SUPPLEMENT

OPI:       Unit Management
NUMBER:    FLM 5321.08(3)A
DATE:      October 21, 2021

# Special Security Unit (H-Unit)

*Approved:*    *B. True, Warden*
               ADX Florence

1.  **PURPOSE AND SCOPE:** To establish operational guidelines for the Special Security Unit (Program).

2.  **DIRECTIVES AFFECTED:**

    A.  **Directives Rescinded:** FLM 5321.08(3), Special Security Unit (H-Unit), dated November 10, 2020.

    B.  **Directives Referenced:** Program Statement 5212.07, Control Unit Programs, dated February 20, 2001.

        Program Statement 5270.09, Inmate Discipline Program, dated July 8, 2011.

        Program Statement 5321.08, Unit Management Manual, dated August 10, 2017.

        Program Statement 5322.13, Inmate Classification and Program Review, dated May 16, 2014.

    C.  **Standards Referenced:** American Correctional Association, 5th Edition, Standards for Adult Correctional Institution: 5-ACI-1A-15, 5-ACI-1G-06, 5-ACI-2B-02, 5-ACI-2B-03, 5-ACI-3A-06, 5-ACI-3A-17, 5-ACI-4A-12, 5-ACI-5B-05, and 5-ACI-5E-08.

3. **GENERAL PROCEDURES:** The program ordinarily houses those inmates who have Special Administrative Measures (SAM), pursuant to 28 C.F.R. §§ 501.2 or 501.3. Prior to arrival in the unit, the unit team will review the SAM and reason(s) for placement at the ADX to determine quarter's assignment. **All staff shall strictly adhere to restrictions outlined in the SAM when managing these inmates.**

   **A.** The Unit Manager shall provide an Admission and Orientation Program (A&O) for all inmates assigned to the unit. Inmates will be provided an Admission and Orientation Handbook during the intake screening process. During A&O, staff will take the opportunity to introduce policy and procedures unique to the unit and will reinforce Bureau rules and regulations. Staff expectations will be discussed with special emphasis given to clear conduct, respect toward staff and inmates, personal property, and sanitation. If appropriate, the SAM will be reviewed with the inmate.

   **B.** An annual review of each inmate's SAM will be conducted approximately four (4) months prior to the renewal of the SAM. Approximately 120 days prior to the expiration of the SAM, staff will obtain and document any comments and suggestions concerning possible renewal and/or modifications to the SAM from the inmate, using Attachment A. Approximately 90 days prior to the expiration of the SAM, the institution staff and the supervising law enforcement agency case agent assigned to the inmate's case will meet with the inmate, if the inmate requests, and the law enforcement agency is able to do so. During this meeting, the inmate may provide information concerning possible renewal and/or modification of the SAM and discuss any other issues concerning the SAM. The information obtained from the meeting with the inmate, along with the inmate's written comments and the memorandum summarizing the discussion with the inmate, will be forwarded through Legal Services, to the Warden, the Department of Justice officials responsible for making decisions concerning the renewal and/or modification of the SAM, including the appropriate United States Attorney's Office, the FBI or other relevant law enforcement agency, and the Office of Enforcement Operations in the criminal division of the United States Department of Justice, for review.

   **C.** **Inmate Discipline** - Inmates placed on Administrative Detention (A/D) or Disciplinary Segregation (D/S) status will be appropriately housed within the unit. The Unit Manager has the authority to designate any cell in the unit as A/D status, as is appropriate. Inmates placed on D/S status, ordinarily, will be housed on Range 5, in the unit.

   **D.** **Education** - The Supervisor of Education, or his/her designee, will participate in Program Reviews (Teams) and assist inmates in their academic endeavors.

E. **Work Assignments** - Performance pay allocation in the program supports four (4) range orderly positions, two (2) recreation orderly positions, and one (1) foyer/common area position. These positions are assigned by the Unit Manager.

F. **Recreation** - Inmates, except those in D/S, are provided a minimum of ten (10) hours of out-of-cell recreation per week. Those inmates in D/S are provided a minimum of five (5) hours of out-of-cell recreation per week. All out-of-cell recreation will occur within the unit, in one of the single occupancy recreation areas. There will be occasions when institution emergencies/priorities or adverse weather interferes with the institution recreation schedule. The Inmate Accountability Form, Attachment B, will be completed by the unit officers to document acceptance or refusal of meals, recreation, medical attention, and general comments. The Inmate Accountability Forms will be provided to the Control Unit Team each week for filing in the inmates' Central Files. The Inmate Accountability Form will be purged from the Central File after one year.

On those rare occasions, the following procedures apply:

1) The Operations Lieutenant has designated authority to cancel recreation due to an institution emergency/priority or adverse weather. The Unit Manager will be notified for monitoring purposes.

2) The unit officers will ensure any lost recreation time is clearly noted in the unit log and this information relayed to the Unit Manager for monitoring.

3) An inmate will be returned to his cell, upon his request, to use the restroom. Anyone returning to their cell voluntarily terminates the remainder of their recreation period.

G. **Legal Activities** - The Unit Team is responsible for all legal matters in the unit, i.e., visiting, telephone calls, and legal property. Unit Team staff, with assistance of Special Investigative Services (SIS) staff, will coordinate and handle the storage and issuance of legal property. The legal reference materials, books, pamphlets, etc. are supplied by the Education Department upon receipt of an "Inmate Request to Staff Member." Information relating to assistance, research, and preparation of legal documents will be done in accordance with the Institution Supplement for Inmate Legal Activities, in compliance with the inmate's SAM. The unit team, with the assistance of staff from Legal Services and SIS, will also coordinate and handle all legal visitation and legal telephone calls. These visits will ordinarily occur between the hours of 8 a.m. and 2:30 p.m., Monday through Wednesday,

except Federal holidays.  Visits for times other than the above shall be referred to the Warden for approval.

**H.  Religious Programs** - Full time institution Chaplains shall provide for religious needs of inmates.  Chaplains or approved Religious Service contractors shall visit the unit on a regular basis and be available at additional times on an "as needed" basis.

**I.  Non-Legal Communication (Mail, Telephone, and Visits)**

1)  All non-legal communication will be provided in accordance with the inmates' respective SAM.

2)  The SIS Technicians will search, collect, and deliver all mail. Inmates are required to pay for postage unless they are without funds.  An inmate without funds for the purposes of postage is defined as an inmate without sufficient commissary balance to purchase a paste stamp sufficient for first-class, one-ounce domestic mailing or postage for half-ounce international airmail for an inmate whose community ties require such foreign correspondence.

3)  Inmates will be permitted a minimum of two 15-minute non-legal telephone calls per month.  All non-legal telephone calls shall be:

   a. Contemporaneously monitored by the supervising law enforcement agency.

   b. Contemporaneously recorded by the Bureau of Prisons.

4)  Ordinarily, the non-legal visiting hours are 8 a.m. to 2:30 p.m., Mondays, Tuesdays, and Wednesdays and will not occur on Federal holidays.  Ordinarily, only one inmate from the unit will be permitted in the visiting room at a time.    All non-legal visits shall be:

   a. Contemporaneously monitored by the supervising law enforcement agency.

   b. Contemporaneously recorded by the Bureau of Prisons.

   c. Supervised by Correctional Services staff.

**J.  Commissary** – Inmates in the program are permitted to purchase commissary once a week.  Commissary slips are distributed to the inmates weekly and must be submitted to the Officer-In-Charge prior to 8 p.m. on Sunday.  The Operations Lieutenant reviews the commissary slips prior to being submitted to the Commissary.  Commissary items will ordinarily be delivered on Tuesday.

K. **Barber Services** – Haircuts are provided to the inmates monthly. Inmates will be notified when the barber is expected in the unit. Inmates must provide an "Inmate Request to Staff Member" to the Officer-In-Charge no less than 24 hours prior to the date the barber is scheduled to cut hair. Ordinarily, inmates will not receive a haircut unless they have submitted an "Inmate Request to Staff Member." Exceptions will be approved by the Unit Manager, or Operations Lieutenant.

L. **Mental Health Services** – The inmates in the program undergo appropriate screening, assessment and referral to identify and address their mental health, substance abuse, and other behavioral health needs and receive appropriate mental health services in accordance with the Program Statement and Institutional Supplement regarding *Treatment and Care of Inmates with Mental Illness.*

M. Personal property is limited to those articles listed in the local Institution Supplement on Inmate Personal Property. It is the inmate's responsibility to maintain his property in accordance with local guidelines. Excess property is considered contraband and will be confiscated regardless of whether or not the items were purchased through authorized means, e.g., commissary. Staff will attempt to resolve any incoming property issues during the unit A&O process.

N. Inmates in Phases One and Two of the program will consume their meals in their cells. Inmates in Phase Three of the program will consume a minimum of one meal on the range, unless recreation is cancelled due to an institution emergency.

O. Showers are located on the ranges. The inmates will receive a minimum of three showers per week.

## 4. SPECIAL SECURITY UNIT PROGRAM (PROGRAM)

### A. PURPOSE & SCOPE

1) At the discretion of the Program's Screening Committee, as inmates in the program demonstrate periods of clear and positive institutional adjustment, they may receive increased privileges.

2) The Program is a three-phase program. The types of privileges afforded to these inmates are determined by the phase. The three phases and corresponding privileges are as follows:

   a. Phase One - This phase is the baseline phase of the program. An inmate in this phase may be permitted two non-legal

telephone calls per month; and escorted shower time on their respective range three times each week.

b. Phase Two - An inmate in this phase may be permitted three non-legal telephone calls per month; and unescorted shower time on their respective range five times a week.

c. Phase Three - The advancement of an inmate to this phase may be contingent upon a modification being made to the inmate's SAM. An inmate in this phase may be permitted four non-legal telephone calls per month; to consume a minimum of one meal on the range with up to three other inmates; and out-of-cell recreation on the range with up to three other inmates. Out-of-cell recreation will include the use of the outdoor, single occupancy recreation areas and unit range. The inmate will be allowed on the range for a minimum of one and one-half hours each day. The inmate may shower at any time he is on the range.

3) Every inmate in the program has the opportunity to demonstrate he may be afforded additional privileges.

4) An inmate's advancement to the next phase of the program is a classification decision as to whether the inmate can function with additional privileges without: posing a risk to institutional security and good order; posing a risk to the safety and security of staff, inmates or others, including the inmate himself; and/or posing a risk to public safety.

5) If the Program's Screening Committee determines additional time is needed to assess an inmate's compliant behavior to ensure that, when placed in the next phase, the inmate will not: pose a risk to institution security and good order; pose a risk to the safety and security of staff, inmates or others, including the inmate himself; and/or pose a risk to public safety with the additional privileges, the inmate's advancement to another phase of the program may be deferred/denied.

**B. REFERRAL & ELIGIBILITY FACTORS** – The Unit Team staff will review each inmate to determine eligibility for consideration for advancement to the next phase of the program. The review will be conducted in connection with regularly scheduled Program Reviews. These meetings are generally referred to as "team" and the inmate is present. These meetings are held at least once every six months. Team meetings give staff and inmates the opportunity to discuss issues in an open format. This is the inmate's

opportunity for individual attention and he is encouraged to ask questions and discuss concerns about his advancement in the program.

1) **Eligibility -** Ordinarily, an inmate must meet the following factors to be eligible for consideration for advancement to the next phase of the Program:

    a. A minimum of 12 months clear conduct while housed in the Program, in the respective phase.

    b. Active participation in and completion of all programs recommended by the unit team;

    c. Positive behavior and respectful conduct towards staff and other inmates;

    d. Positive overall institution adjustment to include, but not limited to, personal hygiene, cell sanitation, etc.

2) **Referral -** The inmates who the unit team determines are eligible for advancement to the next phase will be referred to the Program's Screening Committee for consideration.

## C. REVIEW PROCEDURE

1) The Program's Screening Committee (Committee) will review each inmate referred by the unit team to determine whether the inmate can function successfully with additional privileges without:  posing a risk to institutional security and good order; posing a risk to the safety and security of staff, inmates or others, including the inmate himself; and/or posing a risk to public safety.

2) The determinations made by the Committee are made on a case-by-case basis.

3) Eligibility for consideration does not equate to appropriateness for advancement to the next phase of the program.

4) The advancement of an inmate to Phase Three of the program may be contingent upon a modification being made to the inmate's SAM, and requires the Warden's approval.

5) The composition of the Committee will ordinarily consist of the Warden, Associate Warden, Captain, Special Investigative Agent, Case Management Coordinator, Unit Manager, Psychologist, and Supervisory Attorney.

6) The factors the Committee may consider when determining whether the inmate can safely function with additional privileges without: posing a risk to institutional security and good order; posing a risk to the safety and security of staff, inmates or others, including the inmate himself; and/or posing a risk to public safety, include, but are not limited to:

    a. The inmate's conduct while housed at the ADX;

    b. The inmate's participation in and completion of programs recommended by the unit team while housed at the ADX;

    c. The inmate's behavior and conduct towards, and interaction with, staff and other inmates while at the ADX;

    d. The inmate's overall institution adjustment, personal hygiene, and cell sanitation while at the ADX;

    e. The reason(s) the inmate was designated to the ADX;

    f. The inmate's criminal history;

    g. The inmate's involvement with criminal organizations, if any, and the potential safety and security threat(s) implicated by such involvement;

    h. The inmate's overall adjustment during his history of confinement;

    i. The institution's safety and security needs, including the safety and security of staff;

    j. The safety and security needs of the inmate;

    k. The safety and security needs of other inmates;

    l. The safety and security needs of the public;

    m. Any other relevant factor(s).

7) The review by the Committee is not a hearing. The inmate is not entitled to be present, to have counsel, or to call witnesses. As mentioned, the inmate may present issues concerning his advancement during his Program Reviews. This is the inmate's

opportunity for individual attention and he is encouraged to ask questions and discuss concerns.

8) The final decision regarding advancement to the next phase of the program is made by the Warden.

9) The Unit Manager will inform each inmate of the decision. If the inmate is denied advancement to the next phase of the program, the Warden will notify the inmate in writing. The notification will include the following:

   a. The reason(s) for the denial, unless it is determined that the release of this information could pose a threat to individual safety, national security, and/or institutional security, in which case that limited information may be withheld; and

   b. The inmate may appeal the decision through the Federal Bureau of Prisons' Administrative Remedy Program.

10) The denial of an inmate for advancement to the next phase of the Program does not preclude the Committee from exercising its discretion to reach a different conclusion at a future review. Provided the inmate meets the eligibility factors, the unit team will recommend the inmate for review and the inmate will be reviewed by the Committee at least every six months.

**D. REMOVAL**

1) Inmates may be removed from any phase of the program for the following reasons:

   a. If the inmate is found guilty of committing prohibited acts by the UDC or DHO;

   b. If the inmate can no longer safely function with additional privileges without: posing a risk to institutional security and good order; posing a risk to the safety and security of staff, inmates or others, including the inmate himself; and/or posing a risk to public safety, based on the factors set forth in Part C.6 above.

2) The final decision regarding removal of an inmate from any phase of the program is made by the Warden.

3) The circumstances may require the inmate to be immediately removed from the particular phase of the program.

4) If an inmate is removed from any phase of the program, a recommendation will be made by the unit team as to which preceding phase the inmate should be placed. The determination will be made on a case-by-case basis. However, inmates who are removed from a phase and found guilty by the DHO for greatest severity level incident reports (100 series) or high severity level incident reports (200 series) will be removed from the phase of the program and subsequently assigned to Phase One.

5) The inmate will receive written notice that he is being removed from a phase of the program. The notice will contain the reason(s) for removal, unless it is determined that the release of this information could pose a threat to individual safety or institutional security, in which case that limited information may be withheld. The notice will also include the recommendation of the unit team. The inmate will have the opportunity to submit a written statement for consideration regarding whether his removal from the particular phase of the program is warranted and the recommendation of the unit team.

6) The inmate will receive written notice of the decision. The written notice will include the reason(s) for the decision, unless it is determined that the release of this information could pose a threat to individual safety or institutional security, in which case that limited information may be withheld. The notice will also notify the inmate that he may appeal the decision through the Federal Bureau of Prisons' Administrative Remedy Program.

---

**DISTRIBUTION:**

Historical File
Sallyport
Local AFGE

# RENEWAL OF SPECIAL ADMINISTRATIVE MEASURES (SAM) INMATE STATEMENT

Inmate Name: ______________________ Register Number: ______________

Housing Unit: __________________ Cell Number: __________________

Date of Last SAM Renewal/Modification: ______________________

The Special Administrative Measures (SAM) implemented in your case, are set for expiration/renewal on or about ______________________. Please provide any comments and/or recommendations concerning your SAM's possible renewal. **You are not limited to the section provided. You may attach continuation pages and documentation you want considered.** Your input will be forwarded to the following: Office of Enforcement Operations, United States Attorney's Office, and ___________ (indicate FBI or ATF) for review and consideration in determining whether your SAM should be renewed and/or modified.

**Inmate Statement:** ______________________________________________

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

## Inmate Accountability Form

**United States Penitentiary, Administrative Maximum, Florence, Colorado**

INMATE NAME: ____________________ REG. NO.: ____________

TEAM/CASEWORKER: ____________________ UNIT: ________ CELL: ________

DATE REC'D: ____________________ TIME REC'D: ____________________

DATE REL: ____________________ TIME REL: ____________________

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SHOWER | EXERCISE | MEDICAL | COMMENTS-USE REVERSE SIDE IF NECESSARY | OIC SIGNATURE |
|---|---|---|---|---|---|---|---|---|---|
| SUNDAY MM/DD/YY | MORN | | | | | | | | |
| | DAY | | | | | | | | |
| | EVE | | | | | | | | |
| MONDAY MM/DD/YY | MORN | | | | | | | | |
| | DAY | | | | | | | | |
| | EVE | | | | | | | | |
| TUESDAY MM/DD/YY | MORN | | | | | | | | |
| | DAY | | | | | | | | |
| | EVE | | | | | | | | |
| WEDNESDAY MM/DD/YY | MORN | | | | | | | | |
| | DAY | | | | | | | | |
| | EVE | | | | | | | | |
| THURSDAY MM/DD/YY | MORN | | | | | | | | |
| | DAY | | | | | | | | |
| | EVE | | | | | | | | |
| FRIDAY MM/DD/YY | MORN | | | | | | | | |
| | DAY | | | | | | | | |
| | EVE | | | | | | | | |
| SATURDAY MM/DD/YY | MORN | | | | | | | | |
| | DAY | | | | | | | | |
| | EVE | | | | | | | | |

EXPLANATORY NOTES:
Meals - Yes (Y); No (N); Refused (R)
Ex: Exercise: Enter actual time period and inside or outside (i.e., 9:30/10:00 IN)(2:00/2:30 OUT)
Comments: i.e., Conduct, attitude, etc. Additional comments on reverse side must include date, signature and title.
OIC Signature: OIC must sign all record sheets each shift.

# Attachment 6
# May 1, 2019 Memorandum re:
# Renewal of Special Administrative Measures

*Tsarnaev v. Garland, et al.*,
No. 21-cv-00010-MEH (D. Colo.)



**U.S. Department of Justice**
Federal Bureau of Prisons

*United States Penitentiary,*
*Administrative Maximum*

---

*Florence, CO 81226*

May 1, 2019

MEMORANDUM FOR **Tsarnaev, Dzhokhar**
**Reg. No. 95079-038**

FROM: A. Tuttoilmondo, H Unit Manager

SUBJECT: **Renewal of Special Administrative Measures**

The Special Administrative Measures (SAM) implemented in your case, are set for expiration/renewal on August 23, 2019 . Please provide any comments and/or recommendations concerning the possible renewal of your SAM. You are not limited to the section provided. You may attach continuation pages and documentation for consideration. Your input will be reviewed and considered in determining whether your SAM should be renewed and/or modified. Please provide your input as soon as possible.

Would you like to speak with an agent from any of the following agencies concerning your comments and/or recommendations concerning the possible renewal of your SAM:

| | Yes | No |
|---|---|---|
| Monitoring Agency (eg., FBI, ATF, CIA, DEA) | ☐ | ☑ |
| Institution Legal Department | ☐ | ☑ |

**Inmate Statement:**

A marine biologist is telling his friends about a new discovery he's made about whales. "Whales," he says, "can speak to each other from 300 miles away." A friend asks, "What do you think they're saying to each other?" "I'm not entirely sure," says the biologist, "but it sure sounds like they're saying, 'Caaaannn yooouuu stiiiiilll heeeeaaar meeeee?!'"

My recommendation is that you should take me off SAMS.

# Attachment 7
# May 28, 2020 Memorandum re:
# Renewal of Special Administrative Measures

*Tsarnaev v. Garland, et al.*,
No. 21-cv-00010-MEH (D. Colo.)



**U.S. Department of Justice**
Federal Bureau of Prisons

*United States Penitentiary, Administrative Maximum*

*Florence, CO 81226*

May 28, 2020

MEMORANDUM FOR **Tsarnaev, Dzhokhar**
**Reg. No. 95079-038**

FROM: A. Tuttoilmondo, H Unit Manager

SUBJECT: **Renewal of Special Administrative Measures**

The Special Administrative Measures (SAM) implemented in your case, are set for expiration/renewal on August 2020. Please provide any comments and/or recommendations concerning the possible renewal of your SAM. You are not limited to the section provided. You may attach continuation pages and documentation for consideration. Your input will be reviewed and considered in determining whether your SAM should be renewed and/or modified. Please provide your input as soon as possible.

Would you like to speak with an agent from any of the following agencies concerning your comments and/or recommendations concerning the possible renewal of your SAM:

| | Yes | No |
|---|---|---|
| Monitoring Agency (eg., FBI, ATF, CIA, DEA) | ☐ | ☑ |
| Institution Legal Department | ☐ | ☑ |

**Inmate Statement:**

No comment

# Attachment 8
# Remedy Case #1002621

*Tsarnaev v. Garland, et al.*,
No. 21-cv-00010-MEH (D. Colo.)

U.S. Department of Justice

Federal Bureau of Prisons

# Regional Administrative Remedy Appeal

1002621

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Tsarnaev Dzhokhar A (LAST NAME, FIRST, MIDDLE INITIAL) 95079038 (REG. NO.) H (UNIT) ADX (INSTITUTION)

**Part A - REASON FOR APPEAL**

My administrative remedy request was rejected, so I am continuing my appeal. The administration claims that my request was untimely and that the "event in complaint occured April of 2019." My complaint is concerning a matter that did not occur. The FBI falsely alleges in the SAM that I attempted to send prison yard photos to my sister in the month of April, 2019. They use this false narative to prohibit me from sending photographs to my family. (see attachment)

1/27/20 — DATE

D. Tsarnaev — SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE — CASE NUMBER: ______

**Part C - RECEIPT**

CASE NUMBER: 1002621-R1

Return to: ______ LAST NAME, FIRST, MIDDLE INITIAL ______ REG. NO. ______ UNIT ______ INSTITUTION

SUBJECT: ______

DATE ______ SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN

BP-230(13)
JUNE 2002

U.S. Department of Justice
Federal Bureau of Prisons
North Central Regional Office

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number:** 1002621-R1

This is in response to your Regional Administrative Remedy Appeal received in this office on January 31, 2020, in which you object to the Special Administrative Measures (SAMs) imposed on you in regards to your non-legal mail and photos. For relief, you request your SAMs be altered to remove the restriction.

We have reviewed your appeal. The United States Attorney General (USAG) may impose SAMs if there is a substantial risk that a prisoner's communications or contacts with persons could result in death or serious bodily injury to persons or substantial damage to property that would entail the risk of death or serious bodily injury to persons. These SAMs ordinarily may include housing the inmate in administrative detention and/or limiting certain privileges, including, but not limited to, correspondence, visiting, interviews with representatives of the news media, and use of the telephone, as is reasonably necessary to protect persons against the risk of acts of violence or terrorism. While the Bureau of Prisons neither imposes nor rescinds SAMs, it implements the restrictions and can accommodate specific requests relating to the restrictions. As the USAG has determined your particular SAMs are necessary, they will not be removed or modified at this time and will remain in effect until such time the USAG determines they are no longer warranted.

Based on the above, your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

3/4/20
Date

J. E. Krueger, Regional Director

Received
MAR 18 2020
Admin Remedy Office

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JANUARY 10, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR
FLORENCE ADMAX USP

TO : DZHOKHAR A TSARNAEV, 95079-038
FLORENCE ADMAX USP UNT: H QTR: H01-103L
PO BOX 8500
FLORENCE, CO 81226

FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID : 1002621-F1 ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED : JANUARY 8, 2020
SUBJECT 1 : CORRESPONDENCE - REJECTION OR CONFISCATION
SUBJECT 2 : OTHER CLASSIFICATION MATTERS
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY. INSTITUTION AND CCC REQUESTS (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED ABOUT.

REJECT REASON 2: SEE REMARKS.

REMARKS : EVENT IN COMPLAINT OCCURED APRIL OF 2019

U.S. DEPARTMENT OF JUSTICE

REQUEST FOR ADMINISTRATIVE REMEDY

Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Tsarnaev Dzhokhar A (LAST NAME, FIRST, MIDDLE INITIAL) 95079038 (REG. NO.) H (UNIT) ADX (INSTITUTION)

**Part A- INMATE REQUEST**

The FBI falsely alleges in the SAM that I attempted to send prison yard photos to my sister in the month of April, 2019. They use this false narative to prohibit me from sending photographs to my family via non-legal mail or to my attorneys via legal mail. I did not attempt to send photos to my sister, rather, I successfully sent photos, with the FBI approval, to my sister. In fact, I did so on two occasions. The photos, like the rest of my non-legal mail, (see attachment)

12/30/19 DATE

D. Tsarnaev SIGNATURE OF REQUESTER

**Part B- RESPONSE**

Received
JAN 08 2020
Admin Remedy Office

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE

CASE NUMBER:

CASE NUMBER:

**Part C- RECEIPT**

Return to: LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

PRINTED ON RECYCLED PAPER

BP-229(13)
APRIL 1982

were processed by SIS staff. There was no circumvention of the SAM. I ask for this vague and false statement produced by the Government to be removed from the SAM and for the prohibition against me sending photos to be lifted.

Respectfully,

D. Tsarnaev

# FEDERAL CORRECTIONAL COMPLEX
# FLORENCE, COLORADO
# INFORMAL RESOLUTION FORM

***Notice to Inmate: Inmates have the responsibility to use this Program in Good Faith and in an Honest and Straightforward manner.***

Inmate Name: Dzhokhar Tsarnaev  Reg. No.: 95079038

Unit: H  Date: 12/16/19

NOTICE TO INMATE: Be advised, normally prior to filing a Request for Administrative Remedy, BP-229(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

1. State your complaint (single complaint or a reasonable number of closely related issues): The FBI falsely alleges in the SAMs that I attempted to send prison yard photos to my sister in the month of April, 2019. They use this false narative to prohibit me from sending photographs to my family via non-legal mail (see attach.)
(If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page. You must also submit one copy of supporting exhibits, as exhibits will not be returned with the BP-229(13) response.)

2. State what resolution you expect: The removal of the false accusation from the SAM.

Inmate's Signature: D. Tsarnaev  Date: 12/16/19

Counselor's Signature: [signature]  Date: 12/16/19

Department Involved: ______  Date Assigned: ______  Due Date: ______

Department's Response regarding Complaint: The information in your SAM is done by an outside agency. The BOP can not remove this, This can not be handled at this level.

Department Head Signature: [signature]  Date: ______
Unit Manager's Review: ______  Date: 12/19/19
Informally Resolved: ______  Date: ______

| | BP-8 ISSUED to Inmate | BP-8 RETURNED to Counselor | BP-9 ISSUED to Inmate | BP-9 RETURNED to Counselor | REMEDY CLERK |
|---|---|---|---|---|---|
| DATE | 12/16/19 | 12/19/19 | 12/20/19 | 1/8/20 | 1/8/20 |
| TIME | | | | | |
| COUNSELOR | [initials] | [initials] | [initials] | [initials] | [initials] |

D. Tsarnaev
95079038

or to my attorneys via legal mail. I did not attempt to send photos to my sister, rather, I successfully sent photos, with the FBI approval, to my sister. In fact, I did so on two occasions. The photographs, like the rest of my non-legal mail, was processed by SIS staff. There was no circumvention of the SAMs. I ask for this vague and false statement produced by the Government to be removed from the SAM and for the prohibition against me sending photos to be lifted.

Respectfully,

D. Tsarnaev

involvement, at your behest, in attempting to destroy evidence and obstruct the government's investigation. All three men either pleaded guilty or were convicted after trial.

On May 24, 2013, while incarcerated, you were permitted to call your mother in Russia, who recorded the call and subsequently released portions of the call to the media, in an apparent effort to engender sympathy for you. During a supervised visit on January 8, 2014, your sister, Ailina, asked about the SAM and why they were necessary. The mitigation specialist from the defense team, who was authorized to be present during the meeting, explained that the purpose of the SAM was to prevent individuals from sending communications that encouraged others to commit acts of violence. You then began to pretend that you were communicating with someone and encouraging them to commit an act of violence, stating that the first thing to do was "buy a pressure cooker."

On July 8, 2015, BOP officials observed that you had written on the wall of your cell in Arabic and English, including the phrase, "the jihad continues." You were subsequently interviewed about the markings and admitted you had written your name in Arabic and English phrases. Additionally, notwithstanding provision of the SAM prohibiting communication between inmates, you, while housed at USP Florence prior to your designation to the ADX, were able to interact with an inmate in the adjacent cell, communicating verbally through the vent in the toilet and attempting to further violate SAM conditions by passing notes.

As recently as July 17, 2018, an ADX correctional officer recovered a homemade weapon fashioned from a razor, plastic, and tin foil wrappers in your one-man cell, concealed within numerous layers of bags and other items.

The FBI reports that during the past year, you have continued in your attempts to violate the Sam. In October 2018, you attempted to send hobby craft (specifically, crocheted scarves and blankets) to unapproved contacts. In March 2019, you circumvented your SAM order by covertly providing your hobby craft to another SAM inmate, who in turn attempted to unsuccessfully to mail the items out. In April 2019, you attempted to send prison yard photos to your sister, Ailina.

Your criminal conduct, statements, and behavior during pretrial detention and trial, coupled with the declaration on your cell wall, demonstrate that you remain an unrepentant and committed terrorist who, given the opportunity, would likely instruct others to engage in violent jihad or otherwise incite violence through your rhetoric.

## CONCLUSION

Based upon information provided of your proclivity for violence, your ability to influence others through your communications, and your continued commitment to violent

(4) Limited to one adult visitor at a time. However, your FBI-verified children may visit with a pre-approved adult visitor.

g) **Non-legal Mail** – Non-legal mail is any mail not clearly and properly addressed to/from your attorney and marked "Legal Mail" (incoming or outgoing). In addition to non-legal mail from your attorney, as discussed in subparagraph 2.h., non-legal mail is only authorized with your immediate family, U.S. courts, federal judges, U.S. Attorneys' Offices, members of U.S. Congress, the BOP, or other federal law enforcement entities. You are prohibited from sending any hobby crafts or photographs via non-legal mail.

i) **General correspondence with limitations** – Correspondence is authorized only with immediate family members. The volume and frequency of outgoing general correspondence with immediate family members may be limited to three pieces of paper (not larger than 8 ½" x 11"), double-sided, once per calendar week to a single recipient, at the discretion of the USMS/BOP/DF. The identity and family member relationship to you will be confirmed by the USMS/BOP/DF and FBI.

ii) **General correspondence without limitations** – There is no volume or frequency limitation on correspondence to/from U.S. courts, federal judges, U.S. Attorneys' Offices, members of U.S. Congress, the BOP, and other federal law enforcement entities, unless there is evidence of abuse of these privileges, threatening correspondence is detected, circumvention of the SAM is detected, or the quantity to be processed becomes unreasonable to the extent that efficient processing to protect the security, good order, or discipline of the institution, the public, or national security may be jeopardized.

iii) All non-legal mail shall be –

(1) **Copied** – Shall be copied (including the surface of the envelope) by the warden, or his or her designee, of the facility in which you are housed.

(2) **Forwarded** – Shall be forwarded, in copy form, to the location designated by the FBI.

(3) **Analyzed** – After government analysis and approval, if appropriate, your incoming/outgoing non-legal mail shall be forwarded to the USMS/BOP/DF for delivery to you (incoming), or directly to the addressee (outgoing).

# Attachment 9
# Remedy Case #999331

*Tsarnaev v. Garland, et al.*,
No. 21-cv-00010-MEH (D. Colo.)

FEDERAL CORRECTIONAL COMPLEX
FLORENCE, COLORADO
INFORMAL RESOLUTION FORM

*Notice to Inmate: Inmates have the responsibility to use this Program in Good Faith and in an Honest and Straightforward manner.*

Inmate Name: Dzhokhar Tsarnaev Reg. No.: 95079038

Unit: H Date: 11/21/19

NOTICE TO INMATE: Be advised, normally prior to filing a Request for Administrative Remedy, BP-229(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

1. State your complaint (single complaint or a reasonable number of closely related issues): Recently, a package of hobby craft that I attempted to send to my Lawyer was denied because of an addition to the SAMs that prohibits me to mail out hobby craft through "legal" or "non-legal" mail. (See attachment)
(If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page. You must also submit one copy of supporting exhibits, as exhibits will not be returned with the BP-229(13) response.)

2. State what resolution you expect: Allow my hobby craft package to be sent to my lawyer.

Inmate's Signature: D. Tsarnaev Date: 11/21/19

Counselor's Signature: [signature] Date: 11/22/19

Department Involved: ______ Date Assigned: ______ Due Date: ______

Department's Response regarding Complaint: Your package was denied by an outside agency that oversees your SAM modifications. This can not be handled at this level.

Department Head Signature: [signature] Date: ______
Unit Manager's Review: ______ Date: 11/22/19
Informally Resolved: ______ Date: ______

| | BP-8 ISSUED to Inmate | BP-8 RETURNED to Counselor | BP-9 ISSUED to Inmate | BP-9 RETURNED to Counselor | REMEDY CLERK |
|---|---|---|---|---|---|
| DATE | 10/31/19 | 11/22/19 | 11/23/19 | 12/4/19 | 12/5/19 |
| TIME | | | | | |
| COUNSELOR | [signature] | [signature] | [signature] | [signature] | [initials] |

Attachment Informal Resolution form D. Tsarnaev 95079038

I disagree with this addition to the SAMs and the rejection of my package. I am allowed to have social interactions with my attorneys and this prohibition is designed to limit our interactions and hinder our ability to build a meaningful attorney-client relationship necessary for me as a death-row inmate. Me sending a couple of blankets and slippers is not a security threat and nobody can reasonably conclude that my hobby craft poses a threat to national security. In fact, this rejection is arbitrary because on September 5, 2019, I sent a blanket and a hat, with the FBI approval, to a legal contact even after the addition of the prohibition to my SAMs. There was no security threat on September 5th with the previous package, so it is unreasonable to ascribe to this latest hobby craft package anything different. I ask, respectfully, for this prohibition to be reconsidered and to be allowed to mail hobby craft to my attorneys.

I am including a copy of the rejection notice and the receipt for the previous package.

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Tsarnaev, Dzhokhar. A | 95079038 | H | ADX
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A- INMATE REQUEST**

Recently, a package of hobby craft that I attempted to send to my lawyer was denied because of an addition to the SAMs that prohibits me to mail out hobby craft through "legal" or "non-legal" mail. I disagree with this addition to the SAMs and the rejection of my package. I am allowed to have social interactions with my attorneys and this prohibition is designed to limit our interactions and hinder our ability to build a meaningful relationship necessary for me as a death-row inmate. (see attachment)

12/2/19
DATE

Dzhokhar Tsarnaev
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

Received
DEC 05 2019
Admin Remedy Office

Legal Svc
12/5/19
H
Tsarnaev
95079-038
999331-F1
CSymbull
12/16/19

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

CASE NUMBER: 999331-F1

CASE NUMBER:

**Part C- RECEIPT**

Return to:
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

003

USP LVN

PRINTED ON RECYCLED PAPER

BP-229(13)
APRIL 1982

(BP9 Attachment) Request for Administrative Remedy

D. Tsarnaev
95079038

Me sending a couple of blankets and slippers is not a security threat and nobody can reasonably conclude that my hobby craft poses a threat to national security. In fact, this rejection is arbitrary because on September 5, 2019, I sent a blanket and a hat, with the FBI approval, to a legal contact even after the addition of the prohibition to my SAMs. There was no security threat on September 5th with the previous package, so it is unreasonable to ascribe to this latest hobby craft package anything different. I ask, respectfully, for this prohibition to be reconsidered and to be allowed to mail hobby craft to my attorneys.

I am including a copy of the rejection notice and the receipt for the previous package.

BP-229 Response

Case Number: 999331-F1

Your Request for Administrative Remedy dated December 2, 2019 and received in the Administrative Remedy office December 5, 2019, has been reviewed. Specifically, you claim that you recently attempted to send a package containing hobby craft items to your attorney. You state that the package was denied pursuant to your Special Administrative Measures (SAM). You assert that the prohibition prevents you from developing a relationship with your attorney. You request that the prohibition on this type of communication with your attorney be reconsidered.

A review of the issue raised in your Request for Administrative Remedy has been conducted. The results of the review revealed that section 2.i of your SAM specifically states that you are "prohibited from sending any hobby craft or photographs via legal mail." Further, section 3.g. regarding non-legal mail states, "inmate is prohibited from sending any hobby crafts or photographs via non-legal mail." Accordingly, you are prohibited from sending these items to your attorney either as legal mail or as non-legal mail.

Your concerns regarding the imposition of the SAM restrictions were forwarded to the United States Attorney's Office for the District of Massachusetts (USAO/DMA), the Federal Bureau of Investigation (FBI), and the Office of Enforcement Operations (OEO) for review. Following review, it was determined that the SAM has been properly applied to under 28 C.F.R. § 501.3. The Federal Bureau of Prisons does not generate the SAM and does not have the authority to modify it. Any modifications regarding the contact restrictions contained in the SAM requires analysis, approval and concurrence from the USAO/DMA, FBI, and OEO.

Accordingly, this response to your request for Administrative Remedy is for informational purposes only. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

B. True, Complex Warden

1/7/20
Date

U.S. Department of Justice

Federal Bureau of Prisons

# Regional Administrative Remedy Appeal

999331

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Tsarnaev Dzhokhar A — LAST NAME, FIRST, MIDDLE INITIAL | 95079038 — REG. NO. | H — UNIT | ADX — INSTITUTION

**Part A - REASON FOR APPEAL**

Recently, a package of hobby craft that I attempted to send to my lawyer was denied because of an addition to the SAM that prohibits me to mail out hobby craft through "legal" or non-legal mail. I disagree with this addition to the SAM and the rejection of my package. I am allowed to have social interactions with my attorneys and this prohibition is designed to limit our interactions and hinder our ability to build a meaningful relationship necessary for me as a death-row inmate (see attachment)

1/21/20 — DATE

Dzhokhar Tsarnaev — SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY

CASE NUMBER:

---

**Part C - RECEIPT**

CASE NUMBER: 999331-R1

Return to: LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN

BP-230(13)
JUNE 2002

U.S. Department of Justice
Federal Bureau of Prisons
North Central Regional Office

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number:** 999331-R1

This is in response to your Regional Administrative Remedy Appeal received in this office on January 27, 2020, in which you object to the rejection of hobby craft materials you attempted to mail to your lawyer. For relief, you request an explanation as to why the books were rejected.

We have reviewed your appeal and the Warden's response dated January 7, 2020. A review of section 2.i of your SAM restriction specifically states you are, "prohibited from sending any hobby craft or photographs via legal mail." Also, section 3.g. regarding non-legal mail states, "inmate is prohibited from sending any hobby crafts or photographs via non-legal mail."

Furthermore, this rejection is supported by the restrictions of your Special Administrative Measures (SAMs). The United States Attorney General (USAG) may impose SAMs if there is a substantial risk a prisoner's communications or contacts with persons could result in death or serious bodily injury to persons or substantial damage to property that would entail the risk of death or serious bodily injury to persons. These SAMs ordinarily may include housing the inmate in administrative detention and/or limiting certain privileges, including, but not limited to, correspondence, visiting, interviews with representatives of the news media, and use of the telephone, as is reasonably necessary to protect persons against the risk of acts of violence or terrorism. While the Bureau of Prisons (BOP) neither imposes nor rescinds SAMs, it implements the restrictions and can accommodate specific requests relating to the restrictions. Additionally, the BOP does not have the authority to modify your SAMs. As the Attorney General has determined your particular SAMs are necessary, they will not be removed or modified at this time and will remain in effect until such time the USAG determines they are no longer warranted. Accordingly, the institution's decision is supported.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

2/14/20
Date

J. E. Krueger, Regional Director

Received
FEB 27 2020
Admin Remedy Office

inmate's possession at the outset of the visit, may be discussed or reviewed by the inmate and the inmate's attorney during the visit.

i. None of the materials provided may include inflammatory materials, materials inciting violence, military training materials, or materials that may be used to pass messages from inmate to inmate, unless such materials have been precleared by the USA/DMA and FBI.

ii. The USA/DMA may authorize additional documents to be presented to the inmate. If any document not listed or described above needs to be transmitted to the inmate, consent for the transmission of the document may be obtained from the USA/DMA without the need to formally seek approval for an amendment to the SAM.

i. **Legal Mail**[6] - The inmate's attorney may not send, communicate, distribute, or divulge the inmate's mail, or any portion of its contents (legal or otherwise), to third parties, except when disclosure of the contents is necessary for the sole purpose of providing necessary legal services related to the inmate's post-sentencing proceedings -- and not for any other reason. The inmate is prohibited from sending any hobby crafts or photographs via legal mail.

In signing the SAM acknowledgment document, the inmate's attorney and precleared staff will acknowledge the restriction that only inmate case-related documents will be presented to the inmate, and that attorney and his or her staff are strictly prohibited from forwarding third-party mail to or from the inmate.

3. <u>Inmate's Non-legal Contacts</u>

a. **Non-legally Privileged Telephone Contacts -**

i. The inmate is only authorized to have non-legally privileged telephone calls with his immediate family members.[7]

---

[6] "Legal mail" is defined as properly marked correspondence (marked "Legal Mail") addressed to or from the inmate's attorney. All other mail, including that otherwise defined by the USMS/BOP/DF as Special Mail, shall be processed as "non-legal mail."

[7] The inmate's "immediate family members" are defined as the inmate's (USMS/BOP/DF- or FBI-verifiable) spouse, children, parents, and siblings. Requests for

interpreter/translator is readily available to contemporaneously monitor the communication/visit. Arranging for an interpreter/translator may require at least fourteen (14) days' advance notice.

iii. **Visit Criteria** - All non-legal visits shall be:

(1) Contemporaneously monitored by the USMS/BOP/DF and/or FBI, in a manner that allows such visits to be analyzed for indications the visit is being used to pass messages soliciting or encouraging acts of violence or other crimes, or to otherwise attempt to circumvent the SAM.

(2) Permitted only with a minimum of fourteen (14) calendar days' advance written notice to the USMS/BOP/DF facility where the inmate is housed.

(3) Without any physical contact. All such meetings shall be non-contact to protect against harm to visitors or staff.

(4) Limited to one adult visitor at a time. However, the FBI-verified children of the inmate may visit with a pre-approved adult visitor.

g. **Non-legal Mail** - Non-legal mail is any mail not clearly and properly addressed to/from the inmate's attorney and marked "Legal Mail" (incoming or outgoing). In addition to non-legal mail from the inmate's attorney, as discussed in subparagraph 2.h., non-legal mail is only authorized with the inmate's immediate family, U.S. courts, federal judges, U.S. Attorneys' Offices, members of U.S. Congress, the BOP, or other federal law enforcement entities. The inmate is prohibited from sending any hobby crafts or photographs via non-legal mail.

i. **General correspondence with limitations** - Correspondence is authorized only with immediate family members. The volume and frequency of outgoing general correspondence with immediate family members may be limited to three pieces of paper (not larger than 8 ½" x 11"), double-sided, once per calendar week to a single recipient, at the discretion of the USMS/BOP/DF. The identity and family member relationship to the inmate will be confirmed by the USMS/BOP/DF and FBI.

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

REQUEST — AUTHORIZATION TO MAIL INMATE PACKAGE

**REQUEST**

| Name of Inmate | Register No. | Institution |
|---|---|---|
| Dzhokhar Tsarnaev | 95079 038 | ADX MAX |
| Item(s) | | Value |
| Blanket, Hat | | |

I am requesting that the above items be sent from the Institution to the address specified. The item(s) are my personal property. Total value is as shown above. I understand that if I insure the property, the USPS will only indemnify the ACTUAL value of the property up to the amount of insurance purchased. I will provide sufficient postage stamps to cover the cost of mailing and all services requested. I have completed the mailing label, below.

Insure? YES (NO) Certify? (YES) NO Register? YES (NO) Return Receipt? (YES) NO

Inmate Signature: Dzhokhar Tsarnaev Date: 6/5/19

**APPROVAL**

The above inmate is authorized to ship the item(s) shown.

Signature of Authorized Staff: [signature] Date: 09/03/19

**PROCESSING**

Property indicated above was packed and sealed in the inmates presence.

Signature of Authorized Staff: [signature] Date: 09/03/19

Property indicated above was received and mailed on the date indicated. The following services were provided as requested above: (circle as appropriate)

Provided { 10 - 1¢ stamps / 9 .55 stamps

INSURED CERTIFIED REGISTERED–Number assigned

RETURN RECEIPT REQUESTED – YES NO Total Stamps Provided = $ used 10 - 1¢ stamps / 8 - .55 stamps

Mail Officer signature: Date

Returned 0 1 - .55 stamp

After mailing send copies of this form to : Original Mail Room, Copy – Inmate, R&D, Central File

USP LVN PRINTED ON RECYCLED PAPER BP-329(58) February 1984

FROM: Dzhokhar Tsarnaev Reg No. 95079038
Name

U.S. Penitentiary Max. P.O. Box 8500
Box or Street Address

Florence, CO 81226-8500
City, State and ZIP Code

mailed 9-5-19

Postage Stamps Here

TO: Jess Ghannam
1939 Divisadero, Suite 3
San Francisco, CA 94115



United States Government

**memorandum**

*United States Penitentiary*
*Administrative Maximum*
*Florence, Colorado 81226*

DATE: November 4, 2019

From: A. Oliver, Language Specialist

To: Tsarnaev, Dzhokhar #95079-038

SUBJECT: **Rejection of Outgoing Hobby Craft, Inmate Tsarnaev, Dzhokhar #95079-038**

The attached hobby craft marked by SIS staff as 19-95079038-0920-HC-052 has been denied by the FBI as it violates the provisions in the Special Administrative Measures (SAM). The SAM dated September 30, 2019, Notification of CORRECTION of Extension of Special Administrative Measures (SAM), para 2) Legal Mail ii) "You are prohibited from sending any hobby crafts or photographs via legal mail."

The hobby craft is being returned to you.

# Attachment 10
# Remedy Case #955065

*Tsarnaev v. Garland, et al.*,
No. 21-cv-00010-MEH (D. Colo.)

# FEDERAL CORRECTIONAL COMPLEX
# FLORENCE, COLORADO
# INFORMAL RESOLUTION FORM

*Notice to Inmate: Inmates have the responsibility to use this Program in Good Faith and in an Honest and Straightforward manner.*

Inmate Name: D[illegible] Tsarnaev Reg. No.: 95079-038

Unit: [illegible] Date: 8/16/18

NOTICE TO INMATE: Be advised, normally prior to filing a Request for Administrative Remedy, BP-229(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

1. State your complaint (single complaint or a reasonable number of closely related issues): I was [illegible] removed from Phase Two of the [illegible] to Phase One on the grounds that I attempted obtain extreme interpretations of [illegible] literature and "[illegible] radicalization of [illegible] [illegible] communications." [illegible]

   (If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page. You must also submit one copy of supporting exhibits, as exhibits will not be returned with the BP-229(13) response.)

2. State what resolution you expect: I respectfully request that [illegible] [illegible] Phase Two of the Program.

Inmate's Signature: [signature] Date: 8/16/18

Counselor's Signature: [signature] Date: 8/21/18

Department Involved: Unit team Date Assigned: ______ Due Date: ______

Department's Response regarding Complaint: You were removed from phase to according to policy. You were recommended to be removed by outside agencies not by the unit team and approved by Associate Warden.

Department Head Signature: [signature] Date: ______

Unit Manager's Review: [signature] Date: 8/28/18

Informally Resolved: ______ Date: ______

| | BP-8 ISSUED to Inmate | BP-8 RETURNED to Counselor | BP-9 ISSUED to Inmate | BP-9 RETURNED to Counselor | REMEDY CLERK |
|---|---|---|---|---|---|
| DATE | 8/13/18 | 8/21/18 | 9/1/18 | 9/19/18 | 9/19/18 |
| TIME | | | | | |
| COUNSELOR | [initials] | [initials] | [initials] | [initials] | [initials] |

Tsarnaev
95079038

I disagree with the decision to remove me from Phase II and the reasons provided.

To my knowledge, the FBI rejected four books, The Quran with Tafsir ibn Kathir part 12 of 30, part 13 of 30, part 14 and part 15 of 30, the justification for the denial being, "these interpretations of the Quran promoting violence."

I did not attempt to obtain these books. [illegible] I don't know who the sender was. I am allowed to receive books from SAMs approved individuals and from people who are not listed on my SAMs. I never requested that these books be sent to me, not by phone nor by letter. I ask that you review my [illegible] phone calls and letters and with the help of the FBI, you will determine that I never asked for these books. Don't punish me for something I have no control over.

The [illegible] rejected a letter I wrote [illegible]. The letter was rejected on the ground that it [illegible] encouraged and promoted violence against non-Muslims or anyone deemed to be non-believers. My letter does not in any way suggest that it is ever permissible to use violence against anyone. Nobody could reasonably conclude that the letter encourages or promotes violence. To be Muslim is not to promote violence. The rejection of my letter violates my rights under the First, Fifth, and [illegible] Amendments, and under the Religious Freedom and [illegible] Act.

Also, [illegible] the only letter I wrote that was ever rejected. I have [illegible] letter that was not rejected, so my communications are not [illegible] in radicalization.

I also believe that it is a violation of my rights to remove me from Phase Two without a hearing [illegible]

As a death row inmate, I respectfully request that you return me to Phase Two so I may speak to my family more than twice a month.

I have included a copy of my letter and a copy of the Book rejection.

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Tsarnaev, Dzhokhar, A (LAST NAME, FIRST, MIDDLE INITIAL) 95079038 (REG. NO.) H (UNIT) ADX (INSTITUTION)

**Part A- INMATE REQUEST**

I did not receive a satisfactory response to my Administrative remedy, so I am filing an appeal.

I was recently removed from Phase two of the Program and returned to phase one on the grounds that I attempted to obtain extreme interpretations of Islamic literature and "increased radicalization of inmate Tsarnaev's communications. I disagree with the decision to remove me from Phase two and the reasons provided. (see attachment)

9/14/18
DATE

Dzhokhar Tsarnaev
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

Received
SEP 19 2018
Admin Remedy Office

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

CASE NUMBER: 955065-F1

CASE NUMBER:

**Part C- RECEIPT**

Return to: LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

003

USP LVN

PRINTED ON RECYCLED PAPER

BP-229(13)
APRIL 1982

**BP-229 RESPONSE** **Case Number: 955065-F1**

Your Request for Administrative Remedy dated September 14, 2018, and received in this office September 19, 2018, has been reviewed. Specifically, you state you have been prevented from receiving books and a letter was rejected to your family member for extreme radical content. As a result, you were removed from Phase II. As relief, you request to be placed back in Phase II.

A review of the issues raised in your Request for Administrative Remedy has been conducted. The results of the review revealed your letter was recommended for rejection by the Federal Bureau of Investigation (FBI). The publications, The Quran with Tafsir Ibn Kathir part 12 of 30, part 13 of 30, part 14 of 30 and Rafsir Ibn Kathir part 15 of 30 were rejected by the Warden because the interpretations of the Quran within those incoming publications promoted violence. In respect to the letter you attempted to send to your sister, it was rejected/denied because it encouraged and promoted violence against non-Muslims and/or those deemed to be "kufar."

As a general matter, incoming publications are reviewed in accordance with the procedures set forth in Program Statement No. 5266.11, Incoming Publications and FLM 5266.11E, Incoming Publications. Likewise, Section 8(a), of your Special Administrative Measures (SAM), provide that you may generally have access to publications determined not to facilitate criminal activity or be detrimental to national security; the security, good order, or discipline of the institution; or the protection of the public. Each publication is reviewed and a determination of whether the publication may be provided to you is made by the Federal Bureau of Prisons (Bureau) in conjunction with the FBI. If a publication is determined not to be objectionable per Bureau policy and the SAMs, the publication will be provided to you. In the event the publication is determined to be detrimental to national security; the security, discipline, or good order of the institution or it might facilitate criminal activity; or the protection of the public, the publication will not be provided to you and you will receive a notice to that effect. Because of your recent activity, your removal from Phase II will not be changed at this time.

Accordingly, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

Andre Matevousian, Complex Warden

10/15/18
Date

# Attachment 11
# Remedy Case #970290

*Tsarnaev v. Garland, et al.*,
No. 21-cv-00010-MEH (D. Colo.)

FEDERAL CORRECTIONAL COMPLEX
FLORENCE, COLORADO
INFORMAL RESOLUTION FORM

*Notice to Inmate: Inmates have the responsibility to use this Program in Good Faith and in an Honest and Straightforward manner.*

Inmate Name: Dzhokhar Tsarnaev Reg. No.: 95079038

Unit: H Date: 2/11/19

NOTICE TO INMATE: Be advised, normally prior to filing a Request for Administrative Remedy, BP-229(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

1. State your complaint (single complaint or a reasonable number of closely related issues): I am not allowed to shower four days out of the week and this has taken a physical toll on my body and has been detrimental to my mental state (see attachment)

(If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page. You must also submit one copy of supporting exhibits, as exhibits will not be returned with the BP-229(13) response.)

2. State what resolution you expect: For the sake of my physical and mental health, I want to be able to shower every day of the week.

Inmate's Signature: Dzhokhar Tsarnaev Date: 2/11/19

Counselor's Signature: [signature] Date: 2/11/19

Department Involved: ______ Date Assigned: ______ Due Date: ______

Department's Response regarding Complaint: You were placed back to phase I after you received your incident report. All phase one inmate receive showers on Mon, wed, and Friday per the program statement. You will be considered for phase II after one year.

Department Head Signature: ______ Date: ______
Unit Manager's Review: [signature] Date: 2/11/19
Informally Resolved: ______ Date: ______

| | BP-8 ISSUED to Inmate | BP-8 RETURNED to Counselor | BP-9 ISSUED to Inmate | BP-9 RETURNED to Counselor | REMEDY CLERK |
|---|---|---|---|---|---|
| DATE | 8/13/18 | 2/11/19 | 2/12/19 | 3/5/19 | 3/5/19 |
| TIME | | | | | |
| COUNSELOR | [signature] | [signature] | [signature] | [signature] | [signature] |

([illegible]) Informal Resolution [illegible] 95079038

There is much insistance on inmate hygiene and cleanliness in the [illegible], and yet, on tuesdays, thursdays, saturdays and sundays I am forced to remain dirty. This, I have been made to suffer, for eight months with no relief in sight. For eight months, I have developed rashes on my body, acne and dry skin. My body is in hell. This cold and flu season has ravaged Colorado and H-unit, I've gotten sick and I fear I may get sick again. These air-borne viruses may attach themselves to me and as I am not able to wash them off, makes me susceptible. I am stressed. Not being able to shower has impeded my ability to fulfill a religious obligation; to keep my outer body clean. Essentially, being clean is a privilege in the H-unit and to remain dirty, sweaty, rash-ridden a punishment. Stop using the shower as a weapon. Stop making me feel less than. Stop jeopardizing my physical and mental health. Allow me to [illegible] my religious obligations. Stop the cruelty. Stop violating my [illegible] and let me shower daily, please.

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Tsarnaev, Dzhokhar, A — 95079038 — H — ADX
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

**Part A- INMATE REQUEST**

I disagree with the response regarding my complaint because it is not factual and entirely dismissive of the issues I have mentioned, so, I wish to appeal. First, I am including an attachment that indicates the real reason for my removal from Phase 2, let the record reflect that I also appealed that decision. My main issue is that I am not allowed to shower four days out of the week and this has taken a physical toll on my body and has been detrimental to my mental state. (see Attachments)

3/1/19
DATE

Dzhokhar Tsarnaev
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

Received
MAR 0 5 2019
Admin Remedy Office

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

CASE NUMBER: 970290-F1

CASE NUMBER:

**Part C- RECEIPT**

Return to:
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT:

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

PRINTED ON RECYCLED PAPER

BP-229(13)
APRIL 1982

Administrative Remedy – Tsarnaev 95079-038
(Attachment)

There is much insistance on inmate hygiene and cleanliness in the adx-handbook and yet, on tuesdays, thursdays, saturdays and sundays, I am forced to remain dirty. This, I have been made to suffer for eight months with no relief in sight. For eight months, I have developed rashes on my body, acne and dry skin. My body is in hell. I am stressed. Not being able to shower has impeded my ability to fulfill a religious obligation; to keep my outer-self clean. Essentially, being clean is a privelege in the H-unit and to remain dirty, sweaty rash-ridden, a punishment. Stop using the shower as a weapon. Stop making me feel less-than. Stop jeopardizing my physical and mental health. Allow me to fulfill my religious obligations. Stop this cruel and unusual punishment. Stop violating my rights and allow me to shower daily, please.

**BP-229 RESPONSE** **Case Number: 970290-F1**

Your Request for Administrative Remedy dated March 1, 2019, and received in the Administrative Remedy office March 5, 2019, has been reviewed. Specifically, you claim you are denied the opportunity to shower four days a week due to being placed back in Phase I. As a result, you request to shower daily.

A review of the issues raised in your Request for Administrative Remedy has been conducted. The results of the review revealed you received an incident report and were placed back into Phase I. This phase allows you to shower ever Monday, Wednesday, and Friday. If you move to Phase II you will be allowed to shower every day of the week. You were removed from Phase II due to your activity of communicating with your sisters, which violated the Special Administrative Measures (SAM), section 3, g, v. for "encouraging acts of violence or terrorism." You are assessed for Phase II approximately every six months in conjunction with team. In the meantime, on Sunday, Tuesday, Thursday, and Saturday you are able to utilize the sink in your cell to keep yourself clean to your standards.

Accordingly, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

Andre Matevousian, Complex Warden

3/14/19
Date

# Attachment 12
# Remedy Case #1008399

*Tsarnaev v. Garland, et al.*,
No. 21-cv-00010-MEH (D. Colo.)

U.S. Department of Justice

Federal Bureau of Prisons

# Regional Administrative Remedy Appeal

1008399

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Tsarnaev Dzhokhar | 95079038 | H | ADX-MAX
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A - REASON FOR APPEAL**

I disagree with the response I received, so I am continuing with my complaint. I receive a bi-annual team review and was found to have maintained clear conduct for six months. I have met all of the necessary criteria to be advanced to phase 2 of the program and yet, I am being denied Phase 2 and subjected to excessive punishment. My last incident report was a 300 series shot that resulted in the loss of commissary and visitation priveleges for one month. A 300 series shot should not warrant a loss of priveleges for an entire year. This is excessive and abusive and not according to policy. (see attachment)

3/24/20 — DATE

Dzhokhar Tsarnaev — SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE

CASE NUMBER:

**Part C - RECEIPT**

CASE NUMBER: 1008399-R1

Return to:
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN

BP-230(13)
JUNE 2002

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number:** 1008399-R1

This is in response to your Regional Administrative Remedy Appeal received in this office on April 6, 2020, in which you contend you have been arbitrarily denied advancement in to Phase II of the Special Security Unit at the Administrative Maximum Penitentiary (ADX) in Florence, Colorado. For relief, you request to be placed in Phase II.

We have reviewed your appeal and the Warden's response dated March 12, 2020. As indicated in the Warden's response, staff determined additional time was needed to assess your behavior and allow you the opportunity to meet the requirements of the program. You will be evaluated for placement in the Step-Down Unit at subsequent program reviews.

Based on the above information, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

5/6/20
Date

J. E. Krueger, Regional Director

RECEIVED
MAY 19 2020
ADX Warden's Office

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Tsarnaev Dzhokhar A | 95079038 | H | ADX
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A- INMATE REQUEST**

I receive a bi-annual team review and ~~was~~ was found to have maintained clear conduct for six months. I have met all of the necessary criteria to be advanced to phase 2 of the program and yet, I am being denied Phase 2 and subjected to excessive punishment. My last incident report was a 300 series shot that resulted in the loss of commissary and visitation priveleges for one month. A 300 series shot should not warrant a loss of priveleges for an entire year. This is excessive and abusive and not according to policy. Advance me to Phase 2. Thank you.

2/26/20
DATE

Dzhokhar Tsarnaev
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

Received
FEB 27 2020
Admin Remedy Office

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

CASE NUMBER: 1008399-F1

CASE NUMBER: 1008399-F1

**Part C- RECEIPT**

Return to:
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

003

USP LVN

PRINTED ON RECYCLED PAPER

BP-229(13)
APRIL 1982

BP-229 Response Case Number: 1008399-F1

Your Request for Administrative Remedy dated February 26, 2020, and received in the Administrative Remedy office February 27, 2020, has been reviewed. Specifically, you state you have been denied a move to Phase II, and wish to be considered due to maintaining six months of clear conduct. As relief, you request ADX management reconsider the decision.

A review of the issue raised in your Request for Administrative Remedy has been conducted. The results of the review revealed you have been denied placement into Phase II because additional time is needed to determine whether you can function with additional privileges without posing a risk to institutional security and good order; posing a risk to the safety and security of staff, inmates, or others, including yourself; and/or posing a risk to public safety. We encourage you to continue to participate in and complete all programs recommended by unit team; demonstrate positive behavior, including respectful and appropriate conduct towards staff and other inmates; and demonstrate positive overall institution adjustment to include, but not limited to, personal hygiene, and cell sanitation. You will be reviewed again for placement in the next phase, ordinarily six months from your current review, providing you continue to meet the eligibility requirements identified in Institution Supplement 5321.07(3)K, Special Security Unit.

Accordingly, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

B. True, Complex Warden

3/12/2020
Date

# FEDERAL CORRECTIONAL COMPLEX
# FLORENCE, COLORADO
# INFORMAL RESOLUTION FORM

***Notice to Inmate: Inmates have the responsibility to use this Program in Good Faith and in an Honest and Straightforward manner.***

Inmate Name: Dzhokhar Tsarnaev Reg. No.: 95079038

Unit: H Date: 1/31/20

NOTICE TO INMATE: Be advised, normally prior to filing a Request for Administrative Remedy, BP-229(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

1. State your complaint (single complaint or a reasonable number of closely related issues): I receive a bi-annual team review and was found to have maintained clear conduct for six months. I have met all of the necessary criteria to be advanced to Phase 2 of the program. I ask to be advanced to Phase 2.

   (If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page. You must also submit one copy of supporting exhibits, as exhibits will not be returned with the BP-229(13) response.)

2. State what resolution you expect: Advance me to Phase 2.

Inmate's Signature: D. Tsarnaev Date: 1/31/20

Counselor's Signature: [signature] Date: 1/31/2020

Department Involved: Date Assigned: Due Date:

Department's Response regarding Complaint: You were denied the last time due to not having 1 yr clear conduct. You will be re-evaluated when you are up for your next team.

Department Head Signature: Date:

Unit Manager's Review: [signature] Date: 2/12/2020

Informally Resolved: Date:

| | BP-8 ISSUED to Inmate | BP-8 RETURNED to Counselor | BP-9 ISSUED to Inmate | BP-9 RETURNED to Counselor | REMEDY CLERK |
|---|---|---|---|---|---|
| DATE | 1/29/2020 | 1/31/2020 | 2/13/2020 | 2/27/2020 | 2/27/20 |
| TIME | | | | | |
| COUNSELOR | [signature] | [signature] | [signature] | [signature] | [initials] |

# Attachment 13
# Remedy Case #1015585

*Tsarnaev v. Garland, et al.*,
No. 21-cv-00010-MEH (D. Colo.)

# FEDERAL CORRECTIONAL COMPLEX
# FLORENCE, COLORADO
# INFORMAL RESOLUTION FORM

***Notice to Inmate: Inmates have the responsibility to use this Program in Good Faith and in an Honest and Straightforward manner.***

**Inmate Name:** Dzhokhar Tsarnaev **Reg. No.:** 95079038

**Unit:** H **Date:** 4/1/20

**NOTICE TO INMATE:** Be advised, normally prior to filing a Request for Administrative Remedy, BP-229(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

**1. State your complaint (single complaint or a reasonable number of closely related issues):** [illegible] today, I have been on phase 1 for an entire year. It has just been announced that [illegible] is canceled for a [illegible]. If it is too dangerous for the [illegible] [illegible] escort me to the [illegible] [illegible] is (see [illegible])

**(If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page. You must also submit one copy of supporting exhibits, as exhibits will not be returned with the BP-229(13) response.)**

**2. State what resolution you expect:** Advance me to phase 2, to keep me safe from Covid-19.

**Inmate's Signature:** Dzhokhar Tsarnaev **Date:** 4/1/20

**Counselor's Signature:** [signature] **Date:** 4/3/2020

**Department Involved:** **Date Assigned:** **Due Date:**

**Department's Response regarding Complaint:** You were denied on your last review. You will be reconsidered six months from your last denial date.

**Department Head Signature:** **Date:**

**Unit Manager's Review:** [signature] **Date:** 4/9/2020

**Informally Resolved:** **Date:**

| | BP-8 ISSUED to Inmate | BP-8 RETURNED to Counselor | BP-9 ISSUED to Inmate | BP-9 RETURNED to Counselor | REMEDY CLERK |
|---|---|---|---|---|---|
| DATE | 4/1/2020 | 4/3/2020 | 4/9/2020 | 4/20/20 | 4/23/20 |
| TIME | | | | | CC |
| COUNSELOR | [signature] | [signature] | [signature] | [signature] | |

(Attachment) (Informal Resolution)

D. Tsarnaev
95079038
H-unit

certainly just as dangerous for them to escort me to the shower. Advance me to phase 2 so that I may shower daily and keep myself clean and safe, and so that I may call my family, in these dire times, more than twice. Otherwise, cancel the entire program system as it endangers my life during this pandemic. To deprive me of recreation, of fresh air, of sunlight is psychologically tormenting, I am asking for a daily shower in exchange.

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Tsarnaev Dzhokhar (LAST NAME, FIRST, MIDDLE INITIAL) 95079038 (REG. NO.) H (UNIT) ADX (INSTITUTION)

**Part A- INMATE REQUEST**

I have been on phase 1 for more than a year. I qualify for Phase 2 placement. Recreation and other programs have been suspended because of COVID-19. If it is too dangerous for the correctional staff to escort me to the ~~[illegible]~~ recreation yard it is certainly just as dangerous for them to escort me to the shower. Advance me to Phase 2 so that I may shower daily (see attachment)

4/17/20
DATE

Dzhokhar Tsarnaev
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

Received
APR 23 2020
Admin Remedy Office

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

CASE NUMBER: 1015585-F1

CASE NUMBER:

**Part C- RECEIPT**

Return to:

LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

PRINTED ON RECYCLED PAPER

BP-229(13)
APRIL 1982

75079038
H-unit

and keep myself clean and safe, and so that I may call my family, in these dire times, more than twice. Otherwise cancel the entire phase program system as it endangers my life during this pandemic. I am not allowed to shower four days out of the week and the days that I am allowed to shower, I am escorted by staff. This is a blatant disregard for my life. The BOP discourages cleanliness and weaponizes the shower. Cleanliness and hygiene is a right, not a privilege. Stop endangering my life and advance me to Phase 2.

**BP-229 Response** **Case Number: 1015585-F1**

Your Request for Administrative Remedy dated April 17, 2020, and received in the Administrative Remedy office April 23, 2020, has been reviewed. Specifically, you state you have been denied a move to Phase II, and wish to be considered due to maintaining six months of clear conduct. As relief, you request management reconsider the decision.

A review of the issue raised in your Request for Administrative Remedy has been conducted. The results of the review revealed you have been denied placement into Phase II because additional time is needed to determine whether you can function with additional privileges without posing a risk to institutional security and good order; posing a risk to the safety and security of staff, inmates, or others, including yourself; and/or posing a risk to public safety. We encourage you to continue to participate in and complete all programs recommended by unit team; demonstrate positive behavior, including respectful and appropriate conduct towards staff and other inmates; and demonstrate positive overall institution adjustment to include, but not limited to, personal hygiene, and cell sanitation. You will be reviewed again for placement in the next phase, ordinarily six months from your current review, providing you continue to meet the eligibility requirements identified in Institution Supplement 5321.07(3)K, Special Security Unit.

Accordingly, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

B. True, Complex Warden

5/14/2020
Date

# Attachment 14
# Remedy Case #1032017

*Tsarnaev v. Garland, et al.*,
No. 21-cv-00010-MEH (D. Colo.)

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Tsarnaev, Dzhokhar, A — 95079038 — H — ADX
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

**Part A- INMATE REQUEST**

The BOP has enabled the Unit Manager, A. Tuttoilmondo, to discriminate against me repeatedly. She refuses to advance me to Phase 2 of the program, even though I have met all of the necessary criteria. The Unit Manager falsely claims that I haven't done any education programming. I am providing evidence to the contrary. I have two certificates of completion from Psychology Services, the most recent one dated, June 25, 2020. These classes were very much educational and beneficial. I am also currently engaged in an Elementary Arabic Course with Chaplain Dr. Shuayb. The Unit manager considers these accomplishments as worthless and without merit. (See attachment)

7/6/20
DATE

Dzhokhar Tsarnaev
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

Informally Resolved
Dzhokhar Tsarnaev
7/10/2020

Received
JUL 0 6 2020
Admin Remedy Office

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 1032017-F1

CASE NUMBER:

**Part C- RECEIPT**

Return to:
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT:

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Tsarnaev, Dzhokhar, A (LAST NAME, FIRST, MIDDLE INITIAL) 95079038 (REG. NO.) H (UNIT) ADX (INSTITUTION)

**Part A- INMATE REQUEST**

The BOP has enabled the Unit Manager, A. Tuttoilmondo, to discriminate against me repeatedly. She refuses to advance me to Phase 2 of the program, even though I have met all of the necessary criteria. The Unit Manager falsely claims that I haven't done any education programming. I am providing evidence to the contrary. I have two certificates of completion from Psychology Services, the most recent one dated, June 25, 2020. These classes were very much educational and beneficial. I am also currently engaged in an Elementary Arabic Course with Chaplain Dr. Shuayb. The unit manager considers these accomplishments as worthless and without merit. (See attachment)

7/6/20 (DATE)

Dzhokhar Tsarnaev (SIGNATURE OF REQUESTER)

**Part B- RESPONSE**

Received
JUL 08 2020
Admin Remedy Office

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

CASE NUMBER: 1032017-F1

CASE NUMBER:

**Part C- RECEIPT**

Return to: LAST NAME, FIRST, MIDDLE INITIAL / REG. NO. / UNIT / INSTITUTION

SUBJECT:

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

PRINTED ON RECYCLED PAPER

BP-229(13)
APRIL 1982

# FEDERAL CORRECTIONAL COMPLEX
# FLORENCE, COLORADO
# INFORMAL RESOLUTION FORM

***Notice to Inmate: Inmates have the responsibility to use this Program in Good Faith and in an Honest and Straightforward manner.***

Inmate Name: Dzhokhar Tsarnaev Reg. No.: 95079038

Unit: H Date: 6/29/20

NOTICE TO INMATE: Be advised, normally prior to filing a Request for Administrative Remedy, BP-229(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

1. State your complaint (single complaint or a reasonable number of closely related issues): The BOP has enabled the unit manager, A. Tuttoilmondo, to discriminate against me repeatedly. She refuses to advance me to Phase 2 of the program, even though I have met all of the necessary criteria. (see attachment)
(If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page. You must also submit one copy of supporting exhibits, as exhibits will not be returned with the BP-229(13) response.)

2. State what resolution you expect: I want to be [illegible] [illegible] to end and to be advanced to Phase 2.

Inmate's Signature: Dzhokhar Tsarnaev Date: 6/29/20

Counselor's Signature: [signature] Date: 7/1/2020

Department Involved: ______ Date Assigned: ______ Due Date: ______

Department's Response regarding Complaint: You were denied placement by the committee. You will be reviewed in 6 months per policy. Due to allegations of staff misconduct this has been forwarded for review

Department Head Signature: [signature] Date: ______
Unit Manager's Review: ______ Date: 7/2/2020
Informally Resolved: ______ Date: ______

| | BP-8 ISSUED to Inmate | BP-8 RETURNED to Counselor | BP-9 ISSUED to Inmate | BP-9 RETURNED to Counselor | REMEDY CLERK |
|---|---|---|---|---|---|
| DATE | 5/17/19 | 7/1/2020 | 7/2/2020 | 7-7-20 | 7/8/20 |
| TIME | | | | | |
| COUNSELOR | [signature] | [signature] | [signature] | [signature] | OC |

Attachment

Informal Resolution Form

D. Isarnaev
95079038
H-unit

The Unit Manager falsely claims that I haven't done any education programming. I am providing evidence to the contrary! I have two Certificates of Completion from Psychology Services, the most recent one dated, June 25, 2020. These classes were very much educational and beneficial. I am also currently engaged in an Elementary Arabic Course with Chaplain Dr. Shuayb. The unit manager considers these accomplishments as worthless and without merit. Under the same circumstances, other inmates have advanced to Phase 2. There are other inmates that have advanced to Phase 2 and Phase 3 without doing any programming at all. The unit manager is treating me, as she has done in the past, with prejudice, bias, and discrimination. Tuttoilmondo has made me a target. I am being psychologically tormented by her abusive and racist actions. I cannot sleep, I am stressed and I am anxious about future discriminatory actions against me. The BOP has failed to protect me and treat me fairly. I am asking for this abuse to stop.

# Attachment 15
# Remedy Case #1063686

*Tsarnaev v. Garland, et al.*,
No. 21-cv-00010-MEH (D. Colo.)

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JANUARY 7, 2021

FROM: ADMINISTRATIVE REMEDY COORDINATOR
FLORENCE ADMAX USP

1-11-21 JD

TO : DZHOKHAR A TSARNAEV, 95079-038
FLORENCE ADMAX USP UNT: H QTR: H01-106L
PO BOX 8500
FLORENCE, CO 81226

FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID : 1063686-F1 ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED : JANUARY 7, 2021
SUBJECT 1 : OTHER INSTITUTION PROGRAMS
SUBJECT 2 : DISCRIMINATION
INCIDENT RPT NO:

REJECT REASON 1: YOU MUST PROVIDE MORE SPECIFIC INFORMATION (E.G. CASE NO.) ABOUT YOUR REQUEST/APPEAL SO THAT IT MAY BE CONSIDERED.

REJECT REASON 2: SEE REMARKS.

REJECT REASON 3: YOU MAY RESUBMIT YOUR REQUEST IN PROPER FORM WITHIN 5 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS : PLEASE PROVIDE THE DATE THAT YOU WERE DENIED. ALSO, PLEASE PROVIDE THE DOCUMENTATION OF YOUR DENIAL.

**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Tsarnaev Dzhokhar (LAST NAME, FIRST, MIDDLE INITIAL) 95079038 (REG. NO.) H (UNIT) ADX (INSTITUTION)

**Part A- INMATE REQUEST**

Once again, the Unit Team denied my advancement into Phase Two despite the fact that I have done all that is required of me. There is no legitimate basis for this denial. This rejection is discriminatory, prejudicial, unfair and wrong. I have maintained clear conduct for more than eighteen months, I have committed to education programming, and I even work as the orderly, cleaning and maintaining the recreation yard. It is evident with this latest denial, that the criteria for me is different and that I am being held to a different standard than other inmates. Under the same circumstances, other inmates have been advanced to Phase Two. (see attachment)

1/4/21 DATE

Dzhokhar Tsarnaev SIGNATURE OF REQUESTER

**Part B- RESPONSE**

Received
JAN 07 2021
Admin Remedy Office

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 1063686-F1

CASE NUMBER:

**Part C- RECEIPT**

Return to: LAST NAME, FIRST, MIDDLE INITIAL REG. NO. UNIT INSTITUTION

SUBJECT:

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

002

BP-229(13)

(Attachment) Administrative Remedy

D. Tsarnaev
95079038

This denial, by the Unit Team and the Warden, is abusive and discriminatory. This denial has caused me a great deal of stress and mental torment. My right to fair and impartial treatment is violated. My right not to be discriminated against is being violated. I am deprived, unjustly, of rights and priveleges that are afforded to other inmates. There is no sign or indication that this abuse will stop in the next six months without the intervention of the Federal Court. I am asking for this abuse and discrimination to end, to be treated fairly and to be advanced to Phase Two.

Respectfully,
D. Tsarnaev

# FEDERAL CORRECTIONAL COMPLEX
# FLORENCE, COLORADO
# INFORMAL RESOLUTION FORM

***Notice to Inmate: Inmates have the responsibility to use this Program in Good Faith and in an Honest and Straightforward manner.***

Inmate Name: Dzhokhar Tsarnaev Reg. No.: 95079038

Unit: H Date: 12/22/20

NOTICE TO INMATE: Be advised, normally prior to filing a Request for Administrative Remedy, BP-229(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

1. State your complaint (single complaint or a reasonable number of closely related issues): Once again the Unit Team denied me advancement into Phase Two despite the fact that I have done all that is required of me. There is no legitimate basis for this denial. [illegible] unjustified, unfair and wrong. (See [illegible])

   (If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page. You must also submit one copy of supporting exhibits, as exhibits will not be returned with the BP-229(13) response.)

2. State what resolution you expect: I expect [illegible] the abuse and [illegible] to end and to be [illegible] Phase 2

Inmate's Signature: D Tsarnaev Date: 12/22/20

Counselor's Signature: [signature] Date: 12/22/20

Department Involved: ______ Date Assigned: ______ Due Date: ______

Department's Response regarding Complaint: You were denied placement into the next phase by the step down committee. This was due to security concerns. You will be re evaluated in 6 months

Department Head Signature: ______ Date: ______

Unit Manager's Review: [signature] Date: 12/23/20

Informally Resolved: ______ Date: ______

| | BP-8 ISSUED to Inmate | BP-8 RETURNED to Counselor | BP-9 ISSUED to Inmate | BP-9 RETURNED to Counselor | REMEDY CLERK |
|---|---|---|---|---|---|
| DATE | 12/18/20 | 12/22/20 | 12/23/20 | 1/5/2021 | 1-7-21 |
| TIME | | | | | |
| COUNSELOR | [initials] | [initials] | [initials] | [initials] | [initials] |

(Att... ...) Informal Resolution

D. Tsarnaev
95079038

I have maintained clear conduct for more than eighteen months I have completed education programming, and I even work as the orderly cleaning and maintaining the recreation yard. It is evident with this latest denial, that the criteria for me is different and that I am being held to a different standard than other inmates. Under the same circumstances, other inmates have been advanced to Phase Two. This denial by the Unit Team and [illegible] Warden is abusive and discriminatory. The denial has caused me a great deal of stress and mental torment. My right to fair and impartial treatment is violated. My right not to be discriminated against is being violated. I am deprived, unjustly of rights and privileges that are afforded to other inmates. There is no sign or indication that this abuse will stop in the next six months without the intervention of the Federal Court. I am asking for this abuse and discrimination to end, to be treated fairly and to be advanced to Phase 2.

Respectfully,

D. Tsarnaev

FEDERAL CORRECTIONAL COMPLEX
FLORENCE, COLORADO
INFORMAL RESOLUTION FORM

*Notice to Inmate: Inmates have the responsibility to use this Program in Good Faith and in an Honest and Straightforward manner.*

Inmate Name: Dzhokhar Tsarnaev Reg. No.: 95079038

Unit: H Date: 12\22\20

NOTICE TO INMATE: Be advised, normally prior to filing a Request for Administrative Remedy, BP-229(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

1. State your complaint (single complaint or a reasonable number of closely related issues): Once again the Unit Team denies my advancement into Phase Two despite the fact that I have done what is required of me. There is no legitimate basis for this denial. This [illegible] is [illegible] unjustified, unfair and wrong. (See [illegible])

(If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page. You must also submit one copy of supporting exhibits, as exhibits will not be returned with the BP-229(13) response.)

2. State what resolution you expect: I expect this abuse and [illegible] to end and to be [illegible] in Phase 2

Inmate's Signature: D. Tsarnaev Date: 12\22\20

Counselor's Signature: [signature] Date: 12/22/20

Department Involved: Date Assigned: Due Date:

Department's Response regarding Complaint: You were denied placement into the next phase by the step down Committee. This was due to security concerns. You will be re evaluated in 6 months

Department Head Signature: Date:
Unit Manager's Review: [signature] Date: 12/23/20
Informally Resolved: Date:

| | BP-8 ISSUED to Inmate | BP-8 RETURNED to Counselor | BP-9 ISSUED to Inmate | BP-9 RETURNED to Counselor | REMEDY CLERK |
|---|---|---|---|---|---|
| DATE | 12/18/20 | 12/22/20 | 12/23/20 | 1/5/2021 | 1-7-21 |
| TIME | | | | | |
| COUNSELOR | [initials] | [initials] | [initials] | [initials] | JD |

([illegible]) Informal Resolution

D. Tsarnaev
95079038

I have maintained clear conduct for more than eighteen months, [illegible] have completed [illegible] all programming, and I even work as the orderly, cleaning and maintaining the recreation yard. It is evident with this long denial, that the criteria for me is different and that I am being held to a different standard than other inmates. Under the same circumstances, other inmates have been advanced to Phase Two. This denial, by the Unit Team and [illegible] Warden is abusive and discriminatory. It has caused me a great deal of stress and mental torment. My right to fair and impartial treatment is violated. My right not to be discriminated against is being violated. I am deprived [illegible] of rights and privileges that are afforded to other inmates. There is no sign or indication that this abuse will stop in the next six months without the intervention of the Federal Court. I am asking for this abuse and discrimination to end, to be treated fairly and to be advanced to Phase 2.

Respectfully,

D. Tsarnaev

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

# REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Tsarnaev Dzhokhar (LAST NAME, FIRST, MIDDLE INITIAL) 95079038 (REG. NO.) H (UNIT) ADX (INSTITUTION)

**Part A- INMATE REQUEST**

As per Rejection Reason 3, I am resubmitting my request. On December 22, 2020, the Unit Team, once again, denied my advancement into Phase Two despite the fact that I have done all that is required of me. There is no legitimate basis for this denial. The Unit Team has failed to abide by procedure mandated by Prison Policy. The Unit Team is also abusing their discretion. This rejection is discriminatory, prejudicial, unfair and wrong. (see attachment)

1/15/21
DATE

D Tsarnaev
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

Received
JAN 19 2021
Admin Remedy Office

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

CASE NUMBER: 1063686-F2

CASE NUMBER:

**Part C- RECEIPT**

Return to:
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

PRINTED ON RECYCLED PAPER

BP-229(13)
APRIL 1982

(Attachment) Administrative Remedy

D. Tsarnaev
95079038

I have maintained clear conduct for more than eighteen months, I have committed to education programming, and I even work as the orderly - cleaning and maintaining the recreation yard. It is evident with this latest denial, that the criteria for me is different and that I am being held to a different standard than other inmates. Under the same circumstances, other inmates have been advanced to Phase Two. This denial, by the Unit Team and the Warden, is abusive and discriminatory. This denial has caused me a great deal of stress and mental torment. My right to fair and impartial treatment is violated. Please abide by the standard procedure mandated by Prison Policy, treat me fairly and advance me to Phase Two.

Respectfully,
D. Tsarnaev

# SPECIAL SECURITY UNIT PHASE CONSIDERATION

 December 22, 2020
DATE

 TSARNAEV, DZOKHAR A.
INMATE NAME

 95079-038                         H
REGISTER NUMBER          UNIT

 December 2020
MONTH REVIEWED

☐     You have been approved for placement in the next Phase within the Special
      Security Unit.   Your Unit Manager will provide you with more details regarding
      this placement.

X     You have been denied placement into Phase II because additional time is
      needed to determine whether you can function with additional privileges without:
      posing a risk to institutional security and good order; posing risk to the safety and
      security of staff, inmates, or others, including yourself; and/or posing a risk to
      public safety.   We encourage you to continue to participate in and complete all
      programs recommended by the unit team; demonstrate positive behavior,
      including respectful and appropriate conduct towards staff and other inmates;
      and demonstrate positive overall institution adjustment to include, but not limited
      to, personal hygiene, and cell sanitation.   You will be reviewed again for
      placement in the next Phase ordinarily six months from your current review,
      providing you continue to meet the eligibility requirements identified in Institution
      Supplement 5321.07(3) J, Special Security Unit.   You may appeal this decision
      by utilizing the Federal Bureau of Prisons' Administrative Remedy Program.

B. True, Complex Warden

**BP-229 Response** **Case Number: 1063686-F2**

Your Request for Administrative Remedy dated January 15, 2021, and received in the Administrative Remedy office January 19, 2021, has been reviewed. Specifically, you state you have been denied a move to Phase II, and the Unit Team is abusing their discretion. As relief, you request advancement to Phase II.

A review of the issue raised in your Request for Administrative Remedy has been conducted. The results of the review revealed you have been denied placement into Phase II, by the Phase Review Committee, because additional time is needed to determine whether you can function with additional privileges without posing a risk to institutional security and good order; posing a risk to the safety and security of staff, inmates, or others, including yourself; and/or posing a risk to public safety. We encourage you to continue to participate in and complete all programs recommended by Unit Team; demonstrate positive behavior, including respectful and appropriate conduct towards staff and other inmates; and demonstrate positive overall institution adjustment to include, but not limited to, personal hygiene, and cell sanitation. You will be reviewed again for placement in the next phase, ordinarily six months from your current review, providing you continue to meet the eligibility requirements identified in Institution Supplement 5321.08(3), Special Security Unit.

Accordingly, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

B. True, Complex Warden

2/8/21
Date

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Tsarnaev Dzhokhar A (LAST NAME, FIRST, MIDDLE INITIAL) 95079038 (REG. NO.) H (UNIT) ADX (INSTITUTION)

**Part A - REASON FOR APPEAL**

My administrative remedy was denied so I am continuing with my appeal. On December 22, 2020, the Unit Team, once again, for the third time, denied my advancement into Phase Two despite the fact that I have done all that is required of me. There is no legitimate basis for this denial. The Unit Team has failed to abide by Procedure mandated by Prison Policy. The Unit Team is also abusing their discretion. Prior to this December, 2020 rejection, I was rejected two other times: May. 2020 and June, 2020. This rejection is discriminatory prejudicial, unfair and wrong. (see attachment)

2/22/21 (DATE) D Tsarnaev (SIGNATURE OF REQUESTER)

**Part B - RESPONSE**

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE CASE NUMBER:

**Part C - RECEIPT**

CASE NUMBER: 1063656-R1

Return to: LAST NAME, FIRST, MIDDLE INITIAL / REG. NO. / UNIT / INSTITUTION

SUBJECT:

DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN

BP-230(13)
JUNE 2002

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number:** 1063686-R1

This is in response to your Regional Administrative Remedy Appeal received in this office on March 1, 2021, in which you contend the Step-Down Program Screening Committee is arbitrarily denying your advancement through the Step-Down Unit Program at the Administrative Maximum Penitentiary (ADX) in Florence, Colorado. For relief, you request to be treated fairly and advanced into Phase II.

We have reviewed your appeal and the Warden's response dated February 8, 2021. We find no evidence Step-Down Program Screening Committee reviews are conducted outside the scope of policy and are in accordance with Institutional Supplement FLM 5321.07(1)C, General Population and Step-Down Unit Operations. As indicated in the Warden's response, staff determined additional time was needed to assess your behavior and allow you the opportunity to meet the requirements for advancement into Phase II of the program. You will be evaluated for placement in the Step-Down Unit at subsequent program reviews.

Based on the above information, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

3-16-2021
Date

Barb von Blanckensee, Regional Director

RECEIVED
APR 06 2021
ADX AW Office