IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00010-MEH

DZHOKHAR TSARNAEV,

    Plaintiff,

v.

MERRICK GARLAND, Attorney General of the United States, and
B. TRUE, Warden of Florence ADMAX Facility,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court are Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6), ECF 32, and Defendants' Motion for Partial Summary Judgment. ECF 33. The Court issued an Order on these motions on March 7, 2022. ECF 48. That Order denied ECF 33 without prejudice as to Plaintiff's Claims One and Two, pending supplemental briefing. It also denied ECF 32 without prejudice, as to Claims One and Two, again pending supplemental briefing on the Motion for Partial Summary Judgment. Defendants filed their Supplemental Second Motion for Partial Summary Judgment (ECF 51), and the Court held oral argument on May 25, 2022. ECF 57. The Court finds that the record as supplemented requires summary judgment in Defendants' favor on the issue of exhaustion.

    The Plaintiff admitted in briefing and at the oral argument that he did not completely exhaust Claims One and Two. As was clarified at the oral argument conference, Plaintiff did not

use the opportunity to resubmit his appeals to the Central Office after their rejection for procedural defects.

Instead, his argument is that under *Ross v. Blake*, 578 U.S. 632 (2016), the Bureau of Prison's (BOP's) process for challenging a Special Administrative Measure (SAM) is not an "available" administrative remedy (as that term is used in the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)). Thus, he was excused from fully exhausting his claims. After studying the briefing, the oral argument, and the accompanying record supplied by Defendants, the specific questions I had, based on precedent, were whether (1) the BOP grievance process is an "available" administrative remedy for SAMs; (2) Plaintiff was afforded an avenue to appeal to the Attorney General of the United States; (3) the BOP's administrative remedy was capable of use to obtain relief; and (4) the BOP's administrative process operates a simple dead end, with officers unable to provide relief. The record as supplemented establishes that the BOP's administrative process for an inmate challenging his or her SAMs is sufficiently effective to require complete exhaustion by Plaintiff.

The record demonstrates that during the exhaustion process, three entities that have the ability to alter Plaintiff's SAMs (as they relate to national security) participated in the consideration of the requests for relief which are represented by Claims One and Two. Those were the FBI's National Joint Terrorism Task Force, the United States Attorney's Office, District of Massachusetts (the convicting office), and the Department of Justice's Office of Enforcement Operations. ECF 51-1 at ¶¶ 10, 17 (Decl. of Chris Synsvoll) ("Synsvoll Decl."). Of course, all three of these entities fall under the jurisdiction of the Attorney General, as does the BOP. Furthermore, inmates with SAMs have used this this process in fact to obtain modifications. *Id.* at

¶ 14. Finally, the BOP has authority itself to alter SAMs to the extent they do not concern national security but rather "issues of prison management and conditions of confinement." *Id.* ¶ 23.

For these reasons, Defendants' Motion for Partial Summary Judgment [filed October 29, 2021; ECF 33] and Second Motion for Partial Summary Judgment [filed March 24, 2022; ECF 51] are **granted** as to Claims One and Two. Defendants' Motion to Dismiss [filed October 15, 2021; ECF 32] is **denied without prejudice** as to Claims One and Two based on this ruling.

That leaves Claim Three of the Third Amended Complaint (ECF 11) regarding the restrictions placed on Plaintiff's ability to call telephonically or correspond in writing with his nieces and nephews brought in the form of a First Amendment violation as Plaintiff's only remaining claim. As discussed at the oral argument conference, Defendants shall file a partial answer with respect to Claim Three, which is due on or before **June 17, 2022**.

The stay is **lifted**, and discovery is opened regarding Claim Three. Defendants shall confer with Plaintiff about the drafting of a proposed Scheduling Order, and on or before **June 30, 2022**, Defendants shall file the proposed Scheduling Order onto the docket sheet and email a copy in editable Word format to Chambers. By that same deadline, Defendants shall report whether the parties want the Court to hold a Scheduling Conference before entering it.

Entered and date this 8th day of June, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge