IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00010-MEH

DZHOKHAR TSARNAEV,

    Plaintiff,

v.

MERRICK GARLAND, Attorney General of the United States,
FEDERAL BUREAU OF PRISONS, and
B. TRUE, Warden of Florence ADMAX Facility,

    Defendants.

---

**ANSWER TO CLAIM 3 IN THIRD AMENDED COMPLAINT (ECF No. 11)**

---

Defendants Garland, Federal Bureau of Prisons ("BOP"), and B. True (collectively, "Defendants") answer the remaining claim in Plaintiff's Third Amended Complaint. ECF No. 11.[1]

### A.  PLAINTIFF'S INFORMATION

Admit that Plaintiff Dzhokhar Tsarnaev, register number 95079-038, is a prisoner incarcerated at the United States Penitentiary, Administrative Maximum ("ADX"), P.O. Box 8500, Florence, CO 81226-8500.

### B. DEFENDANTS' INFORMATION

<u>Defendant Garland</u>: Defendants admit the informational allegations concerning

---

[1] The Court granted summary judgment as to Claims 1 and 2, which are not exhausted. ECF No. 58 at 2-3. The Court simultaneously directed Defendants to file an answer with respect to Claim 3. *Id.* at 3.

Defendant Garland.

<u>Defendant BOP</u>: Defendants admit the informational allegations concerning BOP.

<u>Defendant True</u>: Deny that B. True is the current Warden at ADX.[2] The mailing address for ADX is 5880 Highway 67 South, Florence, CO 81226.[3] Defendants admit the remaining informational allegations concerning the ADX Warden.

## C.  JURISDICTION

Defendants deny that jurisdiction is conferred for Plaintiff's official-capacity claims by *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

## D.  STATEMENT OF CLAIMS

### Claim 3:  First Amendment Right of Familial Association[4]

31. Because Plaintiff incorporates by references paragraphs 1 through 16, Defendants first answer those paragraphs that relate to Claim 3,[5] as follows:

> 1. Admit that Plaintiff is subject to Special Administrative Measures, or "SAMs," the terms of which speak for themselves. Admit that Plaintiff has a proclivity for violence. Admit that Plaintiff's current SAMs state: "Because of your proclivity for violence, on August 27, 2013, pursuant to 28 C.F.R. § 501.3, the Attorney General signed a memorandum directing the BOP to implement SAM to restrict your access to the mail, the media, the telephone, and visitors."

---

[2] ADX Warden A. Ciolli should be substituted for Defendant True. *See* Fed. R. Civ. P. 25(d).
[3] The remaining defendants have been dismissed from the case.
[4] Defendants answer only the familial-association subcomponent of Claim 3. Plaintiff dismissed the Eighth Amendment subcomponent of the claim, as well as Claims 4 and 7, procedural-due-process claims challenging the SAMs. *See* ECF No. 36 at 20. Any response to specific allegations in this answer is not intended to countenance the existence of any aspect of Claim 3, or any other claim, that has been dismissed.
[5] Any response to specific allegations in this answer is not intended to countenance the existence of any aspect of Claims 1 or 2, on which the Court granted summary judgment to Defendants.

2. Admit.

3. Admit.

4. Admit.

5. Admit that, since August 2013, Plaintiff has been subject to SAMs that have been renewed on an annual basis, the terms of which speak for themselves.

6. Paragraph 6 relates exclusively to Claim 1, which challenged the SAMs prohibition on Plaintiff's mailing his photograph outside the prison. Because the Court granted summary judgment to Defendants on that claim, no response is required.

7. Paragraph 7 relates exclusively to Claim 1, which challenged the SAMs prohibition on Plaintiff's mailing his photograph outside the prison. Because the Court granted summary judgment to Defendants on that claim, no response is required.

8. Admit that Plaintiff's non-legal mail is subject to review pursuant to his SAMs, the terms of which are contained in his SAMs and speak for themselves. Defendants further state that specific information concerning the manner in which the SAMs review is conducted is protected by the law-enforcement privilege.

9. Paragraph 9 relates exclusively to Claim 1, which challenged the SAMs prohibition on Plaintiff's mailing his photograph outside the prison. Because the Court granted summary judgment to Defendants on this claim, no response is required.

10. Paragraph 10 relates exclusively to Claim 1, which challenged the SAMs prohibition on Plaintiff's mailing his photograph outside the prison. Because the

Court granted summary judgment to Defendants on this claim, no response is required.

11.   Deny.

12.   Deny.

13.   Paragraph 13 relates exclusively to Claim 1, which challenged the SAMs prohibition on Plaintiff's mailing his photograph outside the prison. Because the Court granted summary judgment to Defendants on this claim, no response is required.

14.   Deny.

15.   Paragraph 15 relates exclusively to Claim 1, which challenged the SAMs prohibition on Plaintiff's mailing his photograph outside the prison. Because the Court granted summary judgment to Defendants on this claim, no response is required.

16.   Deny.

32.   Admit that Plaintiff's SAMs, the terms of which speak for themselves, were renewed in August 2017. Deny that the remaining allegations in paragraph 31 accurately reflect the terms of Plaintiff's current SAMs.

33.   Admit that Plaintiff's SAMs, the terms of which speak for themselves, were renewed in 2020. Deny that the allegation accurately reflects the terms of Plaintiff's current SAMs.

34.   Deny that Plaintiff's allegations accurately reflect the terms of his current SAMs. Admit that Plaintiff has requested that his SAMs be modified.

35.   Deny.

36. Deny.

37. Admit that Plaintiff is allowed to speak to his parents and sisters by phone at least twice per month. Admit that phone calls may be terminated.

38. The Eighth Amendment subcomponent of Claim 3 has been dismissed. Therefore, no response to this allegation is required.

39. Admit that Plaintiff's non-legal mail is subject to review pursuant to his SAMs, the terms of which are contained in his SAMs and speak for themselves. Admit that calls and mail with Plaintiff's nieces and nephews could be monitored. Deny that such monitoring suffices to address all security interests associated with those communications.

40. Deny.

41. Deny.

42. Deny that Plaintiff, an ADX inmate who killed and maimed hundreds in the Boston bombing, has an unfettered "right to associate with family members and engage in family relationships."

43. Deny.

44. Deny.

45. Deny.

## E. PREVIOUS LAWSUITS

Section E consists of Plaintiff's statements concerning previous lawsuits to which no response is required.

## F. ADMINISTRATIVE RELIEF

Defendants admit that there is a formal grievance procedure at the ADX.

Case 1:21-cv-00010-MEH   Document 59   Filed 06/17/22   USDC Colorado   Page 6 of 8

With regard to Plaintiff's conclusions of law concerning administrative exhaustion, no response is required. This Court has determined that Plaintiff did not exhaust Claims 1 and 2. Defendants have not raised the defense of failure to exhaust with regard to Claim 3, as Plaintiff appears to have construed it up to this point.

### G. REQUEST FOR RELIEF

Defendants do not respond to Plaintiff's requests for relief set forth in subparagraphs a., c., d., e., f., g., and h., which are not related to Claim 3. Defendants deny that Plaintiff is entitled to an order requiring Defendants "not to violate my right to familial association and to allow me to speak to my nieces and nephews by phone and to correspond by mail." *See* subparagraph b. To the extent Plaintiff may continue to seek "a permanent injunction ordering Defendant Garland to remove the SAMs from me and prohibiting Defendant Garland or future Attorneys General from re-imposing SAMs on me," *see* subparagraph i., Defendants deny that Plaintiff is entitled to that relief.

Defendants deny that Plaintiff is entitled to any other relief, including costs or attorney's fees..

**Any allegation contained in the Third Amended Complaint that has not already been expressly admitted, denied or otherwise responded to by Defendants is hereby denied.**

### DEFENSES

1. Plaintiff fails to state any claim for which relief can be granted.

2. To the extent Plaintiff may seek to construe Claim 3 differently as the case proceeds, the claim is barred in whole or in part by his failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a).

6

3.  Plaintiff's claim is barred in whole or in part under the Prison Litigation Reform Act because he did not suffer a physical injury.

4.  Plaintiff's claim is barred in whole or in part by his failure to comply with all requirements of the Prison Litigation Reform Act.

5.  Defendants may be entitled to sovereign immunity.

6.  This answer is filed based on Defendants' current knowledge of the facts after reasonable inquiry into Plaintiff's allegations in the Third Amended Complaint. Defendants reserve the right to amend this answer to plead any additional defenses that may be applicable, as they are revealed through discovery.

WHEREFORE, having fully answered the Third Amended Complaint, Defendants request that Plaintiff take nothing by this action, that the Third Amended Complaint be dismissed with prejudice, and that judgment be entered for Defendants, together with costs and such other relief as the Court deems appropriate in this case.

Respectfully submitted on June 17, 2022.

COLE FINEGAN
United States Attorney

s/ *Susan Prose*
Susan Prose
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Tel: (303) 454-0100
Email: susan.prose@usdoj.gov

Counsel for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on June 17, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

A. Powell
Senior Attorney Advisor
Federal Bureau of Prisons

I further certify that, on June 17, 2022, I directed personnel in the U.S. Attorney's office to mail the foregoing to Mr. Tsarnaev by U.S. Mail, addressed as follows:

Dzhokhar Tsarnaev
Reg. No. 95079-038
Florence Admax
U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 8500
Florence, CO 81226


s/ *Susan Prose*
Susan Prose
United States Attorney's Office